Your name: Raja Kannan

Address: 2443 Fillmore St #380-4406, San Francisco, CA 94115

Phone Number: 408-598-2595

Fax Number:

E-mail Address: raja.kannan@gmail.com

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
San Jose

Raja Kannan

Plaintiff(s),

vs.

Apple Inc

Defendant(s).

Case Number: CV 17 7305 HRL

Title of Document:

EMPLOYMENT DISCRIMINATION COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff RAJA KANNAN ("Plaintiff") alleges as follows:

**JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

1. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28U.S.C. § 1343, as an action arising under the laws of the United States; and under the provisions of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008 ("ADAAA"), as an action alleging disability discrimination; and

TITLE OF DOCUMENT: COMPLIANT; DEMAND FOR JURY TRIAL   CASE NO.: _____

1

1   under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as an
2   action of failure to promote me, failure to grant Apple's Restricted Stock Units on the basis of
3   disability. The jurisdiction of this Court is also invoked under the provisions of 28 U.S.C. § 1332
4   and 28 U.S.C. § 1441 and 1446, as the parties are citizens of different states and the amount in
5   controversy exceeds $75,000. This court has also jurisdiction over Plaintiff's supplemental state
6   law claims under 28 U.S.C. § 1367(a). Jurisdiction is also conferred on this Court by 42 U.S.C.
7   Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

2. Pursuant to Civil L.R. 3-2(d), this case should be assigned to the San Jose Division, as this case arises in Santa Clara County, California.

## PARTIES

3. Plaintiff at all relevant times has resided in Santa Clara County during his employment. Plaintiff was employed by Defendant Apple, Inc ("Defendant") at Defendant's Cupertino, California offices within the County of Santa Clara.

4. Plaintiff is informed and believes, and on that basis alleges, that at all times stated here in, Defendant has been a California corporation headquartered in Cupertino, California and doing business in Cupertino, California.

## ADMINISTRATIVE EXHAUSTION

5. On Apr 5, 2016, Plaintiff caused to be filed online with the California Department of Fair Employment and Housing ("DFEH"). a Charge alleging that Defendant discriminated against Plaintiff on the basis of Plaintiff's known relationship or association with his son with a known Autism disability and also because of the Defendant's perceived disability over the Plaintiff; Defendant failed to prevent discrimination..

TITLE OF DOCUMENT: COMPLIANT; DEMAND FOR JURY TRIAL   CASE NO.: _____

2

6. On May 10, 2016, the DFEH stamped on Plaintiff's Charge that it was received as of that date.

7. On May 10, 2016, California Department of Fair Employment and Housing ("DFEH") dual-filed by with the EEOC Plaintiff's aforementioned Charges against Defendant with the California Department of Fair Employment and Housing ("DFEH").

8. On or about December 27, 2016, the DFEH issued a DFEH Notice of Right-to-Sue in association with Plaintiff's aforementioned DFEH Complaint and a DFEH Notice of Right-to-Sue in association with Plaintiff's aforementioned DFEH Charge.

9. All administrative exhaustion requirements have been timely fulfilled as to Defendant and as to each cause of action.

## GENERAL ALLEGATIONS

10. Plaintiff began his employment with Defendant as SCM Build & Release Engineer on August 29,2011 at IC4 Job Level.

11. Plaintiff was offered a starting Base Salary of $118,000 and a grant of 400 Apple's Restricted Stock Units worth about $155,000 vesting over 4 years at the time of joining.

12. In the fall of 2013, Plaintiff interviewed for and was given an position on the team managed by Joseph Kotni. Mr.Kotni first met Plaintiff in August 2013 as part of interview process to join Mr.Kotni's team. Plaintiff informed Mr.Kotni that his son has a Autism and that he needed flexible working hours to provide care.

13. Mr.Kotni hired Plaintiff to join his team on November 4, 2013 and was given the title of IS&T Project Manager at the same IC4 Job Level when the Plaintiff joined. When the Plaintiff

TITLE OF DOCUMENT: COMPLIANT; DEMAND FOR JURY TRIAL   CASE NO.: _____

asked whether he could join with IC5 Job level, a one level promoted level from plaintiff's current level, Mr.Kotni's recruiter denied and told that Plaintiff could join only with Plaintiff's current IC4 level. There was no change in compensation and no grant of Apple's Restricted Stock units.

14. In September 2014, Plaintiff received his first performance review from Mr.Kotni, Plaintiff Salary was increased to $132,000 and was given a equipment bonus worth $1,587. There was no cash bonus nor any grant of Apple's Restricted Stock units and there was no promotion.

15. In September 2015, Plaintiff received his second performance review from Mr.Kotni, Plaintiff Salary was increased to $137,250 and was given a cash bonus worth $25,000. Even after 4 years, there was a grant of Apple's Restricted Stock units worth only just $3000 and there was still no promotion.

16. In September 2016, Plaintiff received his second performance review from Mr.Kotni, Plaintiff Salary was increased to $137,250 and was given a cash bonus worth $20,000. Even after 5 years at Apple, there was a grant of Apple's Restricted Stock units worth only just $3000 and there was still no promotion.

17. Mr.Kotni evaluated Plaintiff's performance based on the fact that Plaintiff's is not spending time at work rather than spending time to take care of Plaintiff's son's needs.

18. Mr.Kotni perceives that Plaintiff is Autistic too like Plaintiff's son due to the genetics which is why he thinks Plaintiff don't network with other team in the company as much as he wants it to be, because Autistic people are characterized by social-interaction difficulties which was one of the major complaint from Mr.Kotni during one of the annual performance reviews.

TITLE OF DOCUMENT: COMPLIANT; DEMAND FOR JURY TRIAL   CASE NO.: _____

18. Mr.Kotni treated Plaintiff unfavorably when compared to Plaintiff peers who are in a non-protected class due to the Plaintiff's association with his son who has disability.

19. Mr.Kotni granted Apple's Restricted Stock Units worth about $100,000 every year to Plaintiff's peers who are in a similarly situated position in a non-protected class who has similar performance ratings and even some with lower ratings than then Plaintiff's while Mr.Kotni was granting Plaintiff's only $3000.

20. Mr.Kotni continued to hire at least 3 new persons from 2015-2017 with higher job level (IC5) than the Plaintiff's current job level (IC4), Instead of using the opportunity to promote the Plaintiff, he would hire someone from outside and grant Apple Restricted Stock Units, continued to grant Apple Restricted Stock units year after year.

21. During the annual performance review in the last 3 year cycle,  Mr.Kotni would always rate the Plaintiff as  "Exceeded expectations" in "Innovation" category only, while none other peers in non-protected group under Mr.Kotni were never ever given that same rating in  that category which specifically tells me that Mr.Kotni forcibly  wanted to put me in a rating category year after year so that he doesn't have to grant Apple Restricted Stock Units similar to others for which  he rates others completely opposite to me in other categories. In sum, the lack of objective guidelines for rating employees show his discriminatory intent as pictured by the statistical pattern of the employee ratings that Mr.Kotni gives.

22.  Mr.Kotni, by not giving promotion and only granting $3000 worth Apple Restricted Stock Units, Plaintiff's overall compensation in-directly got reduced by -33% after the 4th year to the 6th year of work at the company   Mr.Kotni deliberately created the situation so that Plaintiff would be forced to quit and leave because no one wants to see their compensation getting reduced as the year progresses.

TITLE OF DOCUMENT: <u>COMPLIANT; DEMAND FOR JURY TRIAL</u>   CASE NO.: _____

23) No legitimate business reason existed justifying Defendant's decision to not to promote and for only granting very less worth Apple Restricted Stock Units.

## FIRST CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008)

24. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaints if fully set forth herein.

25. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

26. Defendant is a "covered entity" pursuant to 42 USC §12111(2); 29 CFR §1630.2(b).

27. Plaintiff was an "individual with a disability" pursuant to 42 U.S.C. §12102(1); 29 CFR §1630.2. More specifically, Plaintiff suffered from a disability situation that substantially limited one or more of Plaintiff's major life activities, Plaintiff had a record of having such a disability situation, and Plaintiff was regarded by Defendant as having such a disability situation..

28. At all relevant times, Plaintiff was a "qualified individual with known relationship or association with his son with a known Autism disability pursuant to 42 U.S.C. §12112(a); 29 CFR §1630.2(m). More specifically, Plaintiff who, either with or without reasonable accommodation, could perform the essential functions of Plaintiff's former position with Defendant and/or another vacant position.

29. Defendant's conduct in evaluating Plaintiff's performance because of Plaintiff's known relationship or association with his son with a known Autism disability as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112; 29 CFR §1630.4(a).

30. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff known relationship or association with his son with a known Autism disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

31. As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for emotional distress, humiliation, pain and suffering and loss of enjoyment of life.

32. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

33. As a result of Defendant's discriminatory conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and expert witness fees pursuant to 42 U.S.C.§ 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(k).

WHEREFORE Plaintiff prays for judgment as set forth below

**SECOND CAUSE OF ACTION**

TITLE OF DOCUMENT: COMPLIANT; DEMAND FOR JURY TRIAL   CASE NO.: _____

## (DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

34. Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

35. Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

36. Defendant was at all material times Plaintiff's employer within the meaning of California Government Code section 12926(d) and, as such, was barred from discriminating against Plaintiff in employment decisions and practices on the basis of Plaintiff's known relationship or association with his son with a known Autism disability pursuant to California Government Code §12940(a).

37. Plaintiff has been at all material times a qualified individual with a known relationship or association with his son with a known Autism disability, as Plaintiff who could perform the essential functions of Plaintiff's position, or another vacant position, with or without reasonable accommodation.

38. Defendant discriminated against Plaintiff because of Plaintiff's known relationship or association with his son with a known Autism disability by evaluating Plaintiff's performance and nor promoting because of Plaintiff's disability situation, Defendant's perception of Plaintiff as being a person with a disability, and because of Plaintiff's request for accommodation, all in violation of California Government Code §12940(a).

39. As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's known relationship or association with his son with a known Autism disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement opportunities, both past and future.

40. As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for emotional distress, humiliation, pain and suffering and loss of enjoyment of life.

41. Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

41. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated: ___December 26, 2017_____    Sign Name: _____

Print Name: ___RAJA KANNAN_____

TITLE OF DOCUMENT: COMPLIANT; DEMAND FOR JURY TRIAL    CASE NO.: _____

9



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 27, 2016

Raja Kannan
1057 Gaviota Terrace
Sunnyvale, CA 94085

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Number: 757291-220518
      EEOC Number: 37A-2017-00258-C
      Kannan / Apple Inc.

BY FAX

Dear Raja Kannan:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: Investigated and Dismissed – Insufficient Evidence. Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

**This is your Right to Sue notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Your complaint **is dual filed** with the United States Equal Employment Opportunity Commission (EEOC). You have a right to request EEOC to perform a substantial weight review of our findings. This request must be made within fifteen (15) days of your receipt of this notice. Pursuant to Government code section 12965, subdivision (d)(1), your right to sue may be tolled during the pendency of EEOC's review of your complaint. To secure this review, you must request it in writing to the State and Local Coordinator nearest you:

|   EEOC Northern California    |    EEOC Southern California    |
|:-----------------------------:|:------------------------------:|
| 1301 Clay Street, Suite 1170-N |      Roybal Federal Building      |
|      Oakland, CA  94612       | 255 East Temple Ste., 4th Floor |
|        (510) 637-3280         |      Los Angeles, CA  90012     |
|                               |         (213) 894-1100          |

You may file an appeal with DFEH which is a written request made to the District Administrator for reconsideration of the decision to close your case. Your appeal should include a 1) summary as to why you disagree with the reason; and/or, 2) any new

detailed information (e.g., documents, records, witness information) that supports your claim. If you appeal, the information you provide will be carefully considered.

Although DFEH has concluded that the evidence and information did not support a finding that a violation occurred, the allegations and conduct at issue may be in violation of other laws. You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct.

Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this. Please note that if a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

### Finding an Attorney
To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

### Filing in Small Claims Court
- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims. You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

*Monica Facio*

Monica Facio
Consultant I
(916) 585-7008
monica.facio@dfeh.ca.gov

cc:
    Page Bridges
    50 West San Francisco Street, 15th Floor
    San Jose, CA 95113