UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 5:17-cv-07305-EJD<br><br>**ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 13 |

Plaintiff Raja Kannan ("Plaintiff") filed this lawsuit against Defendant Apple Inc. ("Defendant"), alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and California Fair Employment and Housing Act ("FEHA"). Dkt. No. 1 ("Compl."). Defendant now moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the foregoing reasons, Defendant's motion is GRANTED.

## I. BACKGROUND

According to the allegations in the Complaint, Plaintiff began his employment with Defendant on August 29, 2011 as an SCM Build & Release Engineer, level IC4. Compl. ¶ 10. In the fall of 2013, Plaintiff internally interviewed for an IS&T Project Manager position with a team managed by Joseph Kotni. *Id.* ¶ 12. As part of the interview, Plaintiff disclosed that he had an autistic son and that he needed flexible working hours to provide care. *Id.* Plaintiff was offered the position at his same IC4 level and began work in this new position on November 3, 2014. *Id.*

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
1

¶ 13. Plaintiff alleges that he had asked whether he could start this position at the IC5 level, but Defendant declined this request. *Id*.

Over the course of the next few years, Plaintiff received some upward adjustments in his compensation, but was never promoted to the IC5 level. *Id*. ¶¶ 14-16. Nevertheless, Plaintiff alleges, Mr. Kotni did hire at least three external people between 2015-17 who were given a level of IC5 or higher. *Id*. ¶ 20. Plaintiff also alleges that Mr. Kotni purposefully gave him lower ratings in his internal reviews so that he would not receive as many Apple Restricted Stock Units ("RSU") as his peers. *Id*. ¶ 21. Plaintiff asserts that, cumulatively, these decisions resulted in a 33% reduction in compensation over what he otherwise would have been entitled to. *Id*. ¶ 22.

Plaintiff filed an administrative complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") on April 5, 2016. *Id*. ¶ 5. The DFEH marked his complaint as received and dual-filed it with the Equal Employment Opportunity Commission ("EEOC") on May 10, 2016. *Id*. ¶¶ 6-7. On December 27, 2016, the DFEH sent Plaintiff a right to sue letter. *Id*. ¶ 8. The letter notified Plaintiff that, should he file suit, "[t]he civil action must be field within one year from the date of this letter." DFEH Right to Sue Letter ("DFEH Letter"), Dkt. No. 1 at 10-12.

On December 26, 2017, 364 days later, Plaintiff filed the instant suit. Compl. In his Complaint, Plaintiff alleges two causes of action: (1) discrimination in violation of the ADA; and (2) discrimination in violation of the California FEHA. Compl. ¶¶ 24-41. Defendant responded with the instant motion to dismiss. Mot. to Dismiss ("MTD"), Dkt. No. 13.

**II.   LEGAL STANDARDS**

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction and may be either facial or factual. Fed. R. Civ. P. 12(b)(1); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When a defendant makes a facial challenge, as in this case, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Wolfe*, 392 F.3d at 362. Standing can be properly challenged through a Rule 12(b)(1) motion. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
2

Since standing is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Fed. R. Civ. P. 12(b)(6); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Defendant seeks to dismiss Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction on the theory that Plaintiff's ADA claim is time-barred and the Court lacks subject matter jurisdiction over the Plaintiff's remaining state law (FEHA) claim because the parties are not diverse. MTD. For the reasons discussed below, the Court agrees.

#### i. Plaintiff's ADA Claim is Time-Barred

A Title VII[1] plaintiff must file a charge with the EEOC within 180 days or with a state or local agency within 300 days after the allegedly discriminatory act before seeking federal adjudication of his claim. 42 U.S.C. § 2000e-5(b), (f)(1), (e)(1); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081-82 (9th Cir. 2006*); see also E.E.O.C. v. Farmer Bros. Co*., 31 F.3d 891, 899 (9th Cir. 1994). A plaintiff generally has 90 days to file suit in federal court after receiving an EEOC or state agency right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010). This 90-day filing period acts as a statute of limitations on an ADA claim. *Stiefel*, 624 F.3d at 1245 (quoting *Valenzuela v. Kraft*, 801 F.2d

---

[1] The ADA adopts the "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9." 42 U.S.C. § 12117(a).

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
3

1170, 1174 (9th Cir. 1986)).

Here, Plaintiff filed his Complaint on December 26, 2017, 364 days after the DFEH issued its right to sue letter. Compl. Thus, Plaintiff failed to file suit within the 90-day filing period and his ADA claim is time-barred. That the DFEH, not the EEOC, issued the right-to-sue letter is of no consequence. As the Ninth Circuit has explained, "where . . . a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided []he has received a right-to-sue letter from the appropriate state agency." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008).[2] This is because, under "Worksharing Agreements" between the EEOC and the DFEH (the "appropriate state agency" here), the DFEH was the agent for the EEOC "for the purpose of receiving . . . charges" and thus, "a charge filed with the DFEH 'is deemed to have been received by the EEOC on the same day.'" *See Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1244 (9th Cir. 2010). Thus, from the time Plaintiff received the right to sue letter from the DFEH on December 26, 2017, he was eligible to proceed with his ADA claim. This was sufficient to trigger the 90-day clock.

"[T]he 90-day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances." *Stiefel*, 624 F.3d at 1245 (quoting *Valenzuela*, 801 F.2d at 1174). "The purpose of the statute, the notice to defendant, and the diligence demonstrated by the plaintiff determine the availability of tolling[.]" *Valenzuela*, 801 F.2d at 1175.

Here, Plaintiff argues that the Court should equitably toll the statute of limitations to November 30, 2017, the date the DFEH responded to his second-level appeal. Opp. 4. Plaintiff offers no factual or legal basis, however, for tolling the 90-day limit based on this event. Nevertheless, the Court notes that other courts in this District have tolled the 90-day period based on other broader equitable considerations. *See, e.g.*, *Cha v. Kaiser Permanente*, No. C-14-4672-EMC, 2015 WL 3758287, at *7 (N.D. Cal. May 6, 2015) (tolling 90-day period based on DFEH letter to pro-se plaintiff which was "arguably ambiguous or misleading" because it "clearly

---

[2] Although *Surrell* was a Title VII case, "[t]he procedural analysis of *Surrell* applies to the instant suit under the ADA." *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010).

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
4

state[d] that [the plaintiff] ha[d] one year to file an action under California law, but sa[id] absolutely nothing about the relevant limitations period under Federal law"). However, Plaintiff does not make any factual allegations regarding whether these same principles apply here, such as whether and to what extent he diligently pursued his claim, whether and to what extent he could have been misinformed or mislead, and whether and to what extent he relied on any alleged misinformation. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2002) ("[E]quities favor a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency . . . ; and (4) was acting pro se at the time"), followed by *Cha*, No. C-14-4672-EMC, 2015 WL 3758287, at *6. Plaintiff also does not make any factual allegations regarding more general factors which could weigh in favor of equitable tolling. *See Valenzuela,* 801 F.2d at 1175 ("The purpose of the statute, the notice to defendant, and the diligence demonstrated by the plaintiff determine the availability of tolling[.]"). Accordingly, the Court must deny Plaintiff's request at this stage.

Because Plaintiff failed to file suit within the 90-day filing period, his ADA claim is time barred and DISMISSED, but WITH LEAVE TO AMEND to include factual allegations which would support equitably tolling the 90-day period, as appropriate.

### ii. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Remaining State Law Claim

Plaintiff's second cause of action, alleging violation of the California FEHA, is a state law claim. Thus, there is no federal question jurisdiction under 28 U.S.C. § 1331. In addition, according to the allegations in the Complaint, Plaintiff and Defendant are citizens of the same state. Compl. ¶¶ 3-4. Thus, there is no diversity jurisdiction under 28 U.S.C. § 1332. As such, the Court lacks original jurisdiction over Plaintiff's FEHA claim.

Plaintiff nevertheless argues that diversity jurisdiction exists because Plaintiff's family owns a home in New York. Opp. 5. Plaintiff also asserts that he currently lives in India. *Id*. However, none of these facts are alleged in the Complaint. Accordingly, the Complaint fails on its

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
5

face to establish that diversity jurisdiction exists. *Wolfe*, 392 F.3d at 362 ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."); *cf. Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). If Plaintiff wishes to pursue diversity jurisdiction on a theory that he is not a citizen of California, he must include these allegations in his complaint.

Because, as currently plead, the Court lacks original jurisdiction, his FEHA claim is DISMISSED, but WITH LEAVE TO AMEND to add allegations regarding diversity of citizenship, as appropriate.

### iii. Plaintiff's Supplemental Briefing Does Not Alter This Result

Plaintiff has also filed a supplemental brief, to which he attaches a copy of a right-to-sue letter which he received from the EEOC on February 28, 2018. Dkt. No. 21. The Court has considered Plaintiff's arguments and finds them unpersuasive. The Complaint makes no allegations regarding this new letter and Plaintiff makes no request for judicial notice; thus, it falls outside the Court's consideration for this motion to dismiss. *See Wolfe*, 392 F.3d at 362. Moreover, even if the Court were to consider it, it is of no consequence because, as discussed above, the DFEH Letter was sufficient to trigger the 90-day period. Accordingly, Plaintiff's supplemental briefing does not alter the Court's conclusions.

### B. Failure to State a Claim Under Rule 12(b)(6)

Because the Court has dismissed Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1), it need not reach Defendant's challenges under Rule 12(b)(6).

## IV. ORDER

For the reasons set forth above, Plaintiff's motion to dismiss is GRANTED. All claims in the Complaint are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed on or before May 10, 2018, and must be consistent with the discussion above.

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING APPLE INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
6

**IT IS SO ORDERED.**

Dated: April 19, 2018

_____
EDWARD J. DAVILA
United States District Judge