United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br>　　　　Plaintiff,<br>　　v.<br>APPLE INC.,<br>　　　　Defendant. | Case No. 5:17-cv-07305-EJD<br><br>**ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 39 |

Plaintiff Raja Kannan ("Plaintiff") filed this suit against Defendant Apple Inc. ("Defendant") under the American with Disabilities Act ("ADA") and the California Fair Employment and Housing Act ("FEHA"), alleging disability discrimination in the workplace. Presently before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Motion to Dismiss ("Mot."), Dkt. No. 39. For the reasons discussed below, Defendant's motion is GRANTED.

**I.　BACKGROUND**

The Court's first dismissal order sets forth the factual background of Plaintiff's claims. Order Granting Defendant Apple, Inc.'s Motion to Dismiss ("Dismissal Order"), Dkt. No. 33. The Court reviews allegations relevant to the instant motion below:

According to the allegations in the FAC, Plaintiff began his employment for Defendant on August 29, 2011 as a level IC4 SCM Build and Release Engineer. FAC, Dkt. No. 36, at ¶ 19. In 2013, Plaintiff interviewed internally for an IS&T Project Manager position. *Id.* ¶ 21. During the interview, Plaintiff disclosed that he had an autistic son and needed flexible working hours to

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
1

United States District Court
Northern District of California

1  provide care. *Id*. Plaintiff was offered the position at his same IC4 level and began working in
2  this new position on November 3, 2014. *Id*. ¶ 22. Plaintiff alleges that, because of his
3  relationship with his son, Defendant did not promote him from 2015 through 2017 and did not
4  grant him adequate Apple Restricted Stock Units ("RSU's"). *Id*.

Plaintiff filed an administrative complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH") on April 5, 2016. *Id*. ¶ 5. The DFEH received Plaintiff's complaint and dual-filed it with the Equal Employment Opportunity Commission ("EEOC") on May 10, 2016. *Id*. ¶ 6. On December 27, 2016, DFEH issued a right-to-sue letter. *Id*. ¶ 8. The letter informed Plaintiff that he had a right to sue under the FEHA but that "[t]he civil action must be filed within one year from the date of this letter." Dkt. No. 37-2. The letter also stated that that his "complaint [was] dual-filed with the [EEOC]." *Id*. Between December 2016 and November 2017, Plaintiff engaged in first and second level appeals at the DFEH; however, they were ultimately unsuccessful. *Id*. ¶¶ 8-14. On December 26, 2017, Plaintiff initiated the instant suit. *Id*. ¶ 8. On February 28, 2018, Plaintiff received a right-to-sue letter from the EEOC. Dkt. No. 37-5.

In his FAC, Plaintiff alleges two causes of action: (1) discrimination in violation of the ADA; and (2) discrimination in violation of the FEHA. *Id*.

## II. LEGAL STANDARDS

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction and may be either facial or factual. Fed. R. Civ. P. 12(b)(1); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When a defendant makes a facial challenge, as in this case, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Wolfe,* 392 F.3d at 362.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
2

(9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Defendant moves to dismiss Plaintiff's ADA claim under Rule 12(b)(1) on the theory that Plaintiff's claim is time-barred. Defendant rests its contention on the idea that "[a] plaintiff generally has 90 days to file suit in federal court after receiving an EEOC or state agency right-to-sue letter," which the Court recited in its previous Dismissal Order, based on the Ninth Circuit's interpretations of 42 U.S.C. § 2000e-5(f)(1) in *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) and *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008).[1] Because Plaintiff filed suit on December 26, 2017, more than 90 days after he received a right-to-sue letter from DFEH (December 27, 2016) and more than 90 days after he became eligible to receive a right-to-sue letter from the EEOC (November 6, 2016, which is 180 days after his charge was dual-filed with the EEOC on May 10, 2016), the Court found that Plaintiff's ADA claim was time-barred. Dismissal Order at 5.

However, after the Court issued its Dismissal Order, the Ninth Circuit decided *Scott v. Gino Morena Enters., Ltd. Liab. Co.*, 888 F.3d 1101 (9th Cir. 2018), which makes clear that the Court's previous application of § 2000e-5(f)(1) was incorrect. Section 2000e-5(f)(1) provides that:

> If a charge filed with the [EEOC] . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the

---

[1] In *Surrell*, the Ninth Circuit "h[e]ld that where, as here, a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided she has received a right-to-sue letter from the appropriate state agency." 518 F.3d at 1105. In *Stiefel*, the Ninth Circuit determined that "[a]fter receiving an EEOC right-to-sue letter or becoming eligible for one by the Commission's inaction, a plaintiff generally has 90 days to file suit" and observed that "'[t]he 90-day filing period is a statute of limitations.'" 624 F.3d at 1245 (quoting *Valenzuela v. Kraft*, 801 F.2d 1170, 1174 (9th Cir. 1986)).

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
3

> Commission has not filed a civil action under this section . . . , the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . .

In *Scott*, the Ninth Circuit clarified that because *Surrell* and *Steifel* were administrative exhaustion cases, their interpretations of 42 U.S.C. § 2000e-5(f)(1) were dicta as applied to its function as a statute of limitations. *Scott*, 888 F.3d at 1110. Interpreting 42 U.S.C. § 2000e-5(f)(1) *de novo*, the *Scott* court concluded that "§ 2000e-5(f)(1) plainly ties the 90-day period to the 'giving of [the right-to-sue] notice,' not eligibility for a right-to-sue notice." *Id*.

The facts of *Scott* illustrate this principle. The case involved a barbershop employee, Ms. Scott, who accused her former employer of sexual harassment and retaliation. *Id.* at 1104. On November 13, 2013, Ms. Scott filed a charge with the DFEH, who reviewed her charge and issued a right-to-sue letter 12 days later. *Id.* The right to-sue-letter asserted that Ms. Scott's DFEH charge was "dual-filed with the [EEOC]." *Id.* However, months passed, and Ms. Scott did not hear from the EEOC. *Id*. at 1105. On October 14, 2014, Ms. Scott contacted the EEOC and the EEOC confirmed that her claim with the EEOC "was being processed" and gave Ms. Scott a claim number. *Id*. On November 20, 2014, Ms. Scott sued her employer. *Id*. The EEOC then issued its right to sue letter on June 3, 2015. *Id*. In its opinion, the Ninth Circuit rejected Defendant's contention that Ms. Scott's lawsuit was time-barred. *Id*. at 1110. Although, under 42 U.S.C. § 2000e-5(f)(1), Ms. Scott became eligible to receive a right-to-sue letter from the EEOC on May 12, 2014—180 days from its dual-filing—the Ninth Circuit held that this did not trigger the 90-day clock. *Id*. Instead, the court reasoned, "the 90-day period for filing a Title VII action begins when the aggrieved person is given a right-to-sue notice by the [EEOC];" thus, Ms. Scott's 90-day period did not start until June 3, 2015. *Id*.

This case falls within the purview of *Scott*. As with *Scott*, the DFEH issued a right-to-sue notice to Plaintiff that informed him that his charges were "dual filed with the [EEOC]." *Id*. at 1105. Plaintiff, then, like Ms. Scott, became eligible to receive a right-to-sue letter from the EEOC 180 days from that filing date, but did not file suit within the following 90 days. Instead,

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
4

Plaintiff, like Ms. Scott, filed suit within 365 days of receiving his DFEH right-to-sue letter and received a right-to-sue letter from the EEOC after that. Because the Ninth Circuit found that Ms. Scott's 90-day period was only triggered by her actual receipt of a right-to-sue letter, the Court must also find so here. As such, Plaintiff's 90-day period was triggered on February 28, 2018, when he received a right-to-sue letter from the EEOC. Dkt. No. 37-5. Because he did not file his suit later than 90 days from that date, his ADA claim is not time-barred.

Defendant's attempts to distinguish *Scott* are not persuasive. Defendant argues that, unlike Ms. Scott, Plaintiff unreasonably delayed pursuing his EEOC right-to-sue notice for nearly two years. Dkt. No. 37-2 at 1. Defendant further states that Plaintiff was aware as early as May 10, 2016 that his charge had been dual-filed with the EEOC by the DFEH. Dkt. No. 37-2 at 1. Plaintiff was again informed on December 27, 2016 in the right-to-sue letter from the DFEH that his charge was dual filed with the EEOC. *Id*. Yet, Defendant argues, Plaintiff did not approach the EEOC until after Defendant filed its initial motion to dismiss in February 2018, whereas Ms. Scott contacted the EEOC prior to filing her lawsuit. Dkt. No. 48 at 3.

In *Scott*, the Ninth Circuit addressed the question of diligence. *Scott*, 888 F.3d at 1111. In responding to the concern that its holding would permit plaintiffs to unreasonably delay filing ADA lawsuits (i.e., that it would create an indefinite limitations period where the EEOC had not acted), the Ninth Circuit observed that "it becomes inequitable at some point for the employee to delay filing suit." *Id.* (*quoting Lynn v. W. Gillette, Inc.*, 564 F.2d 1282, 1287 (9th Cir. 1977)). Thus, existing doctrines, such as laches, provide the requisite check on a plaintiff's diligence. *Id.* Thus, a lack of diligence does not separate a plaintiff from *Scott*'s primary holding—the 90-day clock still starts when the EEOC issues a right-to-sue letter. *Id*. Instead, *Scott* appears to instruct that, when diligence is an issue, a court must then separately ask the question of whether equitable doctrines such as laches bar his ADA claim. *Id.*

Here, although it would have been preferable for Plaintiff to specifically follow up with the EEOC, it is not clear that his conduct rises to a level of inaction which would subject his claim to laches. Indeed, as Plaintiff points out, he was engaged with administrative resolution of his claim

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
5

during this period at least with the DFEH, pursuing both first and second level appeals between December 2016 and November 2017. *See* FAC ¶¶ 8-14. Plaintiff then filed suit the following month. Dkt. No. 1. All told, roughly three years had passed between Defendant's alleged ADA violations in 2013-14, FAC ¶¶ 22-23, and Plaintiff's filing his ADA claim. Further, Defendant was aware of Plaintiff's complaints as early as December 2016—when Plaintiff filed an internal complaint with Defendant's business conduct team, FAC ¶ 26—and it does not appear that it was unfairly surprised or otherwise disadvantaged by the timing of this lawsuit. Thus, taking all of these considerations together, this does not appear to be a case of "unexcused or unreasonable prejudicial delay" that would invoke laches. *E.E.O.C. v. Alioto Fish Co.*, 623 F.2d 86, 88 (9th Cir. 1980). Plaintiff cannot be distanced from *Scott* based on considerations of diligence.

In sum, *Scott* requires that, here, Plaintiff's 90-day clock be counted as starting on February 28, 2018, when he received a right-to-sue letter from the EEOC. Dkt. No. 43-8. As such, Plaintiff's claim is not time-barred and the Court cannot dismiss it for lack of subject matter jurisdiction under Rule 12(b)(1).

### B. Failure to State a Claim Under Rule 12(b)(6)

Defendant also moves to dismiss Plaintiff's claims under Rule 12(b)(6) because Plaintiff has failed to plausibly allege claims under the ADA or FEHA. Mot. 8-12. The FAC alleges that Defendant discriminated against Plaintiff based on (1) his association with his disabled son, and (2) a perception that Plaintiff may be disabled.[2] FAC ¶¶ 49, 58. In either case, Plaintiff alleges that Defendant discriminated against him by failing to promote him to IC5 and restricting his RSUs, and that, as a result, he "has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future." FAC ¶ 50. Defendant argues that, whether analyzed as a claim for failure to promote based on disability by association or perceived disability, Plaintiff has failed to allege a prima facie case of unlawful discrimination. Mot. 8-12.

Under the ADA, it is unlawful for an employer to "discriminate against a qualified

---

[2] Plaintiff concedes in his opposition that he is not contending that Defendant discriminated against him based on an actual personal disability. Dkt. No. 43 at 9.

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS

6

individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term 'discriminat[e]' includes . . . excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). "The term 'disability' means . . . a physical or mental impairment that substantially limits one or more major life activities of such individual . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Under the FEHA, it is unlawful for an employer "to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's physical or mental disability. Cal. Gov. Code § 12940(a). "[D]isability . . . includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics." Cal. Gov't Code § 12926(m).

In evaluating discrimination claims under both the ADA and FEHA, courts apply the *McDonnell Douglas* three-part burden-shifting framework. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 (2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (2000). Under this framework, the plaintiff must first establish a prima facie case of disability discrimination; the burden then shifts to the employer to demonstrate a "legitimate, nondiscriminatory reason" for the challenged action; and finally the burden shifts back to the plaintiff to prove that the employer's asserted reason is pretextual. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001).

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must prove that "(1) []he is disabled within the meaning of the ADA; (2) []he is a qualified individual able to perform the essential functions of the job with or without reasonable accommodation; and (3) []he suffered an adverse employment action because of her disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). To establish a prima facie case of disability discrimination under FEHA, a plaintiff must prove that: (1) he suffers from a disability;

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
7

(2) he is otherwise qualified to do his job; (3) he suffered an adverse employment action; and (4) the employer harbored discriminatory intent. *Avila v. Cont'l Airlines*, 165 Cal. App. 4th 1237, 1246 (2008). Because the FEHA provisions relating to disability discrimination are based on the ADA, the state and federal disability claims may be analyzed together in the absence of contrary or different law on a particular issue. *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 n.6 (9th Cir. 2001).

Here, Plaintiff has plausibly alleged some, but not all, of the required elements to make out a prima facie case of discrimination. The Court discusses each in turn.

### i. Disabled Person

As discussed above, the ADA and the FEHA cover not only persons who are actually disabled, but persons who are perceived to be disabled. *See* 42 U.S.C. § 12102(1); Cal. Gov't Code § 12926(m). They also cover persons associated with disabled persons. *See* 42 U.S.C. § 12112(b)(4); Cal. Gov't Code § 12926(m).

Plaintiff has adequately alleged this element. The FAC states that Defendant knew that Plaintiff had an autistic son, FAC ¶¶ 21, 26, and also that Defendant perceived that Plaintiff was autistic, FAC ¶¶ 25, 26. This is sufficient.

### ii. Qualified Individual

Under the ADA and FEHA, a qualified individual is one with a disability who, with or without reasonable accommodation, can perform the essential functions of the job. *Samper*, 675 F.3d at 1237; *Jackson v. Simon Prop. Grp., Inc.*, 795 F. Supp. 2d 949, 959 (N.D. Cal. 2011); *see also* 42 U.S.C. § 12111(8); Cal. Gov't Code 12940(a)(1). "Essential functions" are "fundamental job duties of the employment position . . . not including the marginal functions of the position." *Bates v. United Parcel Svc., Inc.*, 511 F.3d 974, 990 (9th Cir. 2007) (en banc) (internal quotation marks omitted). Courts consider, among other things, the employer's judgment as to what functions are essential, the amount of time spent performing the function, the consequences of not requiring the applicant or employee to perform the function, and the work experience of current and former employees. *Id.* at 991.

Taking the allegations in the FAC as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has not plausibly alleged that he was qualified for an IC5 position. The FAC contains allegations regarding the amount of time that Plaintiff worked as IC4 (FAC ¶ 19), as well as various ratings he received during annual performance reviews (FAC ¶¶ 24, 25, 29). However, none of this sheds light on what the "essential functions" of an IC5 engineer are, and whether or not Plaintiff could have performed these functions. For example, Plaintiff makes no specific allegations regarding the distinction between an IC5 and an IC4 engineer, and what specific abilities Plaintiff possessed such that he could satisfy the IC5 requirements. Accordingly, Plaintiff has failed to allege this element.

### iii. Adverse Employment Action

The Ninth Circuit "take[s] an expansive view of the type of actions that can be considered adverse employment actions" such that "a wide array of disadvantageous changes in the workplace constitute adverse employment actions." *Ray v. Henderson*, 217 F.3d 1234, 1240, 1241 (9th Cir. 2000). Denials of promotion, as well as compensation and other "privileges of employment" qualify as adverse employment action under the ADA and FEHA. *See* 42 U.S.C. § 12112(a); Cal. Gov't Code 12940(a).

Plaintiff alleges that he was passed over for promotion and denied RSUs. FAC ¶¶ 24, 25, 29, 31, 36-39. However, Plaintiff has not alleged that he actually ever applied for a promotion, nor has he alleged that he was in a position to otherwise receive RSUs. Accordingly, whether or not Plaintiff actually suffered an adverse action is speculative. Plaintiff has failed to allege this element.

### iv. Causal Nexus

Both the ADA and FEHA have causal nexus elements. Under the ADA, a plaintiff must show that he suffered the adverse employment action because of his disability. *Samper*, 675 F.3d at 1237; *see Head v. Glacier Northwest Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005) (The "ADA outlaws adverse employment decisions motivated, even in part, by animus based on a plaintiff's disability or request for an accommodation—a motivating factor standard."). Under the FEHA, a

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
9

plaintiff must show that the employer harbored discriminatory intent. *Avila*, 165 Cal. App. 4th at 1246; *see Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 342 (2008) ("An employer will be liable for intentional discrimination if it is shown that its employment decision was premised upon an illegitimate criterion.").

The specific contours of what Plaintiff must show to meet this element vary for each of his theories of discrimination (i.e., failure to promote based on disability by association and failure to promote based on perceived disability). *Cf. McDonnell*, 411 U.S. at 802 ("The facts necessarily will vary . . . and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations."); *Guz*, 24 Cal. 4th at 355 ("The specific elements of a prima facie case may vary depending on the particular facts."). The Court addresses each in turn.

Turning first to Plaintiff's theory of failure to promote based on perceived disability, courts have generally interpreted the causal nexus requirement in failure to promote or failure to hire cases to require evidence of some other circumstance suggesting a discriminatory motive, such as, for example, that the employer continued to seek applications from persons with comparable qualifications to the plaintiff. *See McDonnell*, 411 U.S. at 802 ("after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications"); *Millsaps v. Pinal Cty. Superior Court*, 494 F. App'x 821, 823 (9th Cir. 2012) ("the position remained open").

Plaintiff has not satisfied this requirement. For example, the FAC alleges that Defendant "continued to hire at least 3 new persons from 2015-2017, with higher job level [sic] (IC5) than Plaintiff's current job level (IC4)," and "[i]nstead of using the opportunity to promote the Plaintiff, he would hire someone from outside . . ." FAC ¶ 35. However, Plaintiff does not allege, for example, that he had similar qualifications to these other people. As such, whether Defendant passed up Plaintiff for these positions because of a perceived disability—as opposed to a lack of qualifications or some other non-discriminatory reason—is pure speculation.

Turning second to Plaintiff's theory of failure to promote based on his association with his

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
10

autistic son, courts have generally required, in discrimination by association cases, that a plaintiff show a causal connection between the adverse employment action and his association with a disabled person. *Austin v. Horizon Human Servs. Inc.*, No. CV-12-02233-PHX-FJM, 2014 WL 1053620, at *2 (D. Ariz. Mar. 19, 2014); *Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1085 (10th Cir. 1997). The standard for proving associational discrimination claim is an open question in the Ninth Circuit. *Bukiri v. Lynch*, 648 F. App'x 729, 731 n.1 (9th Cir. 2016) (collecting cases and listing tests adopted by other circuits, including "determining factor," "motivating factor," and whether a plaintiff's "case falls within one of three categories of cases encompassing [the] intended scope of [the] associational discrimination subsection" of the ADA).

Here, regardless of the precise standard employed, Plaintiff not sufficiently alleged a causal connection between his association with his son and Defendant's alleged failure to promote. For example, Plaintiff alleges that "Mr. Kotni also mentioned that he could see why the Plaintiff lacks the skill that it might be due to genetics similar to Plaintiff's son because autistic people are characterized by social-interaction difficulties." FAC ¶ 25. However, even construed favorably to Plaintiff, this at most shows that Defendant somehow imputed Plaintiff's son's disability to Plaintiff. It does not, however, tie this association to the adverse employment consequences that Plaintiff alleges. As such, Plaintiff fails to plausibly allege a causal nexus.

### v. Conclusion

For the foregoing reasons, Plaintiff has failed to plausibly allege the required elements of a prima facie case of discrimination under the ADA and FEHA. Accordingly, Defendant's motion to dismiss is GRANTED.

## C. Leave to Amend

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). The Court will grant leave to amend in this case, as it has not previously dismissed Plaintiff's claims under Rule 12(b)(6) and it

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
11

is not certain that amendment would be futile.

## IV. ORDER

For the reasons set forth above, Defendant's motion to dismiss is GRANTED. All claims in the Complaint are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed on or before August 31, 2018, and must be consistent with the discussion above.

**IT IS SO ORDERED.**

Dated: August 10, 2018

EDWARD J. DAVILA
United States District Judge

ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DISMISS
12