# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| RAJA KANNAN, | Case No.17-cv-07305-EJD (VKD) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING WITHOUT PREJUDICE APRIL 19, 2019 DISCOVERY LETTER BRIEF** |
| APPLE INC., | Re: Dkt. No. 84 |
| Defendant. | |

On April 19, 2019, plaintiff Raja Kannan unilaterally filed a discovery letter brief. Dkt. No. 84. This letter brief does not comply with the undersigned's standing order in multiple respects.

First, as is apparent from the caption of the document itself, the discovery letter brief is not a joint submission, despite the purported inclusion of Apple's position. Dkt. No. 84 at 1, 7–12. Apple's counsel did not sign the letter. *See id.* at 13. Mr. Kannan's letter appears to suggest that he objected to Apple's revisions to the statement of the dispute and therefore omitted it from his unilateral filing. *Id.* Mr. Kannan does not explain what—if any—efforts the parties made in attempt to resolve their disagreement concerning the statement of the dispute. Rather, Mr. Kannan seems to have decided that he would rather not wait any longer. As the standing order states,

> The Court expects the parties to cooperate in the preparation of the joint discovery letter so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission of the letter. The joint discovery letter must be signed by lead counsel. . . . Unjustified delay or refusal to participate meaningfully in . . . the preparation of the joint discovery letter may be grounds for entry of an order adverse to the delaying or non-participating party or other appropriate sanctions.

*Id.* The Courts expects all parties to fully participate in the joint discovery letter process. Failure

to do so is grounds for sanctions. If a party refuses to participate or unduly delays in the joint discovery letter process, then the opposing party may seek relief from the undersigned's standing order by filing a motion for administrative relief pursuant to Civil Local Rule 7-11, and if warranted, the Court may invite that party to make a separate motion for sanctions.

Second, Mr. Kannan's letter exceeds the word limit set in the Standing Order for Civil Cases for the statement of his position, which is limited to 1,500 words.

For the foregoing reasons, the Court DENIES Mr. Kannan's request for relief without prejudice to the parties submitting a joint discovery letter brief that fully complies with the Court's Standing Order for Civil Cases.

**IT IS SO ORDERED.**

Dated: April 20, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge