UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.17-cv-07305-EJD (VKD)<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER**<br><br>Re: Dkt. No. 83 |

On April 16, 2019, the parties filed a stipulation and proposed protective order, which was referred to the undersigned magistrate judge for review. Dkt. Nos. 83, 42.

The Court appreciates that the parties have cooperated on a proposed form of order to govern the use and exchange of confidential information in this case. However, some of the proposed protective order provisions appear to be inconsistent with the Civil Local Rules, guidelines, and other policies of this Court. Other proposed provisions are ambiguous and require clarification.

The Court denies the proposed protective order without prejudice. The Court outlines its concerns below and invites the parties to submit a revised proposed protective order.

1. <u>Definitions</u>:

The proposed order's definition of "Court" in paragraph 1.b does not clearly include any judge to whom motions or discrete proceedings (such as discovery disputes or settlement conferences) may be referred, short of assignment of the entire "Proceeding" (as that term has been defined by the parties). An appropriate definition of "Court" would be: "the United States District Court for the Northern District of California and its personnel." *See, e.g.*, Model Order

¶ 7.2(d).[1]

  2. <u>Ambiguous provisions</u>:

   a. The second sentence of paragraph 6 of the proposed order states: "The Parties may agree that the case name and number are to be part of the 'Confidential' designation." It is not clear to which case name or number the parties refer. Case names and numbers are generally part of the public record and therefore are not likely to be entitled to confidential treatment or protection such as sealing under Civil Local Rule 79-5. The parties may wish to omit or clarify this provision.

   b. The term "non-Designating Party" as used in paragraph 17 is ambiguous, as it might be read to include any party not expressly subject to the terms of the proposed order. The parties may wish to use "Receiving Party" (a defined term) instead, or further clarify this provision.

  3. <u>Dispute resolution provisions</u>:

   a. Any challenges to confidentiality designations or to the clawback of inadvertently produced privileged material are subject to the Court's discovery dispute procedures described in Judge DeMarchi's Standing Order for Civil Cases, available at https://cand.uscourts.gov/vkdorders. The proposed protective order should so state. The deadlines for initially conferring about challenges to designation objections as described in lines 5-12 on page 6 of the proposed order, which also appear in paragraph 6.2 of the Model Order, need not be modified. However, the deadlines described in lines 12-19 on page 6 of the proposed order, which also appear in paragraph 6.3 of the Model Order, should be modified to conform to the provisions of paragraphs 4.b and 4.c on pages 2–3 of the Standing Order.

   b. Paragraph 14 of the proposed order describes the obligations of non-parties who designate information as "Confidential" in the course of this action, but neglects to address any protections available to such non-parties. The proposed protective order should state that the

---

[1] All references to the Model Order are to the "Stipulated Protective Order for Standard Litigation," available on the Court's website at https://cand.uscourts.gov/model-protective-orders.

2

discovery dispute procedures described in Judge DeMarchi's Standing Order for Civil Cases apply equally to non-parties required to produce information or documents in this case. The proposed order should also include provisions and procedures similar to those in paragraph 9(a)-(c) of the Model Order to protect the interests of non-parties whose documents or information may be the subject of discovery in this case.

    4.  <u>Retention of jurisdiction</u>:

Paragraphs 22 and 23 of the proposed order provide for the Court's retention of jurisdiction to enforce, modify, reconsider, or otherwise rule over issues arising out of the proposed order. The Court generally does not retain such jurisdiction for this purpose following termination of the action.

The parties may either submit a revised proposed protective order that addresses the concerns noted above, or they may submit a joint discovery dispute letter in accordance with Judge DeMarchi's Standing Order for Civil Cases (in lieu of a noticed motion) that explains why the current proposed provisions should be adopted, notwithstanding the Court's concerns.

**IT IS SO ORDERED.**

Dated: April 22, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge