Todd K. Boyer, Bar No. 203132
todd.boyer@bakermckenzie.com
Caroline A. Pham, Bar No. 305080
caroline.pham@bakermckenzie.com
**Baker & McKenzie LLP**
660 Hansen Way
Palo Alto, CA  94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Attorney for Defendant
APPLE INC.

Karen E. Ford, Bar No. 88358
karen@fordslaw.com
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, CA 93921
Telephone:   831-250-6433
Facsimile:    831-250-6844

Attorney for Plaintiff
RAJA KANNAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RAJA KANNAN,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.  5:17-cv-07305-EJD<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br><br>Complaint Filed:  December 26, 2017<br>FAC Filed:          May 10, 2018<br>SAC Filed:         October 19, 2018 |
|---|---|

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1       Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# STIPULATION

**IT IS HEREBY STIPULATED** by and between Plaintiff RAJA KANNAN ("Plaintiff") on the one hand and Defendant APPLE INC. ("Apple") on the other, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding (United States District Court, Northern District of California, Case No. 5:17-cv-07305-EJD).

   b. "Court" means the United States District Court, Northern District of California, and its personnel.

   c. "Confidential" means any information (regardless of how it is generated, stored or maintained) or tangible things in the possession of a Designating Party that is privileged, protectable as a trade secret, or otherwise entitled to confidential treatment or protection under applicable law, including but not limited to Federal Rule of Civil Procedure 26(c).

   d. "Confidential Materials" means any Documents, Testimony, or Information, as defined below, designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

   e. "Designating Party" means the Party that designates Materials as "Confidential."

   f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

   g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

   h. "Information" means the content of Documents or Testimony.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

2   Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

    i.  "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

    j.  "Receiving Party" a party that receives Confidential Materials.

    k.  "Non-Party" a party that is not named as either a plaintiff or defendant in this Proceeding.

    l.  "Requesting Party" a party that seeks Confidential Materials in this Proceeding.

  2.  The protections conferred by this Stipulation and Order cover not only Confidential Materials (as defined above), but also (1) any information copied or extracted from Confidential Materials ; (2) all copies, excerpts, summaries, or compilations of Confidential Materials ; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Materials at trial shall be governed by a separate agreement or order.

  3.  The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that contains information that is privileged, protectable as a trade secret, or otherwise entitled to confidential treatment or protection under applicable law, including but not limited to Federal Rule of Civil Procedure 26(c).

  4.  The parties acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Each Party or non-Party to the Proceedings that designates information or items under this Stipulation and Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3  Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

The Designating Party must designate for protection only those parts of Documents, Testimony, or Information that qualify – so that other portions of the Documents, Testimony, or Information for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

6. Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced, or, for designations made by the Receiving Party, within 30 days of receipt of any Documents, Testimony, or Information. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4     Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

   c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

  7. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within 30 days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall, at the expense of the producing Party, promptly return or delete such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern.

  8. In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

5 Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Unless a prompt objection to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to object to a "Confidential" designation by electing not to mount an objection promptly after the original designation is disclosed. The Parties shall attempt to resolve each Designation Objection in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the Designation Objections. In conferring, the Challenging Party must explain the basis for its belief that the "Confidentiality" designation was not proper and must give the Designating Party an opportunity to review the designated Documents, Testimony, or Information, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. After engaging in the meet and confer process, if any dispute remains, the Designating Party may seek resolution in accordance with Paragraphs (b) and (c) of Judge DeMarchi's Standing Order. Counsel for the Designating Party shall have either 21 days from receipt of the written Designation Objections or 5 days from the parties' agreement that the meet and confer process will not resolve their dispute, whichever is later, to file a joint "Discovery Letter Brief" in accordance with Paragraph 4(c) of Judge DeMarchi's Standing Order. In addition, the Challenging Party may challenge a confidentiality designation at any time using the procedure set out in paragraph 4 of Judge DeMarchi's Standing Order if there is good cause for doing so. Frivolous designation motions or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Party to sanctions. Any motion brought pursuant to this section must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this section. Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden of persuasion on any Designation or challenge. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony,

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6                                Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

  a. the Plaintiff, Raja Kannan;

  b. the Court;

  c. (1) attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party; and (2) in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  d. those officers, directors, partners, members, employees and agents of all n Receiving Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  f. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  g. any deposition or non-trial hearing witness in the Proceeding to whom it is reasonably necessary to provide access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

7  Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      h.    mock jurors, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

      i.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

      j.    any mediator in the Proceeding whom it is reasonably necessary to provide access to Confidential Materials; provided, however, that each mediator given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

      k.    any other person that the Designating Party agrees to in writing.

10.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

8    Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

  a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

  b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

   i. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

   ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

13. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

14. Any Information that may be produced by a non-Party in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order. The Discovery Dispute Procedures described in Paragraph 8, apply equally to non-parties required to produce information or documents in this case.

  a. The terms of this Order are applicable to information produced by a non-Party in this action and designated as "Confidential." Such information produced by non-Parties in

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

9  Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

connection with this Proceeding is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

   b. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Materials in its possession, and the Party is subject to an agreement with the non-Party not to produce the non-Party's Confidential Materials, then the Party shall:

    i. promptly notify in writing the Requesting Party and the non-Party that some or all of the information requested is subject to a confidentiality agreement with a non-Party;

    ii. promptly provide the non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    iii. make the information requested available for inspection by the non-Party.

   c. If the non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-Party's Confidential Materials responsive to the discovery request.  If the non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-Party before a determination by the court. Absent a court order to the contrary, the non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Materials.

  15. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

10 Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a Receiving Party to any person other than in the manner authorized by this Stipulation and Protective Order, the Receiving Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party. Similarly, if a Receiving Party becomes aware of any person or entity not authorized access to Confidential Materials, accessing or potentially accessing Confidential Materials, the Receiving Party shall immediately inform the Designated Party of the unauthorized access.

18. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding the Parties shall comply with Civil Local Rule 79-5 Filing Documents Under Seal in Civil Cases. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a receiving Party may not file in the public record in this action any Confidential Material or Information derived from Confidential Materials. The Party seeking to file Confidential Materials in the public record shall comply with the procedures for filing documents under Seal as set forth in Civil Local Rule 79-5.

20. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

11                    Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

21. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Materials.

22. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order.

23. Upon written request made within 30 days after the settlement or other termination of the Proceeding, the undersigned Parties shall have 30 days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials.  For the avoidance of doubt, Plaintiff will not be required to return his personal employment records with Apple.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

12                                Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

IT IS SO STIPULATED.

Dated: April 23, 2019   Respectfully Submitted,

By: /s/ Todd K. Boyer
TODD K. BOYER
BAKER & McKENZIE LLP
Attorney for Defendant
APPLE INC.

Dated: April 23, 2019   Respectfully Submitted,

By: /s/ Karen E. Ford
KAREN E. FORD
Attorney for Plaintiff
RAJA KANNAN

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2019

HON. VIRGINIA K. DEMARCHI
United States Magistrate Judge

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

13   Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 2019, in United States District Court, Northern District of California, Case No. 5:17-cv-07305-EJD ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court, Northern District of California for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of ____, 2019, at _____.

By: _____

Address: _____

_____

Phone: _____

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

14   Case No 5:17-cv-07305-EJD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER