Todd K. Boyer, Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
660 Hansen Way
Palo Alto, CA  94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>     Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>     Defendant. | Case No.  5:17-cv-07305-EJD (VKD)<br><br>**DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE**<br><br>Complaint Filed:   December 26, 2017<br>FAC Filed:         May 10, 2018<br>SAC Filed:         October 19, 2018 |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1                                      Case No 5:17-cv-07305-EJD

DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE

Pursuant to Magistrate Judge Virginia DeMarchi's Interim Order (Dkt. 94), Defendant APPLE INC. ("Apple" or "Defendant"), by and through its respective counsel of record, hereby respectfully submits this statement of position on the outstanding discovery dispute for resolution as follows:

## I. STATEMENT OF THE DISPUTE

Plaintiff seeks the production of all of the documents identified by Apple in its initial disclosures and requested documents concerning the compensation of other workers reporting to the manager at Apple whom Plaintiff alleges discriminated against him.

### A. Apple's Position

The Second Amended Complaint ("SAC") asserts claims for disability discrimination, retaliation, violation of the Family Medical Leave Act and California Family Rights Act, and wrongful termination in violation of public policy. Specifically, Mr. Kannan alleges that his manager, Joseph Kotni, treated him differently with respect to his compensation, placement in the job classification structure, performance evaluations, and awards of Restricted Stock Units ("RSUs") because Mr. Kannan requested time off to care for his autistic son and because Mr. Kotni allegedly perceived Mr. Kannan as having a disability.

In support of his claims, Mr. Kannan alleges that he "belonged to APS group where there were 4 managers including Mr. Kannan. The other managers were similarly situated as to job duties and responsibilities . . . [but] treated much better than Mr. Kannan with respect to Job Level and compensation including bonuses and RSU grants." *SAC*, pg. 14, ¶43.[1]

Apple has a leveling scale for employees, where employees may be leveled from 1 to 5, with a Level 1 employee being the most junior with the least experience or qualifications, and a Level 5 employee having significant experience or qualifications in the particular role.[2] Employees also receive a designation as an "Individual Contributor" or "IC" or a Manager "MGR." Mr. Kannan was always employed at Apple as an IC Level 4, or "IC4." The employee compensation scale is

---

[1] Mr. Kannan incorrectly identifies himself and the others in his group as "Managers" when they were not classified as such by Apple.
[2] In certain positions, an employee may reach Level 6, however this Level is not applicable in this matter.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

2     Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE

different at each level.

Plaintiff's Request for Production of Documents Nos. 13, 14, 17-27, and 52 seek documents relating to the personnel records, job experience, job performance and compensation of all employees and independent contractors reporting to or supervised by Mr. Kotni, including but not limited to Siva Mukkara, Pankaj Rastogi, Sameer Khandekar, Amit Goyal, and Sundari Bitragunta, each of whom was employed as an IC5. These individuals did not perform the same job as Mr. Kannan and had a greater scope of responsibility, and as such they are not similarly situated and are not appropriate comparators.

In addition, although Mr. Kannan only reported to Mr. Kotni from November 2013 through April 2017, the requests either seek documents from 2011 until the present or contain no time limitation whatsoever. In response, Apple objected on the basis that the requested documents seek information that is outside the scope of discovery permitted by FRCP 26(b), particularly to the extent they seek documents outside of the applicable statute of limitations. Apple also objected to these requests on the basis and to the extent that the requests seek highly confidential information that is not at issue and that invades the privacy rights of Apple's employees who are not a party to this litigation. Records showing the salary, bonuses, and stock awards paid to other Apple employees are highly sensitive and confidential. Moreover, as Plaintiff and all of these employees are still employed by Apple, there is an even greater concern of violating their privacy rights by disclosing their compensation to another current employee without their consent. There is no feasible way to maintain the privacy rights of these employees because given that Mr. Kannan worked with these employees for years and would undoubtedly be able to discern their identities even if their personally identifying information is redacted.

Furthermore, the violation of these employees' privacy rights is not outweighed by the slight relevance of the requested documents. At his deposition, Mr. Kannan testified that he believed Mr. Kotni was trying to get rid of him by not giving him RSUs.

> Q. So you believed that Mr. Kotni was trying to get rid of you, by not giving you RSUs or - Is that correct?
>
> A. Yes. [Plaintiff's deposition transcript, pg. 197: 10-13.]

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3                                    Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE

Proving that Mr. Kannan's speculation was unfounded, Apple has produced documents showing that Mr. Kotni did in fact attempt to issue him RSUs during the relevant time period, but that Mr. Kotni's manager ultimately made the decision to remove Mr. Kannan's RSU allocation. It is therefore clear that Mr. Kotni did not treat Mr. Kannan differently by failing to issue him RSUs. Accordingly, documents relating to Mr. Kotni's awards of RSUs to comparator employees are of minimal relevance and do not outweigh the significant privacy concerns of current employees.

Apple has diligently worked to determine a feasible method to produce the requested documents while also maintaining the privacy of its employees. However, after extensive deliberation, Apple is unable to determine a reasonable solution given the sensitive nature and broad scope of Mr. Kannan's request for employee records, especially given that the individuals Mr. Kannan claims are comparators are currently employed by Apple.

Furthermore, given that Mr. Kannan is currently in India and the requested documents and data would likely be emailed to him by his counsel, who is located in California, Apple has significant data privacy concerns about the insecure transfer and storage of the requested documents and data to another country where it cannot be controlled and where there is no jurisdiction over any potential security breach or misuse. Notably, despite the privacy concerns at issue, at no time during the parties' meet and confer process has Mr. Kannan provided any compromise or suggested any solution to protect this sensitive information.

Apple also objected to the requests on the basis and to the extent Plaintiff seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. For instance, Request Nos. 13 and 14 seek documents relating to any "employee or independent contractor reporting to or supervised by Mr. Kotni from 2011 to the present." Clearly, the compensation of independent contractors are not reasonably calculated to lead to the discovery of admissible evidence. In addition, Mr. Kannan alleges that there were "at least 3 groups under Mr. Kotni and each group had different roles and responsibilities." *SAC*, pg. 14, ¶43. Documents related to employees reporting to Mr. Kotni in a different group than Mr. Kannan are also not reasonably calculated to lead to the discovery of admissible evidence. As these employees were not similarly situated to Mr. Kannan, they are not appropriate comparators and documents relating to their

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4  Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE

personnel records, performance reviews, and compensation are not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, Apple has produced documents it would rely upon in its case as part of its initial disclosures. With specific regards to documents relating to the alleged comparator employees, Apple produced the performance evaluations issued to these employees by Mr. Kotni during the same time period that Mr. Kannan reported to Mr. Kotni. Apple also produced records showing the compensation planning for Mr. Kannan's department during the time period that he reported to Mr. Kotni. Other than the documents produced thus far, there are no additional documents relating to other employees that Apple anticipates using in this litigation.

## II. PROPOSED RESOLUTION

As a compromise, Apple offered to produce the requested employee records for two employees employed Mr. Kotni's team as IC4s, in unredacted form, provided that they are designated "Highly Confidential - Attorneys' Eyes Only," meaning that no such documents can be transferred to Kannan himself. Although the current Protective Order would need to be amended to add the additional designation, Plaintiff has rejected any amendment claiming it would "delay production." On June 25, the same day as Apple made the compromise proposal, Apple sent revisions to the Protective Order based on the Northern District's Model Order, adding only the "Highly Confidential - Attorneys'; Eyes Only" designation. Plaintiff has rejected the proposed revisions, not because of the substance of the revisions to the Protective Order, but because Plaintiff does not believe that the any personnel documents should be considered Attorneys' Eyes Only. Thus, any delay with regard to the Protective Order is solely upon Plaintiff.

Plaintiff has rejected all of Apple's compromises and has not proposed any solution to protect ensure the privacy of the employees whose sensitive information is being sought. At no time has Plaintiff given any assurances of the adequate protection of the requested documents and information, including how it will be transferred, accessed, or stored. Apple therefore requests that the Court sustain Apple's objections to RFP 13, 14, 17 – 27.

//

//

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

5   Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE

Dated: July 3, 2019                                    BAKER & McKENZIE LLP

By: /s/ Todd K. Boyer
    Todd K. Boyer
    Caroline Pham
    Attorney for Defendant
    APPLE INC.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6                                  Case No 5:17-cv-07305-EJD

DEFENDANT APPLE INC.'S STATEMENT OF POSITION RE DISCOVERY DISPUTE