UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAJA KANNAN,

    Plaintiff,

v.

APPLE INC.,

    Defendant.

Case No. 17-cv-07305-EJD (VKD)

**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF'S DOCUMENTS REQUESTS TO APPLE**

Re: Dkt. Nos. 90, 100

Plaintiff Raja Kannan moves to compel the production of documents from defendant Apple, Inc. ("Apple") in support of his claims that Apple discriminated against him. Dkt. No. 90.[1] Apple objects that many of requested documents are not relevant to Mr. Kannan's claims and asserts that it has completed its production as to other requested documents. Dkt. No. 100.[2] The Court held a hearing on this dispute on July 9, 2019. Dkt. No. 103.

The Court grants in part and denies in part Mr. Kannan's motion to compel.

## I. BACKGROUND

Mr. Kannan brings this action against his former employer, Apple,[3] asserting the following claims: (1) discrimination based on perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (2) discrimination based on relationship to a

---

[1] Mr. Kannan submitted his arguments in support of his position in an attachment to an administrative motion. Dkt. No. 90 at 7–76.

[2] Apple submitted it arguments in support of its position in a separate statement, on the Court's order. Dkt. Nos. 94, 100.

[3] Mr. Kannan is no longer employed by Apple, Inc., but is employed by an Apple-affiliated company, Apple India Pvt. Ltd. in India. Dkt. No. 58 ¶ 71.

person with a disability in violation of the ADA; (3) retaliation in violation of the ADA; (4) discrimination based on perceived disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 et seq.; (5) discrimination based on association with a disabled person in violation of FEHA; (6) retaliation in violation of FEHA; (7) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.; (8) interference with rights in violation of the FMLA; (9) retaliation in violation of the FMLA; (10) violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; (11) interference with rights in violation of CFRA; (12) retaliation in violation of CFRA; and (13) wrongful discharge. Dkt. No. 58. With respect to his discrimination claims, Mr. Kannan contends that his manager, Joseph Kotni, discriminated against him with respect to compensation, awards of stock and bonuses, performance evaluations, and placement in Apple's job classification structure because of Mr. Kannan's role in caring for his autistic son and because Mr. Kotni regarded Mr. Kannan himself as having the same or similar disability. *See, e.g.*, *id.* ¶ 55.

Mr. Kannan moves to compel Apple to produce documents responsive to Requests for Production Nos. 13, 14, 17-27 and 57. *See* Dkt. No. 90 at 46–53, 68. These requests are directed to Mr. Kannan's efforts to discover evidence in support of his allegations that Mr. Kotni and Apple treated him less favorably than other employees who were similarly situated to Mr. Kannan in terms of knowledge, experience, job duties, and responsibilities, or whose qualifications and performance were inferior to Mr. Kannan's. Apple objects to producing most of the documents requested, although it has offered to make a limited production of documents to resolve this dispute. Dkt. No. 100 at 5.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court may also consider whether, for good cause shown, the discovery may be produced in a

manner that restricts its disclosure. *See* Fed. R. Civ. P. 26(c)(1); 37(a)(5)(C).

**III.  DISCUSSION**

**A.  Requests for Production Nos. 13, 14, 17-27**

Collectively, these requests seek compensation and personnel records for Mr. Kannan and for the other employees who reported to Mr. Kotni from 2011 to the present. Mr. Kannan also seeks the same information for independent contractors who reported to Mr. Kotni during the same period. *See* Dkt. No. 90 at 46 (Requests for Production Nos. 13, 14).

Mr. Kannan says this discovery is relevant to his claims because certain employees who reported to Mr. Kotni were similarly situated to him either because they had similar job responsibilities or were subject to the same compensation/stock award policies or both. Although Mr. Kannan did not begin reporting to Mr. Kotni until the fall of 2013, he seeks responsive documents for any employee or independent contractor who reported to Mr. Kotni from 2011 to the present.

Apple objects to this discovery on several grounds. First, Apple argues that the employees for whom Mr. Kannan seeks records were not similarly situated because they did not perform the same jobs and had greater responsibility, and therefore the discovery is not relevant to Mr. Kannan's claims.[4] The Court disagrees. Mr. Kannan explains that his claim is based in part on Apple's failure to assign him the job classification he deserved and promotion of less qualified employees to jobs with greater responsibilities than his. Ultimately, Mr. Kannan may not be able to demonstrate that all of the other employees who reported to Mr. Kotni were similarly situated, but for purposes of discovery, Mr. Kannan has articulated a reasonable basis for concluding that these employees' records are relevant to his disparate treatment discrimination claims, and the Court will permit this discovery.

Second, Apple objects that the discovery should not include records of independent contractors. At the hearing, Apple advised the Court that at most nine other employees reported to Mr. Kotni during the period of time Mr. Kannan also reported to Mr. Kotni, and that many more

---

[4] Apple invokes the outdated "not reasonably calculated to lead to the discovery of admissible evidence" standard, but the Court applies the current Rule 26 standard. Dkt. No. 100 at 4.

3

independent contractors also worked under Mr. Kotni. Mr. Kannan has not explained how the documents reflecting the compensation, job responsibilities, and performance evaluations of independent contractors are relevant to any of his discrimination claims. The Court will not permit this aspect of the requested discovery, as it is neither relevant nor proportionate.

Third, Apple objects that Mr. Kannan's document requests cover periods of time that are not relevant to his claims. Mr. Kannan reported to Mr. Kotni from the fall of 2013 through April 2017. Apple argues that discovery of other employees' records for periods of time before and after Mr. Kannan worked under Mr. Kotni is not relevant. Mr. Kannan responds that it is necessary to obtain records for a longer period of time, because the disparate treatment he experienced requires comparisons with employees who first began reporting to Mr. Kotni before Mr. Kannan did and with employees who continued to report to Mr. Kotni after Mr. Kannan left and/or were hired to replace Mr. Kannan. The operative complaint identifies four employees whom Mr. Kannan contends were similarly situated and yet treated more favorably than he was. Dkt. No. 58 ¶ 43. According to Mr. Kannan, one of these employees was hired in 2011, the same year Mr. Kannan also joined Apple. The Court concludes that discovery of Apple's treatment of employees who reported to Mr. Kotni before Mr. Kannan joined his group and after Mr. Kannan left is relevant to Mr. Kannan's disparate claims, even if that discovery encompasses pre- and post-liability periods, as such discovery may give a more complete picture of Apple's compensation, job classification, and performance evaluation decisions that bear on those claims. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 528 (N.D. Cal. 2012) (discussing authority for permissible use of pre-liability evidence in discrimination cases). Accordingly, the Court will permit discovery of responsive documents encompassing the period of time beginning January 1, 2011 through December 31, 2018.

Fourth, Apple objects that the discovery Mr. Kannan seeks includes sensitive personal information of Apple employees, and Apple objects to the disclosure of that information, especially to Mr. Kannan. Apple proposes to make a limited production of records for only two employees (neither of whom is among the four employees identified in the complaint) to Mr. Kannan's counsel only. Apple's privacy objection has substantial merit. The federal courts

4

recognize the interest employers and employees have in preserving the confidentiality of sensitive information contained in an employees' records. *See Nakagawa v. Regents of Univ. of California*, No. C06-2066 SI, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) (citing *Detroit Edison Co. v. Nat'l Labor Relations Bd.*, 440 U.S. 301, 319 n.16 (1979)). The Court must balance these privacy interests against Mr. Kannan's need to discover information about how Apple treated its other employees. *Id.*

The Court concludes that the appropriate balance here requires permitting Apple to produce *confidential employee-specific* records on an attorneys' eyes only basis. In other words, Apple may produce responsive records reflecting the personal and confidential information of other employees to Mr. Kannan's counsel, and Mr. Kannan's counsel may not share the contents of those records with Mr. Kannan. Mr. Kannan strongly objects to a production that does not permit him personally to access these records or know their contents, and he argues that such an order would interfere with his counsel's ability to effectively prosecute his case. The Court is not persuaded that Mr. Kannan himself requires access to the contents of compensation and personnel records of Apple's other employees. His counsel will have access to the information and may use it to prepare Mr. Kannan's case. Counsel may consult with Mr. Kannan about what to look for in the records that are produced, and nothing prevents counsel from advising Mr. Kannan of her evaluation and assessment of his claims or recommending a course of action, so long as she does not disclose the contents of the documents to Mr. Kannan. *See, e.g.*, *Nakagawa*, 2008 WL 1808902 at *3 (finding that privacy concerns may be addressed by a protective order).[5]

**B.    Request for Production No. 57**

Mr. Kannan asks Apple to produce all documents that Apple identified in its Rule 26 initial disclosures. Dkt. No. 90 at 68. Mr. Kannan says that Apple has produced some but not all of the documents identified in its initial disclosures, and has failed to produce at least the following

---

[5] As the general protective order entered in this case does not include a "second tier" of confidentiality, the parties may wish to stipulate to and request a modification of that order to specify the additional categories of people (e.g., expert witnesses) who may also have access to any confidential employee-specific records that Apple may choose to produce on an attorneys' eyes only basis.

category of documents: "Non-privileged documents related to the salary, bonus, and stock awards provided to employees similarly situated to Plaintiff." Dkt. No. 90 at 9, 73. Apple responds that it has produced performance evaluations issued to "comparator employees" for the time period Mr. Kannan worked for Mr. Kotni and "records showing the compensation planning for Mr. Kannan's department" during that same time period. Dkt. No. 100 at 5. Apple asserts that "there are no additional documents relating to other employees that Apple anticipates using in this litigation." *Id.*

Rule 26(a)(1)(A)(ii) requires a party to identify all documents a party *may* use to support its claims or defenses. Apple might be faulted for describing a category of documents in its initial disclosures that appears to be broader than the documents it has actually produced. However, the Court expects that the parties' dispute as to Request for Production No. 57 is moot, in view of the Court's resolution of their dispute as to the other document requests. Apple, of course, has a continuing duty to supplement its initial disclosures (and production of described documents) under Rule 26(e) if it determines that it may use additional documents beyond those it has already produced.

## IV. CONCLUSION

Accordingly, the Court orders Apple to produce documents responsive to Requests for Production Nos. 13, 14, 17-27, and 57, subject to the following limitations:

1. Mr. Kannan may not obtain discovery of documents relating to independent contractors;
2. The relevant time period is January 1, 2011 through December 31, 2018;
3. Mr. Kannan may obtain discovery of responsive documents relating to employees who reported to Mr. Kotni during the relevant time period; and
4. Apple may produce confidential employee-specific records on an attorneys' eyes only basis.

Apple must produce responsive documents consistent with this order no later than **July 18, 2019.**

///

///

**IT IS SO ORDERED.**

Dated: July 11, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge