Todd K. Boyer, Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
660 Hansen Way
Palo Alto, CA  94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No.  5:17-cv-07305-EJD (VKD)<br><br>**JOINT DISCOVERY LETTER BRIEF RE APPLE'S REQUEST TO COMPEL PLAINTIFF'S DOCUMENT PRODUCTION AND PRIVILEGE LOG**<br><br><br>Complaint Filed:　December 26, 2017<br>FAC Filed:　　　 May 10, 2018<br>SAC Filed:　　　October 19, 2018 |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

Case No 5:17-cv-07305-EJD

JOINT DISCOVERY LETTER BRIEF

## I.   STATEMENT OF DISPUTE

Through the submission of this Joint Statement, Defendant Apple Inc. ("Apple") is asking that Plaintiff Raja Kannan ("Plaintiff" or "Kannan") be ordered to produce all documents responsive to Apple's Request for Production of Documents Nos. 11, 12, 14, 15, 16, 18, 19, and 21.  Apple also requests that Plaintiff be ordered to produce all documents withheld on the basis of "litigation privilege" and "attorney-client privilege," outside of Plaintiff's communications with his attorney Karen Ford, on the basis that Plaintiff has waived any such objections by his undue delay of over 6 months to produce a privilege log.

## II.   POSITION OF THE PARTIES

### A.   Defendant's Position

#### 1.   Plaintiff Should Be Ordered to Produce All Documents Responsive To Apple's Request For Production Set One, Nos. 11 and 12.

On December 13, 2018, Apple served Request for Production of Documents ("RFP"), Set One on Plaintiff.  Apple's RFP Set One, Nos. 11 and 12 asked Plaintiff to produce all documents that he provided to or received from the California Department of Fair Employment and Housing ("DFEH") regarding the charges he filed against Apple.  Plaintiff did not produce any responsive documents in this matter until March 6, 2019, and even then, Plaintiff's production was deficient.

On April 8, 2019, counsel for Apple met and conferred with Plaintiff's counsel via telephone and advised that Plaintiff's production appeared to be missing several of his emails with the DFEH.  Upon the conclusion of the call, Plaintiff's counsel agreed to ask Plaintiff if there were any additional emails responsive to the request.  However, Plaintiff did not produce any additional documents between the parties' call on April 8 and the first day of Plaintiff's deposition on May 1.

At Plaintiff's deposition on May 1, it was evident from Plaintiff's testimony that he had not produced all of his original email correspondence with the DFEH, but instead simply produced a data dump of his DFEH file.  Apple requested that Plaintiff produce his complete correspondence with the DFEH and suspended the deposition pending Plaintiff's supplemental production.

On June 14, Plaintiff produced additional communications with the DFEH, which was still incomplete.  On June 26, 2019, counsel for Apple emailed Plaintiff's counsel regarding Plaintiff's

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

2                                    Case No 5:17-cv-07305-EJD

JOINT DISCOVERY LETTER BRIEF

failure to produce all email correspondence with the DFEH, and specifically noted that the attachments to emails were not produced.  Apple's sent a follow-up email on June 30 and on July 22 regarding the status of Plaintiff's production.

Even though Apple had already identified examples of the missing documents on June 26, Plaintiff's counsel again requested explanation regarding the missing documents on July 23 and Apple's counsel responded on August 1 to reiterate that Plaintiff had not produced attachments to his emails with the DFEH, for example Plaintiff's Bates Number KANNAN 1619-1621.  Despite these specific examples, Plaintiff's counsel emailed on August 26 *again* requesting Apple for "specific reference to the documents produced" that indicate a lack of production, in an apparent attempt to delay compliance.  *Again,* on September 5, counsel for Apple provided specific citations to examples where attachments were not produced, but Plaintiff still has not complied.

### 2.   Plaintiff Should Be Ordered To Produce All Documents Responsive To Apple's Request For Production Set Two, Nos. 14, 15, 16, 18, 19, and 21.

On June 26, 2019, Apple served RFP, Set Two on Plaintiff.  RFP Set Two, Nos. 14-16 seeks documents and text messages regarding Plaintiff and his family's move to India from August 29, 2011 through the present.  Apple's RFP Set Two, Nos. 18 and 19 seek documents relating to the development of any mobile, web or other software application by Plaintiff or his wife during Plaintiff's employment with Apple from August 29, 2011 through the present.  These documents are directly related to Plaintiff's claims that his supervisor, Joe Kotni, told him that he was not responsive enough to emails which Plaintiff claims was Mr. Kotni's perception that he was dealing with his son's medical issues or was at his son's medical appointments.  The fact that Plaintiff may have been working on applications directly or that his family was in India would directly contradict any claims that Plaintiff was non-responsive due to his son's medical condition.  Furthermore, the family's extended trips to India and the dates they permanently moved there contradicts Plaintiff's claims that he was forced to quit Apple and move to India.

Apple's RFP Set Two, Nos. 21 seeks all document relating to any application he submitted to another employer outside of Apple from August 29, 2011 through the present, which is related to Plaintiff's alleged damages and mitigation efforts.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3                                    Case No 5:17-cv-07305-EJD
JOINT DISCOVERY LETTER BRIEF

Plaintiff provided his responses to Apple's RFP Set Two on July 29, but did not produce any responsive documents.  On July 29, August 12, and August 13, counsel for Apple emailed Plaintiff's counsel regarding the status of Plaintiff's production, and on August 13, Plaintiff finally produced 40 pages of documents.

Thereafter, counsel for Apple emailed Plaintiff's counsel regarding the deficient production on August 13 and 21.  On August 22, 2019, the parties met and conferred via telephone to discuss Plaintiff's failure to produce documents relating to his family's move to India, the development of non-work-related software applications, and Plaintiff's job applications to other employers.  Although these documents are clearly related to this lawsuit, Plaintiff still has not produced responsive documents to these requests even though it has been *over one month* since Plaintiff provided his responses on July 29.

### 3.   Plaintiff, By His Failure to Produce A Log After Six Months, And Subsequent Production Of An Inadequate Log, Should Be Ordered to Produce All Documents Withheld.

As part of the parties' Rule 16 conference, Plaintiff demanded that Apple provide a privilege log for all documents withheld on the basis of any privilege, and the parties agreed that no log would be required for communications between each parties' respective counsel and client.

On August 22, during a telephonic meet and confer discussion regarding Plaintiff's lack of production related to Apple's RFP Set Two, Plaintiff's counsel advised *for the first time* that documents were not produced on the basis of the "litigation privilege" and that Plaintiff had been doing so since the commencement of discovery without producing a log.  Apparently, Plaintiff has been withholding documents on the basis of the "litigation privilege" without producing a privilege log as required under Federal Rule of Civil Procedure 26(b(5)(A).  Furthermore, although most of Apple's RFPs seek documents dated during Plaintiff's employment under Joseph Kotni's team and prior to Plaintiff's lawsuit, Plaintiff's counsel claimed that certain documents being withheld were covered under the "attorney-client privilege" because Plaintiff was self-represented for a period of time.

During the August 22 call, Apple immediately requested a privilege log.  Apple also sent follow-up emails on August 23, August 29, and September 3 requesting the privilege log for all

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

documents being withheld on the basis of privilege, with the exception of communications between Plaintiff and Plaintiff's counsel, Ms. Ford.  Plaintiff's counsel did not respond to these emails until September 3, wherein she indicated there were "so many documents" being withheld on the basis of privilege that "[t]he log will take a while to prepare.  You have said you want a log that includes anything that is covered by the litigation privilege.  In other words the privileged material from the time when Mr. Kannan represented himself.  That is taking some time but we will produce."  Counsel for Apple then reminded Plaintiff's counsel of the parties' stipulation that a log is not required for communications between Plaintiff and Ms. Ford, which significantly narrows the scope of the privilege log. Apple requested Plaintiff produce a privilege log by no later than September 6.

On September 13, Plaintiff served a "privilege log," (See Exhibit A) but resembled nothing of the sort, as it consisted of only 12 entries and lumped unknown quantities of documents into a multi-year date range such that it is impossible to tell how many documents are actually being withheld as shown below:

| date | author | recipient | description | privilege |
|---|---|---|---|---|
| 2011 to present | R Kannan | NA | contents of folder marked "case info" on Raja Kannan's laptop | work product, litigation privilege |

Plaintiff's privilege log is wholly inadequate.  As a preliminary matter, the plain language of Federal Rule of Civil Procedure 26(b)(5)(A)(ii) states that the privilege log must "describe the nature of the documents, communications, or tangible things…and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  Courts have held that "[t]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof."  *See Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-651 (E.D. Cal. 2010).

Plaintiff has failed to meet his burden of proving the applicability of the privilege.  *Id*. at 650.  Plaintiff's privilege log is so inadequate, that it is impossible to tell how many documents are

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

5

Case No 5:17-cv-07305-EJD

JOINT DISCOVERY LETTER BRIEF

being withheld, the basis for any privilege being asserted, or whether there are any exceptions to the privilege, and as such Plaintiff has waived any right to assert privilege.  *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ., 2017 U.S. Dist. LEXIS 14983 at \*27 (E.D. Cal. Feb. 1, 2017)*.

Given Plaintiff's failure to provide a privilege log after ***over 6 months*** since his initial production of documents on March 6, 2019, Plaintiff has waived any right to assert any type of privilege.

**B.      Plaintiff's Position**

There was no discussion concerning these specific requests for production as required by the standing order. There has been no communication at all concerning the format of the privilege log.

*Privilege Log*

Mr. Kannan represented himself throughput the DFEH process and a year of litigation. He prepared and filed his complaint (12/26/2017) first amended complaint (5/10/2018) and responded to multiple motions to dismiss with memoranda and declarations. Current counsel appeared 8/27/2018. During the extended pro se period Kannan did legal research, made research notes and prepared drafts. He consulted with attorneys other than his current counsel including discussing potential representation. He kept his notes and drafts of filings on the MacBook laptop computer used in his work with Apple which was backed up at least once per week to Apple's servers.  After Kannan's deposition in May 2019 Apple improperly searched the MacBook and the backups and discovered Kannan's folders containing the litigation materials. Apple already has copies of all the material created by Kannan.

In response to RFP's from Apple Kannan served responses stating objections based on work product and attorney client privilege and other privileges. See Exhibits B and C hereto. The only privileges Apple challenges are attorney client privilege and work product for the time Kannan was pro se.  Attorney client privilege applies to his communications with attorneys and work product applies to documents prepared by Kannan and his attorneys in the course of this litigation.[1] In 2018 Rule 26 discussions counsel for Kannan and Apple agreed that logs need not be produced for attorney client privilege and work product materials. Kannan (and Apple for that matter) did not produce

---

[1] FRCP 26(b)(5) expressly applies to material "prepared by a party".

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 5:17-cv-07305-EJD

JOINT DISCOVERY LETTER BRIEF

detailed privilege logs covering such material.  Apple requested a privilege log covering these materials for the first time on August 22 and it was produced less than a month later on September 13. Given the number of documents Plaintiff described the work product and attorney client documents by category and folder name on the MacBook and Apple's servers.[2] Copies of the documents provide a more than adequate basis for Apple to assess the validity of the claims of privilege. Apple has raised no issue as to any of the documents.

As to waiver, there is no per se rule that a privilege log produced late is a waiver of the claim of privilege. *Burlington Northern & Santa Fe Ry. Co. v. United States*, 408 F.3d 1142, 1149 (9th Cir.2005). Plaintiff timely stated objections on the grounds of work product doctrine in the written responses to each written discovery request. Under the circumstances, any delay in the log was not excessive and is understandable. There has been no communication between the parties concerning the content or format of the privilege log so the demand for a sanction is premature. Moreover, Apple already has copies and Kannan objects to having to copy and forward them in discovery. This would be burdensome and serves only to harass an individual engaged in litigation against a huge multinational corporation. As the Court held in *Burlington*, "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues" *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, F.3d 1142, 1149 (9th Cir. 2005).

*App development (Request 18 and 19)*

Plaintiff has produced documents concerning the only app that Kannan ever developed and it was developed for Apple. Plaintiff has repeatedly explained that he has not developed any other apps so there are no other records in response to Request 18.

As for the development of apps by Kannan's wife, this is irrelevant and an intrusion into her private business information. There is no justification related to this action for intruding into her private business matters. Thus, Plaintiff objects to producing any response to Request 19.

---

[2] The Advisory Committee notes to the 1993 amendments when the obligation to provide a log was added to the rules states "Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

*DFEH records (Requests 11, 12)*

Plaintiff has produced all e mails in his possession with the DFEH. Requests 11 and 12 did not seek communications with the DFEH but only the documents sent to the DFEH like complaints and completed questionnaires. All of this was produced on March 6. After Kannan's deposition in May, Apple attorneys suddenly began to ask for all the cover e mails with the DFEH. Plaintiff protested that this was not within the scope of the requests. However, in order to resolve the dispute, Plaintiff provided all of the e mail communications with the DFEH in his possession along with attachments on June 14. All the e mails and all the attachments in Plaintiff's possession have been produced. The cover e mails are of little or very limited value in this action. Also, Apple months ago requested and received the entire file directly from the DFEH. Apple introduced the entire DFEH file (118 pages) as Exhibit 10 in Kannan's deposition on May 1.

*Documents concerning the Plaintiffs decision to move to India (Requests 14 and 15)*

Apple misrepresents the nature of these requests. In Requests 14 and 15 Apple asked for any communications concerning Kannan's "decision" to move to India. It does not seek all documents concerning the move itself. Kannan did not discuss this decision or the reasons for the decision with anyone in e mail or other written form. Kannan has produced some e mails to others at Apple which announced that he was transferring. He has nothing else concerning the decision process. As to any communication between Kannan and his wife, these are covered by spousal privilege and an objection on that ground was timely made. Apple has been informed of this repeatedly. Mrs. Kannan's did not make a decision to move to India separate from her husbands and her thinking and exploration of her motives would be irrelevant, intrusive, and burdensome.

Of course, communications with counsel or potential counsel on the subject are covered by privilege and the objection was timely made.

*Documents concerning the travel of Kannan's wife and son (Request 16)*

The travel schedule of Kannan's wife and son and the family vacation schedule are irrelevant to this action. Plaintiff objected to this request on that ground. It is an unwarranted intrusion into the privacy of the family.

When Ford raised the relevance and privacy issue with Boyer he agreed that the only relevant

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

8                                    Case No 5:17-cv-07305-EJD
JOINT DISCOVERY LETTER BRIEF

material would be any time that Kannan's wife and son were in India and Kannan was not because Kannan would not have to care for his son during such times.  Such material would also be irrelevant because Kannan is not asserting that he was prevented from any activity in connection with his son. He was discriminated against because his manager's beliefs concerning autism and related care. The discriminatory motive is the same regardless of the exact dates he cared for his son. In an effort to resolve the matter without court intervention Plaintiff did offer to see if he can find records which would show when his family was in India and he was not. However, such information is of very limited relevance to this action. Plaintiff has long ago produced the e-mails with managers and other documents concerning time he went to India and work performed in India.

*Documents concerning time off to care for son (Request 17)*

Kannan has produced the e mails he has stating that he is taking time to care of his son. There are no other such documents as Apple has been repeatedly told. As all witnesses including Apple managers have testified, he did not have to take specific time off to care for his son. He worked a very flexible schedule and often worked late nights, weekends and at home. He could take time to care for his son without taking "time off". His time spent to care for his son is not limited to attending doctors' appointments or therapy. There was substantial care needed also.

Plaintiff did produce e mails concerning the fact that he took his son to India in the summer of 2013 shortly after his diagnosis. There is nothing else to produce. To the extent that Apple takes the positon that his son's medical records would show time he had to spend to care for his son these are covered by the son's medical privacy privilege which Apple does not dispute. Apple has already subpoenaed and obtained the doctors records of dates of appointments for his son.

*Job applications to other employers Request 21*

Plaintiff produced the records in his possession concerning applications to Apple and other employers on June 14 and August 13. There are no other applications to be produced. Apple asserts there were additional job applications as a result of the search of Kannan's MacBook. Reference to a company or a folder with possible application information does not mean that an application was actually made. The request asks only for actual applications. Moreover any material on the MacBook or in the backups is in Apple's possession and has been throughout this litigation.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

9

## III.    CONDUCT OF A HEARING

Apple requests that Plaintiff be ordered to produce all responsive documents to Apple's RFP Nos. 11, 12, 14, 15, 16, 18, 19, and 21, and all documents withheld on the basis of "litigation privilege" or "attorney-client privilege" (other than Plaintiff's communications with Ms. Ford) as soon as practicable before September 20.  This will allow Apple sufficient time to review the documents prior to Plaintiff's second day of deposition, which must be set by the discovery cut-off date of September 30.  Given the apparent other discovery issues in this case, Apple would be willing to discuss this issue with the Court in conjunction with the other discovery issues on September 24.

Plaintiff would agree that there are multiple issues to be resolved before the close of discovery, including the fact that Apple has delayed throughout the litigation to set dates for depositions and as of this late date Plaintiff is still waiting for deposition dates. Moreover Apple's delays in producing compensation records has made compliance with the expert discovery cutoff impossible. Apple has asked for an extension of discovery to allow it to produce the witnesses but has yet to apply to the Court. Further, in setting any hearing, a deposition of an Apple witness will be taken on September 18 so the parties will not be available for hearing or conference on that date. The issue of a second deposition is discussed in response to Apple's demand for that second deposition.

## IV.    DISCOVERY CUT-OFF DATES

**Fact Discovery Cut-Off:**    September 30, 2019

**Expert Discovery Cut-Off:**  November 15, 2019

## V.    STATEMENT OF COMPLIANCE

The parties met and conferred about these issues via phone conference on April 8 and August 22, 2019.  In addition, Apple sent meet and confer emails regarding RFP Set One on June 26, June 30, July 22, August 1, and September 5.  Apple sent meet and confer emails regarding RFP Set Two on July 29 and August 12, 13, and 21.  Apple also sent meet confer emails regarding Plaintiff's privilege log on August 23 and 29, and September 3 and 5.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1   Dated:  September 17, 2019                BAKER & McKENZIE LLP

2

3                                           By: /s/ Todd K. Boyer
                                            Todd K. Boyer
4                                           Caroline Pham
                                            Attorney for Defendant
5                                           APPLE INC.

6

7   Dated:  September 17, 2019

8

9                                           By: /s/ Karen E. Ford
                                            Karen E. Ford
10                                          Attorney for Plaintiff
                                            RAJA KANNAN
11

12

13                          **<u>ATTESTATION</u>**

14        Pursuant to Civil L.R. 5-1(i)(3), I, hereby attest that concurrence in the filing of this document

15  has been obtained from each of the other signatories.

16
    Dated:  September 17, 2019                BAKER & McKENZIE LLP
17

18                                          By: /s/ Todd K. Boyer
19                                          Todd K. Boyer
                                            Caroline Pham
20                                          Attorney for Defendant
                                            APPLE INC.
21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

11                                    Case No 5:17-cv-07305-EJD

JOINT DISCOVERY LETTER BRIEF

# EXHIBIT A

PRIVILEGE LOG KANNAN

September 10 2019

The fact that documents are listed in this privilege log is not a waiver of any other objection to production in response to specific discovery requests or an admission that all documents fitting the categories listed fall within the scope of any discovery request or obligation.

Individually listed documents may be included in the categories listed.

The documents listed include material improperly accessed by Apple on Mr. Kannan's laptop computer.

| # | date | author | recipient | description | privilege | |
|---|------|--------|-----------|-------------|-----------|---|
| | | | | Privilege Log Kannan | | |
| | | | | | | |
| | | | | | | |
| **#** | **date** | **author** | **recipient** | **description** | **privilege** | |
| | | | | | | |
| 1 | 2011 to present | R Kannan | NA | contents of folder marked "case info" on Raja Kannan's laptop | work product, litigation privilege | |
| 2 | 2018 to present | K Ford or R Kannan | K Ford or R Kannan | communications and related materials and  notes of same between Raja Kannan and attorney Karen Ford  in connection with this matter | attorney client privilege, work product | |
| 3 | 2018 to present | Ford | | work product of Karen Ford in connection with this litigation | attorney client privilege, work product | |
| 4 | 2011 to present | R Kannan | NA | notes, results of research, drafts of filings, drafts of communications regarding litigation, communications with potential attorneys re possible representation, case research information, case notes, email drafts of attotney comunications, legal advice, communication with counsel | attorney client privilege, work product | |
| 5 | 2011 to present | R Kannan or Medical providers | R Kannan or Medical providers | medical treatment records concerning Mr Kannan's son | medical information privilge | |
| 6 | 2011 to present | R Kannan | | Documents of medical treatment located in the "PDocs" folder of "Raja Kannan" account's Documents folder (/Users/rajakannan/Documents/) | medical information privilege | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | August 2013 to Oct 2013 | school officials or R Kannan | | documents located in the "cupertinoschool" folder of "Raja Kannan" account's Documents folder (/Users/rajakannan/Documents/) | medical information privilege | |
| 8 | 2011 to present | R Kannan or his wife | | e mails and text messages or other communications between Kannan and his wife | spousal privilege | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | 4/13/2017 | R Kannan or his wife | R Kannan or his wife | Email conversation about my travel plans close to the time when Mr.Kannan moved to India. | spousal privilege | |
| 10 | 12/29/2016 | R Kannan or his wife | R Kannan or his wife | Email conversation about Mr.Kannan's birthday. | | |
| 11 | 4/5/2017 | R Kannan or his wife | R Kannan or his wife | Email conversation about list of things to buy from US when Mr. Kannan moved to India. | spousal privilege | |
| 12 | 9/18/2016 | Mr Kannan's wife | R Kannan | Email sending a photo | spousal privilege | |

3

# EXHIBIT B

Karen E. Ford Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358
Attorney for Plaintiff RAJA KANNAN

# United States District Court
# Northern District of California

| | |
|---|---|
| RAJA KANNAN, | )  Case No: 17-CV-07305-EJD |
|            Plaintiff, | )  **PLAINTIFF'S WRITTEN RESPONSE TO** |
| | )  **DEFENDANTS REQUEST FOR** |
|      vs. | )  **PRODUCTION** |
| | ) |
| APPLE, INC., | ) |
| | ) |
|            Defendants | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Kannan hereby responds to Defendants' Request for Production to Plaintiff (RFP).  The answers set out below and the documents obtained to date are subject to amendment and supplementation as this action proceeds.

## <u>GENERAL OBJECTIONS AND DEFINITIONS</u>

Plaintiff objects to each Request: (1) insofar as it calls for the production of documents not in Plaintiff's possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents which are publicly available or otherwise equally available

and/or uniquely available or equally available from third parties; (4) insofar as it calls for the production of documents that have been provided to Plaintiff by Defendant; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to producing any potentially responsive material which has been or will be in future provided by Plaintiff or Defendants in discovery disclosures or responses in this matter. Many of the requests overlap and Plaintiff will provide only one copy of documents that are responsive to more than one request.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided.  Plaintiff reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced.

Plaintiff likewise does not waive the right to object, on any and all grounds, to (1)  the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents. Plaintiff submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. Plaintiff's responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations.  Plaintiff reserves the right to contest any such characterization as inaccurate. Plaintiff also objects to the Requests to the extent  they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to Plaintiff and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.  Plaintiff's investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts or information

discovered after the date hereof. Plaintiff will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure.  Plaintiff objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

Plaintiff objects to the location and date set for production of documents in the RFP. Plaintiff will produce at a mutually agreeable time and place. Plaintiff will produce copies of responsive documents.

Plaintiff objects to the "Definitions and Instructions" set out before the specific requests. Plaintiff will respond to the requests individually and will respond to the extent and in the manner required by the Federal Rules of Civil Procedure. Plaintiff will not respond to any additional requirements set out in the "Definitions and Instructions".

Plaintiff will respond to the requests assuming the term PLAINTIFF refers to himself and that the term DEFENDANT refers to the named defendant in this action, Apple, Inc.

**WRITTEN RESPONSES TO REQUEST FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that RELATE TO, bear upon, or provide evidence of YOUR employment with DEFENDANT, including, but not limited to, YOUR employment application; job descriptions; performance appraisals or evaluations; correspondence, letters, memoranda, complaints or grievances prepared by YOU or anyone acting on YOUR behalf regarding any employment issues; correspondence, letters, or memoranda prepared by any other current or former employee of DEFENDANT regarding YOUR employment with Apple; and any diaries, journals, calendars, notebooks, or notes maintained by YOU during YOUR employment with DEFENDANT.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad, and unduly burdensome.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection. Certain documents such as communications with counsel and medical claims and records concerning Plaintiff and his son will be withheld.

REQUEST FOR PRODUCTION NO. 2:

All audio or video recordings, transcripts, or other DOCUMENTS of any nature whatsoever that reflect, or comprise statements purportedly made by any and all current or former representatives, agents, and/or employees of DEFENDANT concerning any allegations in the Second Amended Complaint.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to the request as vague and overbroad.

Without waiving said objections, Plaintiff will produce such documents as he has that are not subject to objection. Certain documents such as communications with counsel, litigation work product, and medical claims and records concerning Plaintiff and his son will be withheld. As of the time of this response there are no signed witness statements taken or created for the purpose of pursuing this litigation.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that RELATE TO, bear upon, or provide evidence of communications,

either oral or written, between YOU, or anyone acting on YOUR behalf, and any other current or former employee of DEFENDANT regarding any allegations and/or claims in the Second Amended Complaint, YOUR efforts to obtain evidence in support of YOUR allegations and claim, and the evidence in support of such allegations and claim.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects on the grounds that the request is vague, overbroad, and burdensome.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection. This request overlaps with other requests herein. Certain documents such as communications with counsel, litigation work product, and medical claims and records concerning Plaintiff and his son will be withheld. As of the time of this response there are no signed witness statements taken or created for the purpose of pursuing this litigation.

REQUEST FOR PRODUCTION NO. 4:

All statements from any individuals, including, but not limited to, any witnesses, which RELATE in any way to the allegations in YOUR Second Amended Complaint.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request as vague and overbroad.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection. This request overlaps other requests and so responsive documents which are also produced in response to other requests will be produced but will be produced only a single time.

Certain documents such as communications with counsel, litigation work product and medical claims and records concerning Plaintiff and his son will be withheld. As of the time of this response there are no signed witness statements taken or created for the purpose of pursuing this litigation.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that YOU have provided to and/or received from any and every federal, state and/or local government agency in proceedings which relate in any manner to the claim in the lawsuit.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, medical privacy privileges, doctor patient privilege, or other privilege. Plaintiff further objects to this request in that it is unduly burdensome in that it seeks material equally available to or provided to Defendant.

Without waiving said objections, Plaintiff will produce such documents as he has that are not subject to objection.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS in any way RELATED TO YOUR employment with DEFENDANT.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request as vague overbroad and unduly burdensome and that it seeks material not relevant to this litigation.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection. Certain documents such as communications with counsel, litigation work product,

Pltf  Supplemental Written Response to RFP

-6-

and medical claims and records concerning Plaintiff and his son will be withheld. This request is duplicative of Request 1 and other requests herein.  This request overlaps other requests and so responsive documents which are also produced in response to other requests will be produced but will be produced only a single time.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS not otherwise produced that RELATE TO YOUR claim in this case or any defenses raised by DEFENDANT.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege, or other privilege. Plaintiff further objects to this request in that it requires Plaintiff to make legal conclusions as to the defenses defendant may raise. Plaintiff further objects to this request in that it is vague and overbroad.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection. Certain documents such as communications with counsel, litigation work product, and medical claims and records concerning Plaintiff and his son will be withheld. Also, this request is so overbroad that Plaintiff will not attempt to produce all documents that might fall under the broad vague language of the request. This request overlaps other requests and so responsive documents which are also produced in response to other requests will be produced but will be produced only a single time.

REQUEST FOR PRODUCTION NO. 8:

Any and all social media DOCUMENTS (including but not limited to YOUR Facebook account, LinkedIn account, blogs, instant messages ("IMs"), emails, etc.) kept by YOU which refer or RELATE in any way to YOUR employment with DEFENDANT, and/or the allegations contained in YOUR COMPLAINT.

RESPONSE: Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege, or other privilege. Plaintiff further objects to this request as vague overbroad and unduly burdensome and that it seeks material not relevant to this litigation. Plaintiff further objects to this request in that Defendant has access to e mails sent and received by Plaintiff through his work e mail and e mails sent by Plaintiff to employees of Defendant.

Plaintiff has no responsive documents that relate to the claims stated in the Complaint in this action. Plaintiff objects to producing all such documents that relate in any way to his employment as this is overboard and unduly burdensome.


REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that RELATE TO damages YOU claim to have suffered as a result of DEFENDANT'S conduct alleged in YOUR COMPLAINT.


RESPONSE:  Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine or other privilege. Plaintiff further objects to this request as overbroad and that it includes material not relevant to this litigation. To the extent it seeks tax returns or other communications with taxing authorities, Plaintiff objects to the request, without limitation, as seeking material that is protected as private and as a communication by a taxpayer to the taxing agency.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection. Certain documents such as communications with counsel, litigation work product, and medical claims and records concerning Plaintiff and his son will be withheld. Plaintiff further will not produce copies of his tax returns if that is intended as part of the request.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS RELATED TO any and all complaints, formal or informal, that YOU made about DEFENDANT or any employee of DEFENDANT at any time.

RESPONSE:  Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine or other privilege. Plaintiff further objects to this request as vague overbroad and unduly burdensome and that it seeks material not relevant to this litigation.

Without waiving said objections, Plaintiff will produce such documents as he has and can identify given the vagueness and overbreadth of the request and which are not subject to objection.  Certain documents such as communications with counsel, litigation work product, and medical claims and records concerning Plaintiff and his son will be withheld.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS that YOU provided to the California Department of Fair Employment and Housing in support of the charges YOU filed against DEFENDANT.

RESPONSE:  Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, or other privilege.

Plaintiff will produce such documents as he has that are not subject to objection.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS that YOU received from the California Department of Fair Employment and Housing regarding the charges YOU filed against DEFENDANT.

RESPONSE:  Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, or other privilege. Plaintiff

further objects to this request to the extent that it would require him to produce documents already served on or provided to Defendant.

Plaintiff will produce such documents as he has that are not subject to objection.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that YOU identified in YOUR Initial Disclosures served under Fed. R. Civ. P. 26.

RESPONSE:  Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, or other privilege. Plaintiff further objects to this request to the extent it would require Plaintiff to produce documents that are in Defendant's possession and he would have to obtain from Defendant.

Without waiving said objections Plaintiff will produce such documents as he has which are not subject to objection and which have not already been produced as part of the initial disclosures.

Dated this 15th day of February, 2019

_____

Karen E. Ford Esq.
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the above-captioned matter.

On February 15, 2019 I served the documents listed below on the Defendant by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice as follows:

TODD K. BOYER, Bar No. 203132
todd.boyer@bakermckenzie.com

CHETAN GUPTA, Bar No. 310626
chetan.gupta@bakermckenzie.com

Baker McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304

The documents served on February 15, 2019 are:

**PLAINTIFF'S SUPPLEMENTAL WRITTEN RESPONSE TO DEFENDANTS REQUEST FOR PRODUCTION**

Dated this 15th day of February 2019.

_____

Karen E. Ford Esq
Attorney for Plaintiff

# EXHIBIT C

Karen E. Ford Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358
Attorney for Plaintiff RAJA KANNAN

# United States District Court
# Northern District of California

| | |
|---|---|
| RAJA KANNAN, | ) Case No: 17-CV-07305-EJD |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S WRITTEN RESPONSE TO** |
| vs. | ) **DEFENDANTS REQUEST FOR** |
| | ) **PRODUCTION** |
| APPLE, INC., | ) **Second Set** |
| | ) |
| Defendants | ) |
| | ) |
| | ) |
| | ) |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jacqueline Zhang hereby responds to Defendants' Request for Production Set One to Plaintiff (RFP).  The answers set out below and the documents obtained to date are subject to amendment and supplementation as this action proceeds.

### GENERAL OBJECTIONS AND DEFINITIONS

Plaintiff objects to each Request: (1) insofar as it calls for the production of documents not in Plaintiff's possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents which are publicly available or otherwise equally available

and/or uniquely available or equally available from third parties; (4) insofar as it calls for the production of documents that have been provided to Plaintiff by Defendant; and (5) insofar as it calls for the production of documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence; (6) insofar as it calls for production of documents already obtained or produced by either party in discovery; (7) insofar as it calls for material already in the possession of Apple including without limitation, material on the lap top issued to Kannan or the backups of that material.

Plaintiff objects to producing any potentially responsive material which has been or will be in future provided or obtained by Plaintiff or Defendants in discovery or disclosures in this matter.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided.  Plaintiff reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced.

Plaintiff likewise does not waive the right to object, on any and all grounds, to (1)  the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents. Plaintiff submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist. Plaintiff's responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations.  Plaintiff reserves the right to contest any such characterization as inaccurate. Plaintiff also objects to the Requests to the extent  they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to Plaintiff and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.  Plaintiff's investigation, discovery

and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof. Plaintiff will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure.  Plaintiff objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

Plaintiff objects to the location and date set for production of documents in the RFP. Plaintiff will produce at a mutually agreeable time and place.

Plaintiff objects to the "Definitions and Instructions" set out before the specific requests. Plaintiff will respond to the requests individually and will respond to the extent and in the manner required by the Federal Rules of Civil Procedure. Plaintiff will not respond to any additional requirements set out in the "Definitions and Instructions".

Plaintiff will respond to the requests assuming the terms PLAINTIFF YOU and YOUR refers to Kannan himself and that the term DEFENDANT refers to the named defendant in this action, Apple, Inc.

## WRITTEN RESPONSES TO REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS and text messages discussing, referring to, or supporting YOUR decision to move to India, including but not limited to the dates YOU decided to move to India, during YOUR employment with Apple from August 29, 2011 through the present.

RESPONSE:

Pltf Written Response to RFP second

-3

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already produced or obtained by either party in discovery this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Subject to and without waiving said objections, Plaintiff will produced any responsive materials not subject to objection.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS and text messages discussing, referring to, or supporting YOUR wife's decision to move to India, including but not limited to the dates YOUR wife decided to move to India, during YOUR employment with Apple from August 29, 2011 through the present.

RESPONSE:

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already produced or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop.

RAJA SHOULD WE JUST SAY HERE THAT YOU WIFE HAD NO SEPARATE REASON TO MOVE ASIDE FROM YOURS?

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS and text messages discussing, referring to, or supporting any time your spouse and son were physically in India, whether permanently or temporary, during YOUR employment with Apple from August 29, 2011 through the present.

RESPONSE:

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Subject to and without waiving said objections, Plaintiff will produced any responsive materials not subject to objection. RAJA DID YOUR FAMILY GO TO INDIA MORE THAN JUST THE ONE TIME IN THE SUMMER OF 2013?

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS showing each date and time that YOU claim YOU required time off or a reasonable accommodation from Apple to care for YOUR son's disability (i.e., autism).

RESPONSE:

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already produced or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Subject to and without waiving said objections, Plaintiff will produced any responsive materials not subject to objection. RAJA IS THERE ANY DOCUMENT WE HAVE NOT ALREADY PRODUCED?

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS concerning, reflecting, or relating to YOUR development of any mobile, web, or other software application during YOUR employment with Apple from August 29, 2011 through the present.

RESPONSE:

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Without

waiving said objections, Plaintiff did not develop any mobile, web, or other software application during his employment with Apple from August 29, 2011 through the present. RAJA IS THIS LAST SENTENCE CORRECT?

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS concerning, reflecting, or relating to YOUR wife's development of any mobile, web, or other software application during YOUR employment with Apple from August 29, 2011 through the present.

**RESPONSE:**

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Plaintiff further objects to this request on the grounds that it seeks private and confidential business information of persons and entities not party to this action.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning, reflecting, or relating to YOUR efforts to transfer to another position at Apple in the United States from August 29, 2011 through the present.

**RESPONSE:**

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Subject to and without waiving said objections, Plaintiff will produced any responsive materials not subject to objection.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS concerning, reflecting, or relating to any application YOU submitted to another employer outside of Apple from August 29, 2011 through the present.

RESPONSE:

Plaintiff objects to this request to the extent it seeks material covered by the attorney client privilege, work product doctrine, litigation privilege, spousal privilege, medical privacy privileges, doctor patient privilege or other privilege. Plaintiff further objects to this request on the grounds that it is vague, overbroad and unduly burdensome. Plaintiff further objects to this request on the grounds that it seeks private and personal information of Plaintiff and his family which is irrelevant to this action. Plaintiff objects to this request to the extent it seeks production of material already or obtained by either party in discovery in this action and to the extent it seeks material already in the possession and control of Apple including, without limitation, the content of Plaintiffs Apple issued laptop and backups of the content of said laptop. Subject to and without waiving said objections, Plaintiff will produced any responsive materials not subject to objection.

1

2

3

4   Dated this 26th day of July, 2019

5

6

7

8

9   _____

10   Karen E. Ford Esq.
    Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the above-captioned matter.

On July 26, 2019 I served the documents listed below on the Defendant by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice as follows:

TODD K. BOYER, Bar No. 203132
todd.boyer@bakermckenzie.com

CHETAN GUPTA, Bar No. 310626
chetan.gupta@bakermckenzie.com

Baker McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304

The documents served on July 26, 2019 are:

**PLAINTIFF'S WRITTEN RESPONSE TO DEFENDANTS REQUEST FOR PRODUCTION Second Set**

Dated this 26th day of July 2019.

_____   _____

Karen E. Ford Esq
Attorney for Plaintiff