UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVSION

| | |
|---|---|
| RAJA KANNAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 17-cv-07305-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 108, 110, 112, 113, 114, 115 |

The parties in this case have asked the Court to resolve a number of discovery disputes. Dkt Nos. 108, 110, 112, 113, 114, 115. The Court held a hearing on all disputes on September 24, 2019. Dkt. No. 117. For the reasons stated on the record, and as further described below, the Court resolves the disputes as follows:

I. **MR. KANNAN'S MOTIONS**

    A. **Dkt. No. 108 (Ex. 1) and Dkt. No. 114**

Plaintiff Raja Kannan moves to compel Apple's compliance with the Court's prior discovery order issued on July 11, 2019 (Dkt. No. 105). Mr. Kannan seeks sanctions for Apple's alleged non-compliance. Apple contends that it has complied with the Court's prior order.

This dispute arises principally from a disagreement between the parties regarding the scope of the document requests at issue in the Court's July 11 order. Mr. Kannan's document requests are neither as comprehensive nor as clear as he believes them to be, and Apple's document production is not as complete as it should have been. The Court resolves the dispute as follows:

1. For each of Mr. Kotni's employees[1] during the relevant time period[2], Apple must produce documents containing information similar to that found in the "options and awards summary" produced with respect to Mr. Kannan at APL-KANNAN_00000384.
2. For each of Mr. Kotni's employees during the relevant time period, Apple must produce bi-weekly pay statements with redactions that are no more extensive than the redactions reflected in the year-end pay statements Apple has already produced, such as APL-KANNAN_00004010.
3. Apple must complete its production of compensation calibration sheets and compensation planning guidelines applicable to Mr. Kotni's employees during the relevant time period, including for the years 2011 and 2012.
4. For each of Mr. Kotni's employees during the relevant time period, Apple must produce documents sufficient to show the contractors or employees who reported to each such employee of Mr. Kotni.
5. For each of Mr. Kotni's employees during the relevant time period, Apple must produce documents sufficient to show the job level of that employee, his or her promotion to a different job level, and the effective date of any such change in job level. The Court understands that Apple believes it has already produced this information. If, upon further review, Apple concludes that its production of this information is not complete, Apple may provide this information in the form of spreadsheet reflecting the output of a database query.
6. To the extent Apple maintains a database or other repository of information that may be queried to provide a report(s) or spreadsheet(s) showing, for each of Mr. Kotni's employees during the relevant time period, the employee's compensation, stock awards, bonuses, and dividends, Apple must produce that information in report or spreadsheet form. Apple need only produce the information that is kept in the ordinary

---

[1] "Mr. Kotni's employees" refers to the eight Apple employees (in addition to Mr. Kannan) who reported to Mr. Kotni during the relevant time period.

[2] The "relevant time period" is January 1, 2011 through December 31, 2018.

2

course of business.  Apple is not required to manually create a report or spreadsheet from its records.

Apple must produce these documents no later than **October 1, 2019**.  If Apple cannot comply with this deadline with respect to item 6, above, it shall so inform Mr. Kannan and the Court, and it shall provide a date by which it will complete its production.  The Court concludes that no sanctions are warranted at this time.

### B. Dkt. No. 108 (Ex. 2) and Dkt. No. 115

Mr. Kannan moves to compel a Rule 30(b)(6) deposition of Apple on 27 topics.  Mr. Kannan's motion is granted in part and denied in part as follows:

Apple shall designate and prepare one or more witnesses to testify as to Topics Nos. 1-17 and 21-24.  As to all topics that concern Mr. Kotni's employees, the relevant time period is January 1, 2011 through December 31, 2018.  As to all topics that concern Mr. Kannan, the relevant time period is the time period during which he worked for Mr. Kotni, except that as to Topics Nos. 1 and 6, the relevant time period encompasses the period just prior to Mr. Kannan's transfer to his position under Mr. Kotni during which Apple allegedly canceled Mr. Kannan's bonus and/or stock award.  Topic No. 9 is further limited to the bonus guidelines applicable to contributor level 4, contributor level 5, and manager level 1 employees.

Apple shall designate and prepare one or more witnesses to testify as to Topic No. 18, but only with regard to the contractors or employees who reported to each of Mr. Kotni's employees during the relevant time period.

Apple need not designate a witness to testify as to Topics Nos. 19 and 20.

If it has not already done so, Apple must advise Mr. Kannan of the names of its corporate designees, the topics for which each such person is designated, and the dates each is available for deposition no later than **September 27, 2019**.

The Court defers ruling on Mr. Kannan's motion to compel deposition testimony with respect to Topics Nos. 25-27 at this time.  To the extent Apple contends that Mr. Kannan violated Apple company policies or applicable laws and intends to rely on such violations in the defense of this action, Apple shall so advise Mr. Kannan, and Mr. Kannan may take discovery of that

3

1 defense, subject to the Court's resolution of any disputed claim of attorney-client privilege or
2 attorney work product protection. Apple shall advise Mr. Kannan of its defense contentions and
3 its assertions of privilege/protection (if any) no later than **October 8, 2019**. Thereafter, if the
4 parties continue to dispute whether Apple should be required to provide testimony on Topics Nos.
5 25-27, or dispute the scope of such testimony, they shall bring the issue to the Court's attention for
6 resolution using the discovery dispute procedures described below.

### C. **Dkt. No. 108 (Ex. 3) and Dkt. No. 113**

Mr. Kannan seeks a protective order with respect to certain medical records produced in response to third party subpoenas Apple issued. The Court resolves this dispute as follows:

Apple must contact each of the medical providers on whom it served a subpoena and inquire whether the provider can re-produce the records to include only the information specifically called for in the subpoena, and if so, how long the provider requires to re-produce that material. Apple shall file a status report no later than **September 27, 2019** advising the Court of the results of its inquiries and, if appropriate, suggesting further action to fully resolve this dispute.

## II. APPLE'S MOTIONS

### A. Dkt. No. 110

#### 1. Mr. Kannan's Privilege Claims

Apple moves to compel the production of responsive documents Mr. Kannan withheld on the basis of various privileges. Mr. Kannan relies on a privilege log dated September 10, 2019. Apple contends that the privilege log is inadequate and that Mr. Kannan has waived any privileges by failing to timely assert them. The Court resolves this dispute as follows:

Mr. Kannan's privilege claims are much delayed and his privilege log is entirely inadequate to support his claims of privilege. Specifically, the documents at issue and the privileges asserted are not described with sufficient particularity to permit the Court to assess the privilege claimed. *See* Fed. R. Civ. P. 26(b)(5)(A); *Burlington N. & Santa Fe Ry. Co. v. U.S. District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). Mr. Kannan must prepare a privilege log that complies with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure and Ninth Circuit law. Mr. Kannan's counsel must personally review and assess each document for which a

4

privilege is asserted before making the claim of privilege and may not merely rely on Mr. Kannan's characterization of the documents. Mr. Kannan must serve his privilege log on Apple no later than **October 8, 2019**.

### 2. Mr. Kannan's Document Production

Apple also moves to compel Mr. Kannan's production of documents responsive to Apple's Requests for Production Nos. 11, 12, 14, 15, 16, 18, 19, and 21. Mr. Kannan objects to some of these requests and insists his production is complete as to others, or that he does not know what Apple believes is missing. The Court resolves this dispute as follows:

1. RFP Nos. 11 and 12: Apple must provide to Mr. Kannan a list of responsive emails or other documents for which Apple contends it is missing the attachments. Mr. Kannan will have one week from receipt of that list to search for and produce those attachments if he has them.

2. RFP Nos. 14, 15, 16, and 21: Mr. Kannan must complete his production of responsive documents, with the exception of those as to which he claims a privilege, by **October 1, 2019.**

3. RFP Nos. 18 and 19: Mr. Kannan need not produce documents reflecting his wife's development of software applications; except, however, he must produce responsive documents reflecting software applications developed by *any person* using Mr. Kannan's Apple-issued computer equipment, whether those responsive documents are currently stored on Mr. Kannan's Apple-issued computer equipment or elsewhere. Mr. Kannan must produce these documents by **October 1, 2019**.

### B. Dkt. No. 112

Apple moves to compel a further deposition of Mr. Kannan. Mr. Kannan resides in India and apparently has no plans to travel to the United States in the near term. Apple advises that it requires no more than three hours of additional deposition time with Mr. Kannan. Mr. Kannan objects to further deposition and particularly objects to further deposition in the United States. The Court resolves this dispute as follows:

Apple has made a showing that some documents it sought in discovery in advance of Mr.

Kannan's May 1, 2019 deposition were not timely produced. In addition, it appears that Mr. Kannan may have withheld an unknown quantity of documents on grounds of privilege, which Apple contends he has waived. The Court concludes that some further deposition of Mr. Kannan is likely warranted; however, the Court is prepared to require that the further deposition proceed by videoconference and that it be limited to no more than three hours.

The parties have expressed concern regarding whether Mr. Kannan's deposition can be conducted—even with his consent—while he is in India, without resorting to Hague Convention procedures.[3] The Court orders the parties to research this point, confer, and jointly advise the Court of their views about whether Mr. Kannan may be deposed by videoconference while in India. In addition, the parties shall investigate the availability of suitable videoconferencing facilities. The parties must file a status report no later than **October 1, 2019** regarding these matters. The status report shall be limited to 1,000 words total and no more than 500 words per party.

### III. OTHER DISCOVERY MATTERS

#### A. Revised Protective Order

The parties may file for the Court's review and approval a proposed stipulated protective order that includes a designation for "outside counsel's eyes only" or "attorneys' eyes only" material by **September 25, 2019**. If they do not file a proposed protective order by that date, the Court will enter a protective order based on this district's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (available on the Court's website at https://cand.uscourts.gov/model-protective-orders), modified to account for this Court's dispute resolution procedures.

#### B. Deposition Scheduling

If it has not already done so, no later than **September 27, 2019**, Apple must advise Mr. Kannan of the dates each of the following witnesses is available for deposition: Kiram Kunder,

---

[3] The parties may wish to consult the State Department's website for India as an aid to their research. https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/India.html

Moazam Raja, Rahul Rastogi, and Joseph Kotni.

**C.    Discovery Dispute Resolution Procedures**

As the parties have not successfully cooperated in bringing discovery disputes to the Court for resolution in compliance with the Court's Standing Order for Civil Cases, the Court orders the parties to comply with the following additional, more specific procedures with respect to all future disputes:

1) The conference of lead counsel must take place within 3 court days of one party's demand for the call.
2) After the call, the party seeking relief from the Court must provide a draft of its portion of the joint submission to the opposing party within 2 court days of the conference of lead counsel.
3) The opposing party must provide a draft of its portion of the joint submission within 4 court days of the conference of lead counsel.
4) The party seeking relief may revise its portion of the joint submission and provide that revision to the opposing party by 11:00 a.m. on the fifth court day following the conference of lead counsel.
5) The opposing party may revise its portion of the joint submission and provide that revision to the party seeking relief by 4:00 p.m. on the fifth court day following the conference of lead counsel.
6) The party seeking relief will make no further revisions to the joint submission and will file the joint submission by 5:00 p.m. on the fifth court day following the conference of lead counsel.

If any party fails to comply with these procedures in a material way, that party and/or its counsel will be subject to sanctions, including an adverse determination of the matter in dispute.

D.    **Case Management Deadlines**

Nothing in this order relieves the parties of their obligation to seek relief from the presiding judge with respect to the case management deadlines that have been set in this case.

///

**IT IS SO ORDERED.**

Dated: September 25, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge