Todd K. Boyer, Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
Christopher Im, State Bar No. 313838
christopher.im@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 5:17-cv-07305-EJD (VKD)<br><br>**JOINT STATUS REPORT RE DEPOSITION OF PLAINTIFF**<br><br>Complaint Filed: December 26, 2017<br>FAC Filed: May 10, 2018<br>SAC Filed: October 19, 2018 |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1

Case No 5:17-cv-07305-EJD

JOINT STATUS REPORT RE DEPOSITION OF PLAINTIFF

Pursuant to the order of Magistrate Judge Virginia DeMarchi (Dkt. 120), Defendant APPLE INC. ("Apple" or "Defendant") and Plaintiff Raja Kannan ("Kannan" or "Plaintiff") through their respective counsel of record, hereby submits this status report regarding the availability of suitable videoconferencing for Plaintiff's deposition in India.

## I.   APPLE'S STATUS REPORT

Apple has found no legal authority which prohibits Plaintiff from voluntarily submitting to a deposition in India, however as Apple has previously noted, there are a number of challenges that Apple is facing with regard to taking Plaintiff's deposition via video from India. As noted previously, one of the primary challenges is ensuring that the video and audio quality will be sufficient to ensure accurate transcription of Plaintiff's testimony. In that regard, ensuring usable recording of the video, and synchronization of the deposition transcript with the video for use at trial also is challenging.

One court reporting agency has software which would allow the presentation of exhibits and the recording of video testimony remotely. However, in order for this software to work properly, a hardwired internet connection, installation of Adobe Flash, a webcam, and a speakerphone is required. Additionally, Plaintiff must work with the agency in advance to pre-test the software to ensure functionality as well as insure that the connection is sufficient for the proper recording and transcription of testimony.

However, the agency advises that it has no control over the phone/internet connection and cannot guarantee that the audio or video will be consistently clear and it cannot guarantee that no technical issues will arise. A more detailed copy of the requirements and risks is attached as Exhibit A.

Given the risks and Apple's limited opportunity to obtain additional testimony from Plaintiff, Apple requests that Plaintiff be ordered to return to the United States to complete his deposition. Given the totality of discovery, Apple has had the opportunity to take one day of Plaintiff's deposition, while Plaintiff has and will take the deposition of 8 individuals, two of which will occur on multiple days. As further incentive, Apple has also offered to cover Plaintiff's share of the costs of a mediator, and would schedule the mediation in conjunction with his continued in-person deposition.

If the Court requires Apple to proceed with the video deposition, it respectfully asks that the

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

2   Case No 5:17-cv-07305-EJD
APPLE'S STATUS REPORT RE DEPOSITION OF PLAINTIFF

deposition be conducted during business hours in California to ensure the reporter agency's technical support team is available to troubleshoot any issues, that Plaintiff shall be required to work with the court reporting agency to ensure the software is functional in advance of the deposition, and that any technical issues, whether due to internet connection, software problems, or otherwise not be counted against Apple's 3 hours to depose Plaintiff. Furthermore, Plaintiff should be required to stipulate on the record that:

1. Plaintiff is voluntarily submitting to the deposition in India;

2. Plaintiff will not object to the deposition being taken in India on any legal grounds;

3. The oath Plaintiff takes will have full legal effect as if it were administered within California and/or the United States;

4. The deposition testimony will have the full legal effect as if the deposition testimony was given under oath within California and/or the United States.

## II. PLAINTIFFS RESPONSE TO STATUS REPORT

Plaintiff, as Apple well knows, objects to a further deposition of himself in this action. He should not be required to stipulate otherwise. However if the Court orders a further deposition he will not object on the grounds that the location is India. This is far narrower than the first two stipulations suggested above.

As Plaintiff has repeatedly stated there is no justification to require him to attend a second deposition at all. The requests for production as to which the court ordered further disclosures in the September 25 Order were all served in June, more than a month after Plaintiff's deposition. The only requests that Apple contends resulted in production after Plaintiffs deposition were the communications with DFEH (requests 11 and 12). All reuests for production served by Apple beginning with Request 14 were not served until June 26, nearly two months after the May 1 deposition. Requests 14 and 15 ask for "All documents that you provided to the California Department of Fair Employment and Housing" and "All documents that you provided to the California Department of Fair Employment and Housing". Plaintiff produced all such documents on March 6 2019 (two months before Kannan's deposition) and included e mails, notices, letters, and filings with the DFEH. Moreover, Apple obtained the full DFEH file from the DFEH before Kannan's deposition which is

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

3    Case No 5:17-cv-07305-EJD
APPLE'S STATUS REPORT RE DEPOSITION OF PLAINTIFF

undeniable because the file and its Matter book Report (docket sheet) was introduced as Exhibit 10. Apple conducted the deposition on May 1 without saying anything about wanting more response to requests 11 and 12. Then after the deposition Apple suddenly took the position that Kannan had not produced quite all of the e mails exchanged with the DFEH. Kannan took the position that these were not within the scope of the requests as stated however, to resolve the matter he agreed to send additional copies of all e mails with the DFEH. Apples delay in raising this minor issue until after the deposition precludes putting Kannan through another deposition.

As to the issue of the location of the deposition, Apple routinely does business meetings by teleconference between India and California. Kannan has participated in such meetings. The audio and video quality are very high. Apple manages to handle any time zone issues and technical issues when it wants to do so. Also, technical problems should not arise as the location and equipment and internet connections all belong to Apple. No "testing" with the witness prior to the deposition should be necessary because the location and equipment belong to Apple. Apple can do any testing necessary and should do so before any deposition. The quality of the audio and video are in Apple's control.

Apples' concerns about exhibits are unfounded. The undersigned counsel has done many depositions via teleconference over her forty years of litigation experience. Exhibits are handled by the party taking the deposition e-mailing intended exhibits to a representative who will be present with the witness. Then the person can print out the exhibits hand them to the witness when prompted to do so. I would intend to be in California with the court reporter and the attorneys for Apple. They can hand me paper exhibits as they would in any other deposition. "Exhibit Capture" is not necessary.

Apple wants to insist on a sophisticated system of syncing the deposition video to the paper transcript. While this technology is possible it is not required or even a right. Also, it is perfectly possible to sync the video to the transcript after the fact. The undersigned counsel has done this on multiple occasions.

The undersigned counsel has consulted with two different court reporting companies about what it would take to conduct this deposition: Pulone Reporting Services and Advantage Court reporting Services (which has done depositions in this matter for Plaintiff). Both court reporting firms confirm that a video record can even be taken by a video capture of the screen in the teleconference

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4     Case No 5:17-cv-07305-EJD

APPLE'S STATUS REPORT RE DEPOSITION OF PLAINTIFF

room. Also, both confirm that the use of paper exhibits is commonly used and is acceptable. Both confirm that syncing can take place after the deposition if need be.

For the record, Plaintiff objects to the technology demanded by Apple and even the insistence on a videotape when there will be a stenographer and a paper transcript. Plaintiff believes this technology only increases cost and complexity of doing depositions. If Apple wants to bear the costs of such elaborate technology then it can do so but it cannot demand this as a right or treat this as a normal cost of litigation.

Dated:  October 3, 2019                           BAKER & McKENZIE LLP


By: //s// Todd K. Boyer
Todd K. Boyer
Caroline Pham
Christopher Im
Attorney for Defendant
APPLE INC.

Dated:  October 3, 2019


By: //s// Karen E. Ford
Karen E. Ford
Attorney for Plaintiff
RAJA KANNAN


## ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I, Todd K. Boyer, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  October 3, 2019                           BAKER & McKENZIE LLP


By: //s// Todd K. Boyer
Todd K. Boyer

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

5                                    Case No 5:17-cv-07305-EJD
APPLE'S STATUS REPORT RE DEPOSITION OF PLAINTIFF

# EXHIBIT A

**Boyer, Todd**

| | |
|---|---|
| **From:** | Kaitlyn Shelly <kshelly@veritext.com> |
| **Sent:** | Wednesday, October 2, 2019 19:18 |
| **To:** | Boyer, Todd |
| **Subject:** | [EXTERNAL] Follow Up from our Call Re: International Depo |

Hi Todd,

It was a pleasure briefly speaking with you.

Just to recap our conversation, given the circumstances and requirements we think the best way to facilitate your upcoming deposition is through two of our proprietary software's as follows:  *( Please click on the links below for more information )*

1. [Veritext Virtual](#)    Allows remote video participation by any party --- $495 per deposition for up to two participants / includes set up and support
2. [Exhibit Capture](#)    Allows for remote access to exhibits to any party as they are introduced by the questioning attorney --- $295 per deposition / includes training and support.

**The requirements that your office and the location in Chennai will need are:**

- Hardwire internet for stability
- Computer with Adobe Flash installed
- Webcam on the computer so the witness can be seen
- Speakerphone with the ability to receive a phone call or place a toll-free call*
- If the witness has a second computer screen that will help but not necessary


Both of these software's have been developed and supported by Veritext and are used on a daily basis here in the states. Our clients have a good experience as long as:
1. The above requirements are met
2. All participants have taken the time to do a simple set up test with our support. Additionally the witness is generally in the same room as our reporter and videographer which ensures that our team is on hand to support them as needed.

This is where we run into the real possibility of risk with this assignment:

- We have no control over the internet or phone line at the witnesses location and any fluctuation in internet speed or even an outage could cause a break in the connection, which can hurt the flow of questioning and also the video recording of the witness.
- We are not with the witness to see first-hand any issues he/ she may be having and communicating over phone or email can be disruptive during a deposition.
- Additionally the same applies to the phone line in terms of any fluctuation in connection and also importantly the audio quality will be critical to the video recording.
- Lastly, we would absolutely need the witness to do the overview and testing with our team during PST business hours so there are no surprises on the day. The time different and unknown variables with the witness being almost 9,000 miles away definitely are a variable that we must consider, whilst of course we will do our very best to achieve success.

Finally Todd, you also mentioned that you would like to video record the witness and then synchronize the video to the final transcript.   We can certainly do this for you but it also does not come without risk and you certainly will not get an end product that comes anywhere near to the quality you would have if the witness was with you in Palo Alto.

As the witness is attending remotely we will have our video tech attach a recording device to a computer running the session and in person monitor every moment of the deposition.   At the end of the day we have no control over the  quality of the audio received from the witnesses phone and any internet outages that could occur that can disrupt the recording.   Even if the deposition concludes with no such issues, the quality of the video and audio will be substandard and the synchronization will have to occur manually.   The cost for this will come to $250 / hour with a 3 hour minimum.

I hope this information aids you in in your decision making process.  I like to be very upfront with my clients about all possibilities in these more unusual circumstances so you can make an objective decision.  Regardless of how you wish to proceed Veritext if of course here to support you.


Best,
Kaitlyn


Kaitlyn Shelly
Senior Account Executive
-------------------------------------------------------
**VERITEXT LEGAL SOLUTIONS**
101 Montgomery Street, Suite 450 | San Francisco, CA. 94104
550 West C Street, Suite 800 | San Diego, CA. 92101
**P** 415.274.9977 | **C** 415.971.6364
kshelly@veritext.com
www.veritext.com