UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br>　　　　Plaintiff,<br>　v.<br>APPLE INC.,<br>　　　　Defendant. | Case No. 17-cv-07305-EJD (VKD)<br><br>**ORDER RE FURTHER DEPOSITION OF PLAINTIFF**<br><br>Dkt. No. 112 |

　　　The Court has considered the parties' submissions and arguments on the question of whether and under what circumstances defendant Apple Inc. make take a further deposition of plaintiff Raja Kannan. Dkt. Nos. 112, 130, 131, 137. As the Court explained in its September 25, 2019 order, Apple has made a showing that some documents it sought in discovery in advance of Mr. Kannan's May 1, 2019 deposition were not timely produced, and that Mr. Kannan may have withheld improperly an unknown quantity of responsive documents on grounds of privilege. *See* Dkt. No. 120 at 5–6. The parties have made a number of submissions since then advising the Court of their respective views regarding whether Mr. Kannan may be deposed by videoconference while in India and describing the logistical challenges such a deposition may pose. Dkt. Nos. 130, 131, 137. The parties agree that no law or other authority prohibits Mr. Kannan, a U.S. citizen, from voluntarily submitting to a deposition in India. They dispute the nature and extent of the logistical challenges of conducting such a deposition by videoconference, and whether, in view of those challenges, the Court should order Mr. Kannan to appear in the United States for further deposition.

　　　Having considered the parties' submissions and arguments, the Court finds that Apple has demonstrated good cause for a further deposition of Mr. Kannan, not to exceed three hours of

testimony on the record. The Court is not persuaded that the challenges of taking such a deposition by videoconference in India are as substantial as Apple claims. While the time difference between California and Chennai, India is substantial, this is not an insurmountable obstacle for a short deposition. The Court also is not persuaded that Apple will be unable to arrange for a videoconference with sufficient video and audio quality, or that it will be unable to arrange for exhibits to be provided to Mr. Kannan in advance or handed to him in the deposition. *See, e.g.*, *Carrico v. Samsung Elecs. Co.*, No. 15-cv-02087 DMR, 2016 WL 1265854 (N.D. Cal. Apr. 1, 2016) (discussing logistics of depositions taken by remote means). Accordingly, the Court orders as follows:

1. Apple may take a further deposition of Mr. Kannan by videoconference while he is in Chennai, India. If Apple prefers to take the deposition by telephonic means instead, it may do so.
2. The deposition will be limited to three hours of testimony on the record.
3. The parties shall confer and agree upon a mutually acceptable date and time for the deposition. Unless they agree otherwise, the deposition must take place between the hours of 7:00 a.m. and 11:00 a.m. Pacific Time or 6:00 p.m. and 10:00 p.m. Pacific Time, at Apple's election.
4. Apple may elect to take Mr. Kannan's further deposition following resolution of the parties' dispute regarding documents Mr. Kannan previously withheld as privileged.
5. Apple may choose the location of the deposition in Chennai. Mr. Kannan and his counsel must cooperate with Apple and its counsel with respect to the arrangements for such deposition.
6. Mr. Kannan must stipulate in advance of the deposition that he will not object to the taking of his deposition or the use of his deposition testimony in this action on any ground related to the means by which the deposition is taken or the fact that it is taken while he is in India.
7. Mr. Kannan must stipulate in advance of the deposition that the oath Mr. Kannan takes will have the same legal effect as if it were administered in California and in the United

2

States, and that his testimony will be treated as if given under oath in California and in the United States.

If Mr. Kannan plans to travel to the United States for *any reason* before the close of fact discovery, he shall immediately advise Apple of such plan so that Apple may arrange to take this further deposition of Mr. Kannan in person in the United States.

**IT IS SO ORDERED.**

Dated: October 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge