# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br>          Plaintiff,<br>v.<br>APPLE INC.,<br>          Defendant. | Case No.17-cv-07305-EJD (VKD)<br><br>**INTERIM ORDER RE JOINT DISCOVERY DISPUTE LETTERS**<br><br>Re: Dkt. Nos. 140, 141 |

On October 7, 2019, the parties filed various discovery-related submissions. The Court addresses some of those submissions on an interim basis as follows:

### 1. Dkt. Nos. 140 and 141

The parties filed joint discovery dispute letters concerning a protective order and defendant Apple Inc.'s motion to compel third parties to comply with subpoenas for plaintiff Raja Kannan's employment applications. Dkt. Nos. 140, 141. Mr. Kannan's portions of those letters exceed the 1,500-word limit. *See* Standing Order for Civil Cases at 3. The Court therefore strikes Mr. Kannan's portions of those letters. Mr. Kannan may resubmit his portions of those letters to conform with the word limit by **October 11, 2019, 12:00 p.m.** Any resubmissions may not include arguments not made in the previous submissions.

### 2. Apple's subpoenas to medical providers

The parties also filed a further joint status report concerning Apple's third-party subpoenas to medical providers that were the subject of an earlier joint discovery dispute letter and prior orders of the Court. Dkt. Nos. 108, 113, 120, 129, 143. The Court has reviewed the October 7, 2019 status report and finds that Mr. Kannan's objections were resolved by the Court's September

30, 2019 order. Dkt. No. 129. In view of the update Apple has provided, the Court further orders as follows:

1. The disputes as to San Andreas Regional Center and Dr. Dagmar Maria Horvath have been resolved.

2. With respect to Kaiser Permanente, Dr. Molly McCullough, and Dr. Carrie Silver, Apple asks the Court to compel those third parties to produce the requested information by October 11, 2019. However, there is no indication that the third parties have objected or refused to provide the requested information. If such a dispute arises, the appropriate course of action is for Apple and any objecting third party shall seek resolution of the dispute using the discovery dispute resolution procedures set forth in the Court's Standing Order for Civil Cases and the operative protective order.

3. If it has not already done so, Apple shall promptly provide a copy of the Court's September 30, 2019 order (Dkt. No. 129) and the operative revised protective order (Dkt. No. 122) to all third-party subpoena recipients who have not yet complied with the subpoenas.

4. First Legal shall forward the documents received from the Cupertino Union School District to Apple, based on Apple's report that the third party has indicated those documents do not require further redaction.

5. After Apple receives documents or information from a medical provider that reflect that provider's efforts to produce records that include only the information specifically called for in the subpoena, Apple shall direct First Legal to return to the medical provider any prior production of records that were not so limited. From the parties' status report, the Court infers that this directive applies to records originally produced by Kaiser Permanente, San Andreas Regional Center, Dr. Horvath, Dr. McCullough, and/or Dr. Silver.

6. Apple shall provide a copy to Mr. Kannan of all third-party document production that it receives from the medical providers in response to the subpoenas. The parties shall thereafter confer about appropriate designations for those documents under the

operative protective order.

**IT IS SO ORDERED.**

Dated: October 9, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge