UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAJA KANNAN,
    Plaintiff,
v.
APPLE INC.,
    Defendant.

Case No. 17-cv-07305-EJD (VKD)

**ORDER RE DISPUTE RE APPLE'S DESIGNATIONS UNDER THE PROTECTIVE ORDER**

Re: Dkt. Nos. 140, 145

On September 26, 2019, the Court entered a revised protective order that permitted the parties to designate discovery materials "Highly Confidential – Attorneys' Eyes Only." Dkt. No. 122. The order was entered in connection with the parties' extended dispute regarding defendant Apple Inc.'s anticipated production to plaintiff Raja Kannan of certain confidential employment-related records for Apple employees other than Mr. Kannan. *See* Dkt. Nos. 105, 120.

Mr. Kannan advises the Court that Apple has now designated 5,114 pages of Apple's 6,400-page document production "Highly Confidential – Attorneys' Eyes Only," even though a multi-page document might include mention of one employee in one portion of the document. *See* Dkt. No. 145 at 4. Apple does not appear to dispute this characterization, although it does note that it has recently produced thousands of additional personnel and compensation records for the eight employees of Mr. Kotni, as the Court ordered, and it acknowledges that these records have been designated "Highly Confidential – Attorneys' Eyes Only." *Id.* at 7–8. Apple suggests that Mr. Kannan should be required to challenge specific "Highly Confidential – Attorneys' Eyes Only" designations using the procedures set forth in the protective order. *Id.*

The Court cannot tell from the parties' joint submission whether the "Highly Confidential – Attorneys' Eyes Only" designations that Apple has applied to particular documents merit that designation or not. However, the Court provides the following guidance: Over-designation will

not be tolerated.  Apple may not use blanket "Highly Confidential – Attorneys' Eyes Only" designations for the entirety of a document where only a portion of that document includes material deserving such protection.  The Court encourages Apple to review its designations with this guidance in mind.  The same guidance applies to deposition testimony.  The Court expects the parties to discuss this issue civilly and professionally before submitting disputes about particular designations to the Court.

Mr. Kannan raises another concern about compliance with the protective order.  He worries that an expert to whom he might wish to show documents designated "Highly Confidential – Attorneys' Eyes Only" might not have available the information required to be shared under paragraph 9 of the protective order.  As far as the Court can tell, this is a hypothetical dispute, not a real one.  If, as Mr. Kannan contends, an actual expert with whom he wishes to share "Highly Confidential – Attorneys' Eyes Only" documents is unable to provide all of the information the order requires, the Court expects the parties to confer promptly and reach a sensible resolution.  The Court further expects that Apple will not make unnecessary objections or unduly delay consent to disclosure.

The Court will not revisit the terms of the protective order at this time.  If the parties stipulate to revised terms, they may submit their proposed revised protective order to the Court for approval.

**IT IS SO ORDERED.**

Dated: October 11, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge