UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 17-cv-07305-EJD (VKD)<br><br>**ORDER RE PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SUBPOENAS TO PROSPECTIVE EMPLOYERS**<br><br>Re: Dkt. Nos. 141, 146 |

The parties ask the Court to resolve a dispute regarding defendant Apple Inc.'s subpoenas to eleven companies with whom plaintiff Raja Kannan may have sought employment while he was employed with Apple. Dkt. Nos. 141, 146. Apple frames the dispute as a motion to compel, but that framing seems incorrect. None of the third-party subpoena recipients is before the Court, and it does not appear that any have raised objections to Apple's subpoenas. Rather, Mr. Kannan has raised objections to the subpoenas with respect to his own interests. The Court construes Mr. Kannan's objections as a motion for protective order.

For the reasons explained below, the Court grants in part and denies in part Mr. Kannan's motion for a protective order.

## I. BACKGROUND

In his second amended complaint, Mr. Kannan asserts the following claims against his former employer, Apple: (1) discrimination based on perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (2) discrimination based on relationship to a person with a disability in violation of the ADA; (3) retaliation in violation of the ADA; (4) discrimination based on perceived disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 et seq.; (5) discrimination

based on association with a disabled person in violation of FEHA; (6) retaliation in violation of FEHA; (7) violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq.; (8) interference with rights in violation of the FMLA; (9) retaliation in violation of the FMLA; (10) violation of the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; (11) interference with rights in violation of CFRA; (12) retaliation in violation of CFRA; and (13) wrongful discharge. Dkt. No. 58. With respect to his discrimination claims, Mr. Kannan contends that his manager, Joseph Kotni, discriminated against him with respect to compensation, awards of stock and bonuses, performance evaluations, and placement in Apple's job classification structure because of Mr. Kannan's role in caring for his autistic son and because Mr. Kotni regarded Mr. Kannan himself as having the same or similar disability. *See, e.g.*, *id.* ¶ 55. Mr. Kannan contends that the alleged discrimination adversely impacted his opportunities for compensation and advancement within Apple as early as November 2013, when he began working for Mr. Kotni and was not given a job level increase commensurate with the skills and experience Mr. Kannan says he has. *Id.* ¶¶ 23, 28-32, 36. In early December 2015, Mr. Kannan filed an internal complaint alleging discrimination by Mr. Kotni. *Id.* ¶ 56. In April 2016, he filed a complaint with the California Department of Fair Employment and Housing. *Id.* ¶ 58.

Mr. Kannan resigned his position with Apple in April 2017. In the second amended complaint, he alleges:

> On or about April 23, 2017 Plaintiff resigned his posit[i]on with Apple, Inc, Cupertino, CA and left the state of California to take up employment with a different Apple company, Apple India Pvt. Ltd, in Hyderabad, India. He did not want to make this career change. Among other things the compensation rates at Apples in India are only roughly 1/3 of those paid in the US. The insurance coverage and other benefits were not as favorable. In addition, the support services available for his son are inferior to those available in California. He was forced to leave his position in California and relocate to India by the actions of Defendant and Mr. Kotni.

*Id.* ¶ 71. Mr. Kannan characterizes his resignation as a "wrongful discharge." *Id.* ¶ 214. He alleges that he "suffered wage losses and benefits, and lost employment and advancement opportunities, both past and future lost opportunities, consequential damages, and losses related to and caused by the forced relocation to India." *Id.* ¶ 217.

Apple has subpoenaed eleven companies (Adobe Systems Inc., App Annie Inc., Gigya, Inc., Google LLC, Marketo, Inc., MixPanel, Inc., OneLogin, Inc., Ooyala, Inc., Percona, Inc., Salesforce.com, Inc., and Walmart Inc.) for information about Mr. Kannan's efforts to obtain employment, arguing that these efforts are relevant to show whether Mr. Kannan could have mitigated his damages and whether Mr. Kannan had equal or superior skills to the other employees in Mr. Kotni's group who were more highly compensated. *See* Dkt. No. 141 at 3, 5.

Apple seeks the following information from each company regarding Mr. Kannan:

(1) employment application, including the dates he submitted his application;

(2) resume;

(3) cover letter;

(4) job description for the position(s) to which Mr. Kannan applied;

(5) documents or correspondence showing Mr. Kannan's stated reason for leaving Apple Inc. or seeking new employment;

(6) correspondence with Mr. Kannan regarding his employment application and interview process;

(7) records regarding interviews with Mr. Kannan, including the dates of any interviews;

(8) documents or correspondence regarding Mr. Kannan's requested compensation; and

(9) documents or correspondence regarding whether an offer of employment was extended or denied to Mr. Kannan, including Mr. Kannan's acceptance or rejection of any such offer.

*See, e.g.*, Dkt. No. 141, Ex. A at ECF p. 26. The subpoenas seek production of records reflecting Mr. Kannan's efforts to obtain employment with these companies dating back to August 29, 2011 and extending to the present. *Id.* Apple proposes to narrow the scope of the subpoenas to the period of time from 2013 to the present. Dkt. No. 141 at 6. Mr. Kannan seeks a protective order against this discovery, but alternatively proposes to limit the scope of the subpoenas to the period of time from 2016 through May 2017. Dkt. No. 146 at 5.

On September 25, 2019, the Court ordered the parties to comply with procedures for discussion and resolution of discovery in addition to the procedures set forth in the Court's

3

United States District Court
Northern District of California

1  Standing Order for Civil Cases. Dkt. No. 120 at 7. Neither party complied with the Court's
2  requirements in submitting this discovery dispute. Mr. Kannan's portion of the joint submission
3  filed on October 7, 2019 exceeded the permitted word limit by 130 words. According to Mr.
4  Kannan, Apple failed to disclose information it had already received pursuant to Apple's subpoena
5  to App Annie and then made substantial revisions to its portion of the joint submission late in the
6  evening on the day before the submission was filed. As a remedy for this lack of compliance, the
7  Court struck Mr. Kannan's portion of the joint submission and required him to re-file a compliant
8  version of his argument (*see* Dkt. No. 144), and will not consider the portions of Apple's argument
9  that refer to or discuss information obtained from App Annie, including Exhibit C (Dkt. No. 142-
10 3).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Emp'rs Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment); Fed. R. Civ. P. 34(a)). A party challenging a subpoena to a non-party may move for a protective order under Rule 26(c). 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3rd ed.).

Here, Apple bears the burden in the first instance to demonstrate that the subpoenas seek discovery that is both relevant and proportional. *See Finley v. Pulcrano*, No. C-08-0248-PVT, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008). If Apple meets that burden, Mr. Kannan must demonstrate good cause for a protective order barring that discovery. *Id.* ("'A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.'") (quoting 8 Wright & Miller, *supra*, § 2035).

## III. DISCUSSION

Apple has demonstrated good cause to obtain discovery from the companies with whom

1 Mr. Kannan sought employment with respect to the question of Mr. Kannan's claim that he
2 suffered damages because he was wrongfully discharged and forced to relocate to India. Mr.
3 Kannan alleges that his damages include lost wages and benefits, past and future lost
4 opportunities, and other losses related to his relocation to India. Mr. Kannan's efforts to obtain
5 employment and the results of those efforts are directly relevant to his claims and Apple's
6 defenses. *See, e.g.*, *Scott v. Eglin Fed. Credit Union*, No. 3:16-CV-719-RV-GRJ, 2017 WL
7 1364600, at *2 (N.D. Fla. Apr. 13, 2017) ("There is little question that in an employment
8 discrimination suit the start date of employment after termination, a description of the type of
9 employment, and the compensation for the employment, are relevant to the defense of mitigation
10 of damages and possibly the defense of after-acquired evidence."). Moreover, Apple contends that
11 it has not been able to obtain complete information from Mr. Kannan himself as to these matters.

The Court is not persuaded, however, that Apple has good cause to discover what other companies thought of Mr. Kannan's skills and experience during his tenure at Apple, and some of its document requests use broad language that might be understood as encompassing such matters. Mr. Kannan's claims about the nature of his compensation and benefits and his lack of promotion within Apple are tied to Apple's particular job level classification and promotion system and how he fared in that system as compared to other employees in Mr. Kotni's group. Apple has made no showing that its system is shared generally by other companies in the industry or specifically by the eleven companies it has subpoenaed. Such discovery is not relevant and proportional to the needs of this case. *See, e.g.*, *Barlow v. Dupree Logistics, LLC*, No. CIV.A. 1:14-BE-1808, 2015 WL 4646812, at *9 (N.D. Ala. Aug. 5, 2015) (granting motion for protective order regarding subpoena for "references, and notes from reference interviews" from potential employer). For these reasons, the Court will not permit discovery from the eleven companies of the following documents: (i) "records regarding interviews with Mr. Kannan," except that Apple may discover documents sufficient to show the date of any such interview; (ii) "documents or correspondence regarding Mr. Kannan's requested compensation," except that Apple may discover documents sufficient to show the compensation, if any, Mr. Kannan requested; and (iii) "documents or correspondence regarding whether an offer of employment was extended or denied to Mr.

Kannan," except that Apple may discover documents sufficient to show whether an offer was extended or denied, and if an offer was extended, what the offer was, and Mr. Kannan's acceptance or rejection of such offer.

The Court also considers the parties' dispute regarding the relevant time frame for the subpoenas. Mr. Kannan argues that discovery related to mitigation of damages should be limited to the period of time from mid-2016 (approximately one year before he left Apple) through the end of 2017. He also expresses concern about the negative implications service of these subpoenas might have on his prospects for future employment with these eleven companies. Apple observes that because Mr. Kannan claims ongoing damages, it might be appropriate to limit the beginning date encompassed by the subpoenas but not the end date.

The record before the Court indicates that Mr. Kannan may have begun seeking alternative employment in late 2015 or early 2016. *See* Dkt. No. 141 at 4 (referring to creation dates of resumes); Dkt. No. 146 at 2 (quoting deposition testimony). The Court notes that this effort coincides with the timing of Mr. Kannan's internal complaint at Apple, which he filed in early December 2015. Dkt. No. 58 ¶ 56. For this reason, the Court concludes that it is reasonable for Apple to seek discovery of Mr. Kannan's efforts to obtain other employment beginning December 1, 2015. In addition, it appears that Mr. Kannan has not limited his damages to a particular end date, but rather he seeks damages for ongoing harm caused by his alleged wrongful discharge from Apple. Accordingly, the Court concludes that Apple's subpoenas may encompass responsive documents for the period of time from December 1, 2015 to the present.

As for Mr. Kannan's concerns about the possible negative impact of this discovery on his prospects for future employment, the Court finds that, as limited above, the subpoenas do not seek unduly burdensome information, nor do they include any disparaging representations about Mr. Kannan. Any concerns regarding privacy may be addressed by designating information under the operative protective order.

**IV.    CONCLUSION**

For the reasons stated above, the Court grants in part and denies in part Mr. Kannan's motion for a protective order. Requests Nos. 7-9 in the subpoenas are limited as follows:

6

(7) records sufficient to show the dates of any interviews with Mr. Kannan;

(8) documents sufficient to show the compensation, if any, requested by Mr. Kannan; and

(9) documents sufficient to show whether an offer of employment was extended or denied to Mr. Kannan, and if an offer was extended, what the offer was, and Mr. Kannan's acceptance or rejection of such offer.

The subpoenas are further limited in time to Mr. Kannan's efforts to obtain employment with the eleven companies from December 1, 2015 to the present.

Apple shall serve a copy of this order on the eleven companies on whom it served the subpoenas at issue by no later than **October 17, 2019**.

**IT IS SO ORDERED.**

Dated: October 15, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

7