UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAJA KANNAN,

        Plaintiff,

v.

APPLE INC.,

        Defendant.

Case No. 17-cv-07305-EJD (VKD)

**ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S DOCUMENT REQUESTS**

Re: Dkt. No. 151

On September 25, 2019, the Court ordered plaintiff Raja Kannan to respond to several of defendant Apple Inc.'s document requests by October 1, 2019, including Requests Nos. 14, 15, 16, 18, 19, and 21. Dkt. No. 120 at 5. Apple contends that Mr. Kannan has not complied with this order.[1] Mr. Kannan responds that Apple seeks documents outside the scope of Apple's document requests, that some of the documents are not relevant, and that Mr. Kannan should not have to produce documents that are already in Apple's possession.[2]

***Requests Nos. 14-16.*** Apple's Requests Nos. 14-16 seek documents about Mr. Kannan's and his family's move to India:

> Request No. 14: All Documents and text messages discussing, referring to, or supporting Your decision to move to India, including but not limited to the dates You decided to move to India, during Your employment with Apple from August 29, 2011 through the present.

---

[1] Apple also asks for sanctions but has not filed a motion that complies with the Court's rules seeking that relief. Civ. L.R. 37-4.

[2] Mr. Kannan refers to disputes about Apple's privilege log and about Apple's responses to Mr. Kannan's document requests, but such disputes are not properly before the Court. Standing Order for Civil Cases at 3.

> Request No. 15: All Documents and text messages discussing, referring to, or supporting Your wife's decision to move to India, during Your employment with Apple from August 29, 2011 through the present.
>
> Request No. 16: All Documents and text messages discussing, referring to, or supporting any time Your spouse and son were physically in India, whether permanently or temporar[ily], during Your employment with Apple from August 29, 2011.

Dkt. No. 110, Ex. C. Mr. Kannan made several objections to these requests, including various privilege objections. The Court ordered Mr. Kannan to complete his production of documents responsive to these requests by October 1, 2019, with the exception of those documents as to which he claims a privilege. Dkt. No. 120 at 5.

Mr. Kannan is correct that Requests Nos. 14 and 15 are limited to documents discussing, referring to, or supporting Mr. Kannan's decision to move to India and his wife's decision to move to India, and do not encompass all documents regarding Mr. Kannan's travel to India. Mr. Kannan is also correct that Request No. 16 is limited to documents discussing, referring to, or supporting the times Mr. Kannan's wife and son were in India, and does not encompass all travel by Mr. Kannan to India. However, it appears that Mr. Kannan is withholding documents responsive to these requests because he contends such documents are not relevant. *See* Dkt. No. 151 at 6. In particular, Mr. Kannan objects to producing documents reflecting Mr. Kannan's wife's decision to move to India. Likewise, Mr. Kannan objects to producing documents reflecting the times Mr. Kannan's wife and son were in India. *Id.* The Court has already overruled those objections and will not revisit that decision. *See* Dkt. No. 120 at 5.

The Court orders Mr. Kannan to search for and produce documents responsive to Requests Nos. 14-16, including the documents Mr. Kannan contends are irrelevant, by no later than **October 28, 2019**. At this time, Mr. Kannan need not produce responsive documents for which he has asserted a claim of privilege. Failure to complete this production will subject Mr. Kannan and/or his counsel to sanctions, including monetary sanctions, under Rule 37(b) of the Federal Rules of Civil Procedure.

***Requests Nos. 18 and 19.*** Requests Nos. 18 and 19 seek documents concerning Mr.

1 Kannan's and his wife's development of software applications during Mr. Kannan's period of
2 employment with Apple. Mr. Kannan represented to the Court that he had already produced
3 documents reflecting his own development of software applications. Dkt. No. 110 at 7. The
4 Court concluded that Mr. Kannan need not produce any documents reflecting his wife's
5 development of software applications, but ordered that he must produce documents reflecting
6 software applications developed by any person using Mr. Kannan's Apple-issued computer
7 equipment. Dkt. No. 120 at 5. The parties dispute whether Mr. Kannan has complied with this
8 latter directive.

Mr. Kannan says that his wife did not use his Apple-issued computer to develop any software applications, and that she only used Mr. Kannan's computer to back up copies of software applications she developed separately. Dkt. No. 151 at 7. The Court previously concluded that Mr. Kannan's wife's separate software development work is not relevant to any claim or defense in the case. *See* Dkt. No. 120 at 5; Dkt. No. 128 at 153:24–154:17. However, Apple argues that Mr. Kannan and his wife collaborated on software applications and that such collaboration is relevant to Apple's defenses. The parties dispute whether Mr. Kannan has produced a list of the files he claims reflect his wife's independent software development work and whether those files must be produced. Specifically, Apple contends that Mr. Kannan has produced a lengthy list of software application files that are responsive to its document requests, while Mr. Kannan characterizes the same list as containing a large number of irrelevant personal files. *Id.* at 3–4, 7.

The Court orders Mr. Kannan to provide Apple with a list of files reflecting the software applications developed exclusively by Mr. Kannan's wife by **October 25, 2019**. This list must not include any other files. No later than **October 28, 2019**, Mr. Kannan must file a declaration under penalty of perjury (1) specifically identifying the software applications he developed himself or with any other person during the period of his employment with Apple, and (2) attesting to the representation included in his portion of the joint submission that his wife did not use his Apple-issued computer to develop any software applications, but rather used the computer only as backup storage for those applications.

***Request No. 21.***  Request No. 21 asks Mr. Kannan to produce all documents concerning, reflecting, or relating to any application he submitted to another employer during his employment with Apple.  Mr. Kannan represents that he has produced all responsive documents, and his counsel represents that she has personally participated in a search of Mr. Kannan's emails for documents responsive to this request.  Dkt. No. 151 at 6–7.  Accepting Mr. Kannan's and his counsel's representations, the Court concludes that there is nothing further to order with respect to this request.

**IT IS SO ORDERED.**

Dated: October 22, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge