Todd K. Boyer, Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>       Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 5:17-cv-07305-EJD (VKD)<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION RE SUBMITTING DISCOVERY DISPUTES TO THE COURT**<br><br>Complaint Filed:  December 26, 2017<br>FAC Filed:  May 10, 2018<br>SAC Filed:  October 19, 2018 |

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION RE SUBMITTING DISCOVERY DISPUTES TO THE COURT

## I.   INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully requests this Court deny Plaintiff Raja Kannan's ("Plaintiff" or "Kannan") administrative motion on the grounds that Plaintiff improperly used the administrative motion process to circumvent the Court's September 25 order which specifically set forth the procedures to be used for discovery disputes.

As discussed below, Plaintiff's administrative motion is moot, and any remaining issues need to be briefed in accordance with the Court's September 25 order. Accordingly, Apple respectfully requests this Court deny Plaintiff's administrative motion in its entirety.

## II.   ARGUMENT

### A.   The Dispute Over Apple's AEO Designations

#### 1.   The Parties Have Resolved Most Issues Based on Meet and Confer Efforts.

On October 9, 2019, Plaintiff's counsel identified nearly 1,800 pages of documents that Plaintiff contends is inappropriately designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" ("AEO") or "CONFIDENTIAL." As further detailed below, the parties disputed as to whether they had met and conferred on the particular designations. However, the parties have since reached a compromise as to the vast majority of the documents set forth herein.

On October 24, Apple agreed to remove the AEO designation from blank or redacted pages and to re-designate comparator employee resumes and an email regarding compensation as "Confidential." As to these documents, Apple agreed that the original versions of these documents may be treated as non-AEO or as "Confidential" without the need to re-produce them as such, so that Plaintiff can review them immediately.

In addition, Apple agreed to re-produce without the AEO designation a redacted version of the following documents by Monday, October 28, 2019: investigation summary of Plaintiff's internal complaint, compensation calibration worksheets, Stock Agreements, compensation emails, and compensation charts. Therefore, these documents should no longer be at issue.

#### 2.   The Outstanding Issues For the Court's Determination Relate to Comparator Personnel Records and Compensation Guidelines.

The remaining documents at dispute for the Court's determination generally fall into two

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION RE
SUBMITTING DISCOVERY DISPUTES TO THE COURT

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

categories: (1) comparator personnel records and (2) compensation guidelines.

### a. Comparator Personnel Records Are Appropriately Designated AEO Pursuant to the Court's July 11 Order.

As to comparator personnel records, Plaintiff seeks to remove the AEO designation from other Apple employees' peer 360 reviews, annual performance reviews, personnel files, Stock Plan Administration emails, Notice of Stock Awards, RSU vesting schedules, and RSU award schedules.

As this Court noted in its July 11 Order, the AEO designation is appropriate for other Apple employee records produced in this matter:

> Apple's privacy objection has substantial merit. The federal courts recognize the interest employers and employees have in preserving the confidentiality of sensitive information in an employees' records. *See Nakagawa v. Regents of Univ. of California*, No. C06-2066 SI, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) (citing *Detroit Edison Co. v. Nat'l Labor Relations Bd.*, 440 U.S. 301, 319, n. 16 (1979)) . . . The Court concludes that the appropriate balance here requires permitting Apple to produce *confidential employee-specific* records on an attorneys' eyes only basis. (*See* Dkt. 105).

Despite this Court's clear ruling on the appropriateness of the AEO designation, Plaintiff attempts to relitigate this Court's Order by claiming that AEO treatment is unjustified and does not apply to other employees' personnel records, as opposed to compensation records only. However, this Court already specifically addressed Plaintiff's argument months ago in its July 11 Order:

> Mr. Kannan strongly objects to a production that does not permit him personally to access these records or know their contents, and he argues that such an order would interfere with his counsel's ability to effectively prosecute his case. The Court is not persuaded that Mr. Kannan himself requires access to the contents of ***compensation and personnel records of Apple's other employees***. (*See* Dkt. 105) (emphasis added).

The Court's Order noted that "Apple may produce confidential employee-specific records on an attorneys' eyes only basis." (Dkt. 105). Nowhere did the Court limit the AEO designation to compensation records, and such limitation would be inconsistent with the Court's statement that Plaintiff does not require access to personnel records of other employees. Indeed, Plaintiff does not and cannot provide *any* authority supporting his narrow interpretation of the Court's Order.

### a. Compensation Guidelines Are Appropriately Designated AEO Pursuant to the Revised Protective Order

Plaintiff seeks to remove the AEO designation from manager emails containing annual

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

compensation guidelines and manager emails containing specific compensation recommendations and decisions for other Apple employees based on their performance ratings. As these emails discuss other Apple employees' performance ratings and compensation information, Apple produced these as AEO pursuant to the Court's July 11 Order, as discussed above.

In addition, Apple's compensation guidelines are extremely competitive business information that would be harmful if distributed, particularly to Plaintiff who was not a manager at the time these compensation guidelines were issued. In balancing the privacy interests of comparator employees and Apple's highly confidential business information with Plaintiff's need to discover information about how Apple treated its other employees, the appropriate balance here requires permitting Apple to produce confidential employee-specific records and highly confidential business information on an attorneys' eyes only basis.

### 3. Plaintiff's Draft Brief and This Motion Were Premature As the Parties Had Not Met and Conferred Per the Court's Order.

On September 9, Plaintiff's counsel sent an email identifying nearly 1,800 pages that he contends are inappropriately designated as "AEO." Although the parties had not met and conferred regarding any specific documents or even categories of documents, Plaintiff's counsel emailed the first draft of his brief regarding AEO designations to Apple on October 16. Apple's counsel informed Plaintiff's counsel on October 18 that the brief was premature as the parties had not met and conferred on specific documents and therefore Plaintiff was in violation of this Court's October 11 Order that the parties discuss any issues "***before*** submitting disputes about ***particular designations*** to the Court." (Dkt. 148) (emphasis added).

On October 18, Apple's counsel offered to schedule a telephone conference, and provided Apple's draft portion in the event Plaintiff intended to pursue the issue with the Court without having first met and conferred. Apple's counsel called Plaintiff's counsel on October 21 in an attempt to resolve this matter or at least narrow the issue before submitting this brief to the Court. Plaintiff's counsel was unable to discuss specific documents at issue on October 21 and did not provide any specific dates or times to discuss the nearly 1,800 pages at issue.

As a result, the parties discussed providing an extension to file the brief. In the alternative,

Apple's counsel informed Plaintiff's counsel that it would return its revisions at 4:00 p.m. per the Court's Order if Plaintiff desired to proceed with filing the brief on October 21. However, at no time did Apple agree to deviate from the Court's Order by permitting Plaintiff to add revisions to the final draft before submitting it to the court.

In response, Plaintiff agreed to hold off one day in filing the brief so the parties could meet and confer on October 22. In the event that Plaintiff nonetheless desired to file the brief on October 21, Apple provided its revised portion that afternoon. However, Plaintiff elected not to file that brief.

Although the parties did not meet and confer on October 22, Plaintiff's counsel subsequently sent a revised brief that removed Apple's revisions to the Statement of Dispute. The parties disputed as to whether Plaintiff was permitted to remove Apple's revisions to the Statement of Dispute, and whether Plaintiff was permitted to make further revisions in response to Apple's portion prior to submitting it to the Court.

At 5:45 pm on October 24, Apple's counsel informed Plaintiff's counsel that Apple would send a compromise relating to de-designating AEO documents that evening. At 10:27 pm, Apple's counsel sent an email agreeing to de-designate the above-mentioned documents effective immediately and to re-produce redacted versions of the above-mentioned documents by Monday, October 28.

Despite this compromise, Plaintiff filed this administrative motion at 11:13 pm on October 24. Accordingly, Plaintiff's statement that "[Apple] has said it will remove designation but has never been willing to state any specific document as to which AEO s removed. Apple has been unwilling to provide any date or deadline by which AEO re designation" is false.

**B.  Apple Has Agreed To Produce Non-Privileged Documents Responsive To Plaintiff's Request For Production Nos. 72-74.**

The second issue Plaintiff raises with respect to the investigation into his potential violation of Apple policy is similarly premature. At the time Plaintiff filed his administrative motion, Apple had already agreed to provide non-privileged documents responsive to Plaintiff's Request for Production Nos. 72-74 by Tuesday, October 29. Plaintiff filed his administrative motion even after Apple had agreed to produce these document, so Apple is at a loss as to the reasons as to why the motion was filed.

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

4                                Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION RE SUBMITTING DISCOVERY DISPUTES TO THE COURT

### C. Apple Has Already Produced A Witness To Testify Regarding Topics 25-26 And Another Witness Will Testify To Topic 27.

Another issue Plaintiff raises in his administrative motion is that Apple is that Apple did allegedly did not designate witnesses to testify regarding the processing of Plaintiff's electronic data on his computer, and regarding the investigation into whether the files found on Plaintiff's computer constitute misconduct under Apple's policies. Apple had designated Beth Kellermann to testify regarding Apple's processing of electronic data and the specific action taken with regard to the preservation of the data on Plaintiff's computer. Ms. Kellerman testified on October 25 regarding these topics.

Apple also designated Brian Carr to testify regarding whether the information contained on Plaintiff's computer would violate Apple's policies. Mr. Carr is set to testify on October 31. Apple also agreed to provide Plaintiff with a summary of the potential policy violations being investigated by Mr. Carr, which it provided on October 28. Thus, Plaintiff's administrative motion and/or discovery dispute is premature.

### III. CONCLUSION

Due to Plaintiff's failure to comply with the Court's meet and confer obligations, Apple requests that Plaintiff's request for relief be denied, and that Plaintiff be required to seek approval from the Court before filing future briefs that may needlessly consume the Court's valuable time.

Dated: October 28, 2019        BAKER & McKENZIE LLP


By: /s/ Todd K. Boyer
    Todd K. Boyer
    Caroline Pham
    Attorney for Defendant
    APPLE INC.

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

5                                   Case No 5:17-cv-07305-EJD
DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION RE SUBMITTING DISCOVERY DISPUTES TO THE COURT