UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RAJA KANNAN,

             Plaintiff,

    v.

APPLE INC.,

             Defendant.

Case No. 17-cv-07305-EJD  (VKD)

**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE LOG**

Re: Dkt. No. 152

The parties ask the Court to resolve a dispute regarding the adequacy of plaintiff Raja Kannan's privilege log. Dkt. No. 152. The Court directed Mr. Kannan to submit the documents corresponding to entries #1-20 for in camera review. Dkt. No. 154. Mr. Kannan instead submitted the documents corresponding to entries #1-2, 4-15, 17-23, and 25.[1]

For the following reasons, the Court concludes that Mr. Kannan has substantiated his claims of attorney-client privilege or work product protection as to the documents submitted for in camera review corresponding to entries #1-2, 4-15, 17-20, and his claim of spousal privilege in entries #21-23 and 25 in his October 16, 2019 privilege log. Mr. Kannan has not substantiated his claims of privilege or protection for entries #3 and 16.

I.     **BACKGROUND**

Following this Court's prior order finding his privilege log inadequate, Mr. Kannan served an amended privilege log on October 16, 2019. *See* Dkt. No. 120 at 4–5; Dkt. No. 152, Ex. C. Mr. Kannan contends that he has properly asserted claims of privilege and work product

---

[1] Mr. Kannan represents that he cannot locate copies of the documents corresponding to entry #3 (*see* Dkt. No. 152-1 at ECF p.16), and he did not provide a copy of the document(s) corresponding to entry #16. The privilege log contains no entry #24.

protection by providing a privilege log that meets the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure, and that he should not be deemed to have waived any such privileges or protections. Apple contends that the privilege log does not meet the requirements of Rule 26(b)(5), and therefore Mr. Kannan has not adequately asserted any privileges or protections. In addition, the parties dispute Mr. Kannan's reliance on the work product doctrine with respect to certain materials that he prepared on his own in anticipation of litigation but without any direction or involvement of counsel.

## II.    LEGAL STANDARD

The attorney-client privilege applies only where the communication concerns legal advice sought from an attorney in his or her capacity as a professional legal advisor, and where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed or waived. *United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002) (citing 8 John H. Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). However, not all communications with an attorney are privileged. *Id.* Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed. *Id.*

The party claiming the privilege has the burden to establish that it applies. *Martin,* 278 F.3d at 999–1000. In particular, a party asserting privilege must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (explaining that a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection."). Typically, this is done using a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of

its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  However, a party may substantiate a claim of privilege by other means.  *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.").

The work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)).  Typically, the doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508–10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981).  However, Rule 26(b)(3) extends the qualified work product protection to materials "prepared in anticipation of litigation or for trial *by* or for *another party* or its representative . . . ." Fed. R. Civ. P. 26(b)(3) (emphases added); *see also* Fed. R. Civ. P. 26(b)(3) advisory committee note to 1970 amendment; 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2024 (3d ed.) ("The 1970 amendment also extended the work product protection to documents and things prepared for litigation or trial by or for the adverse party itself or its agent.  Prior to the adoption of Rule 26(b)(3), some cases had held that documents of this kind were not within the immunity, but the protection exists under the rule.").  Although courts regarding whether or to what extent the protection extends to materials prepared by a pro so litigant, *compare McKenzie v. McNeil*, No. 4:11CV45-RH/WCS, 2012 WL 695108, at *1 (N.D. Fla. Mar. 1, 2012) (expressing skepticism about the extent to which a pro se plaintiff may assert work product protection) *with Dessault Systemes v. Childress*, No. 09-10534, 2013 WL 12181774, at *1 (E.D. Mich. Nov. 22, 2013) (acknowledging pro se litigant's right to assert work product protection), this Court concludes that a party may assert work product protection regardless of whether he is represented by counsel, so long as the assertion meets the requirements of Rule 26(b)(3).

The work product doctrine does not protect facts from disclosure. *See, e.g.*, *O'Toole v. City of Antioch*, No. 11 CV 01502 PJH MEJ, 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB, 2012 WL 2327191, at *4–5 (N.D. Cal. June

18, 2012).  The party asserting the protections of the doctrine bears the burden of showing that the

documents at issue qualify for protection.  *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d

573, 577 (9th Cir. 1992).  As with claims of attorney-client privilege, the party asserting work

product protection must party "describe the nature of the documents . . . in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(b)(5)(A).

The "marital communications" privilege protects private, confidential communications

between spouses.  *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004).  The

privilege must be construed narrowly.  *Id.*

## III.   DISCUSSION

Presumably, Mr. Kannan has provided for in camera review all of the responsive

documents he is withholding on grounds of privilege: 22 documents.  His privilege log, however,

is not document-specific.  For example, Exhibit 1 submitted in camera is an email exchange

between Mr. Kannan and one prospective counsel dated October 12-13, 2016.  This exhibit is

presented in camera as corresponding to entry #1 in Mr. Kannan's privilege log, which reads:

| date | author | recipient | description | privilege |
|------|--------|-----------|-------------|-----------|
| 2015 approx. November through August 2018 | R Kannan | Specific potential attorneys who would possibly represent Kannan | Communications with specific attorneys concerning potential representation of Kannan and/or consulting on legal issues involved in this litigation. These communications, to the extent now known, to Plaintiff, are individually listed below.  Failure to list is not a waiver as to any item which may fall in this category. Not saved to Apple laptop. | Attorney client privilege, work product |

This is not an accurate description of the document submitted for in camera review.

Mr. Kannan's privilege log appears to misrepresent the documents Mr. Kannan is

withholding because it does not accurately describe those documents with the specificity Rule

26(b)(5) requires.  The Court previously ordered Mr. Kannan's counsel to personally review and

assess each document for which a privilege or protection is asserted before making a claim of

privilege or protection.  *See* Dkt. No. 120 at 4–5.  The Court expected that that review would result in a revised, document-specific privilege log, or at the very least that Mr. Kannan would provide an explanation for why preparation of a document-specific log would be unduly burdensome.  Given the non-specific nature of most of the entries on the privilege log, the Court has undertaken an in camera review of all documents Mr. Kannan says he has withheld on grounds of privilege or some other protection.

Based on that review, the Court orders as follows:

Several of the documents associated with entries on Mr. Kannan's privilege log are communications and other documents that reflect his efforts to obtain counsel in this matter. These documents are protected from disclosure by the attorney-client privilege and correspond to entries #1, 2, 4, 5, 9, 10, 12, 18, 20.

Several of the documents associated with entries on Mr. Kannan's privilege log are documents he prepared himself in anticipation of litigation.  These documents are protected from disclosure by the work product doctrine, as Apple has made no showing that it has a substantial need for these documents: entries #5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 19, 20.

Mr. Kannan asserts "spousal privilege" with respect to entries #21, 22, 23 and 25.  The privilege log descriptions for these entries are more specific than others on the log, providing reasonable notice to Apple of the nature of the documents and the reasons for assertion of the privilege.  These documents appear to be private, confidential communications between Mr. Kannan and his wife.  Apple does not contend otherwise.  The Court concludes that the marital communications privilege protects these documents from discovery.

Apple refers in passing to the fact that the privilege log sometimes states that a particular document or category of documents was "not saved to [Mr. Kannan's] Apple laptop" but otherwise is silent on that point.  To the extent Apple contends that saving these documents to an Apple-owned computer means that such documents were not maintained in confidence, that argument is not well-developed in Apple's portion of the joint submission.  *See* Dkt. No. 152 at 5. Apple's single citation to *Long v. Marubeni Am. Corp.*, No. 05Civ.639, 2006 WL 2998671 (S.D.N.Y. Oct. 19, 2006), without discussion of how the facts of that case compare to the facts of

1   this case, is not persuasive.  Other courts in this district have applied the four-factor analysis

2   described in *In re Asia Global Crossing, Ltd.*, 322 B.R. 247 (2005), for determining whether the

3   attorney-client privilege or other protection may apply to an employee's communications

4   transmitted or stored on an employer's computer, but neither party engages in that analysis here.

5   *In re High-Tech Employee Antitrust Litig.*, No. 11-cv-2509-LHK-PSG, 2013 WL 772668 (N.D.

6   Cal. Feb. 28, 2013); *Flatworld Interactives v. Apple Inc.*, No. C-12-019560 JSW (EDL), 2013 WL

7   11319071 (N.D. Cal. Dec. 24, 2013).  For his part, Mr. Kannan says that he "believed that under

8   Apple's policies and practices his private material saved to the laptop would be protected."  Dkt.

9   No. 152 at 8.  Apple does not dispute Mr. Kannan's characterization of Apple's policies and

10  practices.  Accordingly, the Court concludes that Mr. Kannan has not waived any privilege or

11  protection by saving documents or communications to his Apple-owned computer.

12          The Court concludes that the documents submitted for in camera review corresponding to

13  entries #1-2, 4-15, 17-23, and 25 need not be produced.  However, the Court will require Mr.

14  Kannan to prepare a privilege log that accurately describes the responsive documents he is

15  currently withholding from production.  For example, Mr. Kannan may not rely on broad date

16  ranges or generic descriptions of the parties to a collection of communications.  Mr. Kannan shall

17  serve an amended privilege log on Apple by **November 6, 2019**.  Mr. Kannan has a continuing

18  duty to amend this log if additional responsive documents are withheld on grounds of privilege or

19  some other protection.

20          The Court concludes that Mr. Kannan has not established a claim of privilege or protection

21  for documents corresponding to entries #3 and 16.  However, it is unclear whether any such

22  documents actually exist and whether Mr. Kannan is withholding them from production.  If they

23  do exist and Mr. Kannan is withholding them, Mr. Kannan must produce them by **November 6,**

24  **2019.**

25          **IT IS SO ORDERED.**

26  Dated: October 30, 2019

27

28                                                      VIRGINIA K. DEMARCHI
                                                       United States Magistrate Judge