Todd K. Boyer, Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 5:17-cv-07305-EJD (VKD)<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S "JOINT DISCOVERY BRIEF" [DKT 165-1] AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBITS**<br><br>Complaint Filed: December 26, 2017<br>FAC Filed: May 10, 2018<br>SAC Filed: October 19, 2018 |

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 5:17-cv-07305-EJD

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S "JOINT DISCOVERY BRIEF" [DKT 165-1] AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBITS

## I. INTRODUCTION

Pursuant to Local Rule 7-11, Apple respectfully requests that the Court allow it to file exhibits that Plaintiff's counsel refused to file as part of the "Discovery Letter Brief re Apple's Failure To Comply with September 25 Order" (hereinafter "Joint Discovery Brief") [Dkt 165-1] on the grounds that Plaintiff unilaterally filed the Joint Discovery Brief without Apple's consent, that the exhibits are directly relevant to Apple's position and fall within the scope of the Court's Standing Order related to discovery disputes. Furthermore, Apple objects to Plaintiff's counsel's attestation that the she had Apple's permission to file the Joint Discovery Brief, and that her statement that "Pursuant to Civil L.R. 5-1(i)(3), I, Karen E. Ford, hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories" is not true. As noted in Plaintiff's statement accompanying the Joint Discovery Brief [Dkt. 165], the parties have met and conferred on the issue raised in this motion and Plaintiff will not stipulate to allow the filing of the exhibits referenced in the Joint Discovery Brief.

## II. BACKGROUND

### A. Apple's Proposed Exhibits Are Critical To The Discovery Dispute At Issue In the Joint Discovery Brief.

As set forth in the attached declaration of Todd K. Boyer, on October 30, 2019, the parties had drafted a joint brief which Plaintiff entitled "DISCOVERY LETTER BRIEF Apple's Failure to Comply with September 25 Order" filed as Dkt. No. 165-1." As part of Apple's portion of the brief, Apple provided five exhibits to Plaintiff's counsel to file with Apple's portion of the Joint Discovery Brief. *See* Boyer Decl., ¶ A, B.) Plaintiff's counsel deliberately omitted Apple's exhibits from the Joint Discovery Brief and filed it without informing Apple that she would be filing it without Apple's exhibits because she had unilaterally determined that they "violate[d] the Standing Order."

In the Joint Discovery Brief, Plaintiff claims that Apple did not comply with the Court's September 25 Order related to Apple providing evidence that it will rely upon related to Plaintiff's misconduct. In the Joint Discovery Brief [Dkt 165-1], Apple set forth the timeline regarding this discovery dispute, including that Apple's investigation into Plaintiff's misconduct was delayed based on his repeated representations to Apple and this Court that he had nothing to do with development of

1

Case No 5:17-cv-07305-EJD

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S "JOINT DISCOVERY BRIEF" [DKT 165-1] AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBITS

any commercial software application outside of his work at Apple.

The five exhibits Apple intended to submit with the Joint Discovery Brief are critically relevant to Apple's position taken in the Joint Discovery Brief, in that they show that Plaintiff appears to have been deliberately misleading the Court and Apple regarding his involvement in application development, and has repeatedly informed this Court that he had nothing to do with application development while working at Apple. These repeated misrepresentations have caused delay in Apple obtaining documents and to prepare a witness relative to Apple's contentions as to whether Plaintiff violated any of Apple's policies as it has been stonewalled by Plaintiff from obtaining documents relative to Plaintiff's development of applications outside of his job duties at Apple. Developing applications for the Apple's app store (or any other online store among other things) outside of an employee's official duties is prohibited under Apple's policies.

Most recently, Plaintiff was ordered by this Court to file a declaration under oath that he had nothing to do with application development while working at Apple, in which he stated:

> "The only apps I developed during the time I have worked for Apple have been for Apple itself. My manager at Apple was well aware of this work and it was part of my job. My app was adopted and used within Apple. This included SafeSHELL, SafeSQL & CR Logging Tool. I produced documents I my [sic] possession concerning this app on September 9, 2019. These are all the documents I have concerning my development of any app while employed at Apple."

(Declaration of Plaintiff, Dkt. No. 160, ¶ 2.)

As noted in the Joint Discovery Brief, Plaintiff and Plaintiff's counsel's repeated assurances that he had nothing to do with application development outside of his official duties have led to Plaintiff not producing any documents related to his development of applications. As Apple has repeatedly advised Plaintiff and this Court, it believed that Plaintiff was in fact developing commercial applications outside of his official duties which may violate Apple's policies and moved to compel production of these documents on two occasions. *See* Dkts. 110, 151. Plaintiff's counsel, and now Plaintiff advised this Court that there were no documents as he did not develop any applications. *See* Dkt. No.., 110. p. 7:20-22; Dkt. No. 160, ¶ 2.)

During the most recent review to provide documents responsive to Plaintiff's Request for Production, Nos. 72-74, which sought documents that Apple would rely upon to support its contention

2
Case No 5:17-cv-07305-EJD

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S "JOINT DISCOVERY BRIEF" [DKT 165-1] AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBITS

that Plaintiff violated Apple's policies, Apple discovered a number of documents showing that Plaintiff had in fact had directly been involved in developing applications at Apple for his wife's company, Tringio, LLC. Apple produced these documents to Plaintiff on October 29. In the "Joint Discovery Statement" Plaintiff claims that Apple is mischaracterizing these documents, but then does not allow the Court to make its own determination about the documents by unilaterally deciding not to present them to the Court.

The first exhibit Apple intended to submit to Joint Discovery Brief is a signed 17-page document entitled "Software Consulting Agreement" between Tringio, LLC (allegedly Plaintiff's wife's company) and Kno, Inc. dated April 29, 2013. (Boyer Decl., Ex C). It is true that Plaintiff's wife signed the document, but in Paragraph 3 b., of this agreement, Plaintiff is listed as a "Key Person" "essential to the Services offered" which is described in the Appendix A to the agreement. Paragraph 3b states:

> The parties agree that Raja Kannan is essential to the Services offered pursuant to this Agreement and should this person no longer be active on Client's account or be employed by Consultant for whatever reason, Client shall have the right to terminate this Agreement on thirty (30) days' written notice.

Notably, Plaintiff's work was so vital to this contract, that Kno had the "right to terminate" the agreement if Plaintiff was no longer working on the project. (*Id.*) The Services listed in the Agreement under the section "Design and Development of Knerd Fall" describe the design of an application similar to the Picture Hangman software application that Plaintiff claims was developed by his wife. Picture Hangman was a software application offered in Apple's App store for iOS devices from Tringio, LLC.

It appears that a few days after this agreement was signed, a log file on Plaintiff's Apple owned computer indicates that Plaintiff had worked on the Knerd Fall game as there are at least 16 files that were worked on by user "rajakannan" on May 1 and May 2, 2013. Apple had proposed to submit this one page log file as another exhibit. (Boyer Decl., Ex. D.) In another document discovered and which Apple proposed to submit as an exhibit, Mr. Kannan is listed as an "Agent" for Tringio, LLC on a U.S. Postal Service Form. (Boyer Decl., Ex. E.)

In yet another document that Apple proposed to submit, Mr. Kannan sought funding for the



Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Picture Hangman app through Kickstarter, and filed an appeal when it was denied. (Boyer Decl., Ex. F.) Throughout the Kickstarter application there are a number of references which state that Mr. Kannan "Picture Hangman Game for iPhone/iPod Touch & iPad ***By Raja Kannan***.) Plaintiff's Kickstarter application also includes links to the Picture Hangman apps on Apple's App Store. The Kickstarter application document is 18 pages. Finally, as noted in the Joint Discovery Brief, Plaintiff himself appears on YouTube promoting the Picture Hangman application, introducing himself as "Raja" and asks for funding to advertise the app. See https://www.youtube.com/watch?v=tXZur9R6-Dw.[1] Apple proposed to submit a one-page screenshot of this YouTube page as part of the Joint Discovery Brief. (Boyer Decl., Ex. G.)

All of these documents are critical to Apple's position in the Joint Discovery Brief as it shows that Apple was diligent in conducting its investigation of potential misconduct by Plaintiff, but that it had been stonewalled by Plaintiff and his counsel's repeated assurances that Plaintiff had nothing to do with application development. Had Apple not recently discovered these files, which are clearly responsive to Apple's repeated requests for information related to his involvement in application development and should have been produced months ago, Apple would have been forced to rely on Plaintiff's misrepresentations. Furthermore, the late discovery of these files has prejudiced Apple as it is unable to subpoena records from Kno Inc. or Kickstarter due to the rapidly impending close of discovery. Apple will seek relief related to these recently discovered documents through another motion.

**B. Plaintiff's Counsel Unilaterally Excluded Apple's Exhibits And Filed The Joint Statement Without Apple's Permission.**

Plaintiff's counsel objected to Apple's exhibits and sought permission to file the Joint Discovery Brief without the exhibits. (*See* Boyer Decl., Ex. A). As Plaintiff had objected to the submission of Apple's exhibits in the past and noted the objections within the brief, Apple's counsel informed Plaintiff's counsel that no consent would be given to file the Joint Brief without the exhibits. (*See* Boyer Decl., ¶ 2, 3, Ex. A, B.) Apple's counsel advised Plaintiff's counsel that if she had specific

[1] This video has been posted since June 25, 2012 and is not in Apple's possession. Apple will also note that should this video suddenly disappear from YouTube, Apple address such disappearance with the Court.

4 Case No 5:17-cv-07305-EJD

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S "JOINT DISCOVERY BRIEF" [DKT 165-1] AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBITS

concerns about the documents, that Apple would not object to them being filed under seal. (*Id.*) In the past, Plaintiff's counsel has objected to Apple including exhibits as part of the Joint Statement process and noted the objections within the brief. (*See* e.g., Dkt No. 141, p. 10, footnote; Dkt. No. 151, p. ,4 footnote and p. 8:27-28).

However, without informing Apple's counsel that pshe would proceed with filing without Apple's exhibits, Plaintiff's counsel unilaterally filed the Joint Discovery Brief, and attested that Apple had given her permission to do so. (*See* Dkt. No. 165-1, p. 12; Boyer Decl., ¶ 4.)

## III. CONCLUSION

Apple respectfully requests this Court allow it to file the exhibits referenced in its portion of the Joint Discovery Dispute.

Dated: October 31, 2019

BAKER & McKENZIE LLP

By: /s/ Todd K. Boyer
Todd K. Boyer
Caroline Pham
Attorney for Defendant
APPLE INC.

5

Case No 5:17-cv-07305-EJD

DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFF'S "JOINT DISCOVERY BRIEF" [DKT 165-1] AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE EXHIBITS

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400