UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 17-cv-07305-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE APPLE'S DEFENSE CONTENTIONS**<br><br>Re: Dkt. Nos. 165, 167 |

The parties ask the Court to resolve a dispute about defendant Apple Inc.'s disclosure of its contentions regarding certain defenses, and plaintiff Raja Kannan's discovery relating to those defenses.

On September 15, 2019, Mr. Kannan moved to compel Apple to designate a corporate representative to testify to Topics Nos. 25-27, which concern Apple's monitoring of Mr. Kannan's use of Apple's equipment and systems and of Mr. Kannan's activities, and Mr. Kannan's violations of law or Apple company policies. Dkt. No. 108, Ex. 2. Apple opposed the motion on the ground that such discovery was not relevant. Dkt. No. 115. However, during the hearing on this dispute, Apple indicated it intended to assert as a defense in this action that Mr. Kannan's activities while an employee and/or his use of his Apple computer violated company policy. Dkt. No. 128 at 104:24–105:8. Apple advised the Court that at least some of the material Mr. Kannan sought to discover within the scope of Topics Nos. 25-27 would be privileged or otherwise protected from disclosure. Accordingly, the Court ordered the parties to proceed as follows:

> The Court defers ruling on Mr. Kannan's motion to compel deposition testimony with respect to Topics Nos. 25-27 at this time. To the extent Apple contends that Mr. Kannan violated Apple company policies or applicable laws and intends to rely on such violations in the defense of this action, Apple shall so advise Mr.

> Kannan, and Mr. Kannan may take discovery of that defense, subject to the Court's resolution of any disputed claim of attorney-client privilege or attorney work product protection. Apple shall advise Mr. Kannan of its defense contentions and its assertions of privilege/protection (if any) no later than October 8, 2019.

Dkt. No. 120 at 3–4.

The parties disagree about whether Apple disclosed any contentions regarding Mr. Kannan's violations of law or Apple company policies by October 8, 2019 as the Court ordered. Mr. Kannan says that Apple advised only that it was "looking into" certain policy violations. Dkt. No. 165-1 at 4. Apple says that it advised Mr. Kannan's counsel on July 23, 2019 that Mr. Kannan's development of software applications during his tenure with Apple was a violation of Apple company policies. *Id.* at 7. Apple does not explain why it did not assert on October 8, 2019 the defense contention that it says it provided to Mr. Kannan on July 23, 2019—i.e., that Apple intended to assert that Mr. Kannan's software development activities violated company policy and provided a defense to his claims. It also is not clear to the Court whether Apple has responded to a relevant interrogatory seeking disclosure of its defenses, as neither party has provided Apple's interrogatory responses to the Court in connection with this dispute.

On October 23, 2019, Apple advised Mr. Kannan that Apple designated Brian Carr "as the person most knowledgeable on the topic of whether there are any policy violations" with respect to Topic No. 27. *Id.* at 3, 7. Mr. Carr's Rule 30(b)(6) deposition on Topic No. 27 is scheduled for November 1, 2019. Based on the record before the Court, it appears that the only defense contention within the scope of Topic No. 27 that Apple has asserted to date is the one described above. Both parties are entitled to take discovery with respect to that defense: Mr. Kannan may inquire of Mr. Carr in deposition about that matter, and Apple may likewise inquire of Mr. Kannan in his further deposition about that matter. In addition, Apple may question Mr. Kannan regarding the alleged discrepancies between Mr. Kannan's representations to Apple and to the Court about the extent of his software development activities and the information Apple has discovered. If warranted, Apple may move for sanctions or other relief following that deposition.

Mr. Kannan objects that his counsel has not timely received documents from Apple that are needed to effectively prepare for Mr. Carr's Rule 30(b)(6) deposition, such as documents

2

responsive to Requests for Production Nos. 72-74. Dkt. No. 165-1 at 5. Indeed, it appears that Apple had not yet completed its production as of October 30, 2019, a mere two days before Mr. Carr's deposition. *Id.* at 10. The deposition of Mr. Carr shall proceed as scheduled at Mr. Kannan's election; however, if Mr. Kannan's counsel does not have adequate time to prepare for such deposition based on the timing of Apple's production, Apple shall make Mr. Carr available at a later date acceptable to Mr. Kannan but in any event not later than November 8, 2019.

To the extent Apple intends to assert defenses based on Mr. Kannan's violations of law or company policy other than the violation Apple disclosed on July 23, 2019, it appears that Apple has not timely disclosed any such defenses during the fact discovery period. While the undersigned is not in a position to order that Apple be precluded from asserting such defenses at trial, this Court's finding and prior orders may support a request for such relief from the presiding judge.

The parties disagree about Apple's assertions of privilege and work product with respect to documents relating to Apple's contention that Mr. Kannan violated company policy. Apple has not produced a privilege log, and it appears to contend that all of the responsive documents that it has withheld from production on this topic involve communications between outside counsel, in-house counsel, and other personnel regarding searches of the data from Mr. Kannan's Apple-issued computer that were undertaken at the direction of counsel. *Id.* at 10. Ordinarily, a privilege log or similar disclosure is required in order to properly assert a claim for privilege or other protection, unless the parties have stipulated that certain communications need not be logged. *See* Fed. R. Civ. P. 26(5)(A). As the parties devote only a few lines each to this issue in their discovery dispute letter, the Court does not have sufficient information to resolve this dispute. The Court denies Mr. Kannan's motion without prejudice on this point.

**IT IS SO ORDERED.**

Dated: October 31, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3