1

2

3

4            UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6                 SAN JOSE DIVISION

7

8    RAJA KANNAN,                          Case No. 17-cv-07305-EJD   (VKD)

            Plaintiff,
9
                                           **ORDER RE DISCOVERY DISPUTE RE**
       v.                                  **COMPENSATION INFORMATION**
10
                                           Re: Dkt. No. 179
11   APPLE INC.,

            Defendant.
12

13          The parties ask the Court to resolve two disputes relating to plaintiff Raja Kannan's

14   discovery of compensation information for employees who reported to Joseph Kotni, Mr.

15   Kannan's former supervisor during his tenure with defendant Apple Inc.  These disputes are

16   suitable for resolution without the need for a hearing.

17          **1.     RSU Values**

18          Mr. Kannan contends that Apple tracks the dollar value of RSU awards to employees and

19   moves to compel the production of documents reflecting that information.  Dkt. No. 179 at 2–3.

20   Apple responds that it does not track or record the dollar value of RSUs other than at the time of

21   award and the time of vesting, and that the value of its stock on any given day is governed solely

22   by the market price.  *Id.* at 5–7.  Apple states that it has produced documents showing the number

23   of shares awarded to Mr. Kannan and Mr. Kotni's other employees and the dates of those awards,

24   as well as stock award summaries showing the dates of vesting and the number and value of

25   vested shares on the date of vesting for those same personnel.  *Id.* at 5.

26          The Court has reviewed the deposition testimony and the exhibits on which Mr. Kannan

27   relies.  Nothing in that material suggests that Apple tracks or records the dollar value of RSUs

28   awarded to employees or that Apple has otherwise misrepresented the nature of the information it

maintains about RSUs awarded to employees.  Accordingly, the Court denies Mr. Kannan's motion to compel on this point.

### 2.      High Growth and Key Talent Designations

Mr. Kannan contends that Apple uses designations of "high growth" and "key talent" for employees who may qualify for higher compensation.  He argues that Mr. Kotni used these designations to give higher compensation to employees—other than Mr. Kannan—who reported to Mr. Kotni.  *Id.* at 3–4.  Mr. Kannan says that Apple has not produced records reflecting the final designations Mr. Kotni assigned to the employees reporting to him, and that it should be compelled to do so.  *Id.* at 4.  Apple responds that it has searched for and produced all of the records showing whether any of the employees reporting to Mr. Kotni were designated "high growth" or "key talent."  Apple argues that Mr. Kannan's counsel failed to ask Apple's Rule 30(b)(6) witness or Mr. Kotni about the complete collection of these documents and failed to ask either witness which employees had been designated "high growth" or "key talent."  *Id.* at 7–8.

The Court has reviewed the deposition testimony and the exhibits on which Mr. Kannan relies.  Nothing in that material suggests that Apple is withholding documents that reflect which employees received designations of "high growth" or "key talent," or that any witness refused or was not prepared to answer a direct question asking for that information in deposition. Accordingly, the Court denies Mr. Kannan's motion to compel on this point.

**IT IS SO ORDERED.**

Dated: November 6, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge