Karen E. Ford Esq.
SW Ocean Ave & Mission, Suite 208
P.O. Box 287
Carmel-by-the-Sea, California 93921-0287
831-250-6433
Fax 831-250-6844
karen@fordslaw.com
SBN 88358
Attorney for Plaintiff KANNAN

# United States District Court
## Northern District of California

| | |
|---|---|
| RAJA KANNAN, | Case No: 17-CV-07305-EJD (VKD) |
| Plaintiff, | **ADMINISTRATIVE MOTION FOR RECONSIDERATION OF RULING** |
| vs. | |
| APPLE, INC., | **LR 7-11** |
| Defendants | |

## NOTICE OF MOTION AND ADMINISTRATIVE MOTION

TO DEFENDANT AND ITS ATTORNEYS OF RECORD that pursuant to Northern District of California Local Rule 7-11, the Plaintiff hereby files this Administrative Motion seeking reconsideration of the Order of this Court entered November 6, 2019 Dkt # 183.

## MEET AND CONFER RE STIPULATION RULE 7-11(A) and 6-3(2)

Plaintiff has requested a statement of position from counsel for Apple via e mail on November 11, 2019 and Apples counsel has stated it will oppose this motion.

## MOTION

This administrative motion is made pursuant to local rule 7-11. Plaintiff seeks a reconsideration of the Order of this Court entered November 6, 2019 Ckt # 183 to the extent it denies Plaintiff's request for information concerning which employees were designated each year as Key Talent or High Growth. Plaintiff bases this request on the availability of transcripts of the depositions of Joseph Kotni and Rahul Rastogi. Neither deposition transcript was ready at the time the joint letter brief was filed. The Court's ruling was based on inaccurate assumptions based on false and misleading statements by Apple. As set out in the discovery letter brief and its attachments this request falls within both Plaintiff's RFPs and the Court's order of July 11 concerning information related to job performance and compensation for the comparator employees reporting to Kotni.

Plaintiff's discovery letter brief sought an order requiring Apple to disclose what comparator employees were designated as "High Growth" or "Key Talent" under Apple's compensation system in the years 2013 through 2017. See Dkt #179.  These two designations are used in the compensation system to award higher compensation to employees. See excerpts of 30(b)(6) deposition of Rahul Rastogi and compensation guidelines attached to declaration of Karen E Ford filed herewith.  As Rastogi testified

> ...they are used as justification to go above the grants that are -- that we saw in the table.

Motion For Reconsideration of Ruling

-1

At a certain level, a grant is at this, but if I choose to go higher, I can say this talent is a key talent, and that's why we say it justifies to give them a higher rating.TR p 11:25-112:5

In the joint letter brief counsel for Apple represented that it has provided this information to plaintiff in the form of the e mails and spreadsheets concerning the compensation planning process. Dkt # 179 p _7:17-20. This representation was highly misleading. The problem with this representation is that the spreadsheets and other materials produced are drafts only and Apple 30(b)(6) witnesses Kotni and Rastogi testified that even they can't tell by looking at these e mails and spreadsheets which is the final and what is the final information. See excerpts of depositions of Rastogi and Kotni attached to the declaration of Karen E. Ford filed herewith.

As Rastogi testified

Q How could you figure out whether that actually happened?
A By looking at the calibration sheets which are final in 2015.
....
Q So how can I tell by looking at a printout of a calibration worksheet whether it's the final one or not?
A. You can't. TR 85:21-86:20

In the joint letter brief counsel for Apple also stated that "Plaintiff's counsel did not ask either deponent to confirm that a particular individual was designated as High Growth or Key Talent in any given year." Dkt #179 p. 8:7-9. This statement was patently false as the excerpts of the deposition of Kotni attached to the Declaration of Karen E Ford filed herewith establishes.

For example, As Kotni testified:

Q. Okay. Was Mr. Goyal ever identified by you as being either a key employee or a high growth employee for purposes of compensation?
Q. Was Mr. Goyal ever identified --
A. Yes.
Q. For what years, and for which of those designations?
A. I need to look at the data to tell precisely.
Q. And how do you know -- what data do you look at?
A. I would have that information in the Merlin system possibly.

1  Q. Where else?
2  A. I think eventually they all would be -- it's all employee review related.
3  Q. I'm sorry?
4  A. It's employee review information. So Merlin is the system for that.
5  A. Yeah.
6  Q. Was he -- for which of those categories was he designated?
7  A.  What do you mean by categories?
8  Q. High growth and key employee. Those are the two --
9  A. Key growth and high.
10 Q. Right.
11 A. So I need to check the data.
12 Q. So you don't know which of those he would have been?
13 A. It's a very long time ago.
14 Q. Do the individuals that are identified for those categories, do those change from year to year?
15 A. It's possible.
16 Q. Well, did they from 2013 to 2017?
17 A. I do not know. I need to see the data.
18 Q. This is -- there is some record in Merlin that would tell you this?
19 A. Yes. Yes.
20 TR p 325:25-328:16.

....

21 Q. Did you designate at least one person out of those groups for key talent and high growth in each year, 2013 through 2017?
22 A. I do not recall. I need to see the data.
23 Q. And that would be in Merlin; right?
24 A. That would be in Merlin. TR p 331:14-19.
25 ....
26 Q. And if we look at Exhibit 137 for Mr. Mukkara, it seems that he stayed at Level 5 from 2013 through 2018, at least; right?
27 A. That's right.
28 Q. And looking at the last column for salary, his salary went up every year?

A. Yes.

Q. Okay. And was he ever a person who was designated as a high growth or a key -- I forget what the term was.

A. I don't recall. But we can check that in our comp planning or Merlin database.

MS. FORD: And, Counsel, are you willing to provide a report that shows that from the Merlin database, who in each year was designated as a high growth or key employee?

MR. BOYER: I don't know if we have that information. So I'd have to check.

MS. FORD: Assuming that you do have it, will you agree to provide it?

MR. BOYER: If it was requested, yeah.

MS. FORD: I think it's definitely within our requests. TR p 383:1-23.

Thus, Plaintiff attempted to obtain this information in the 30(b)(6) depositions but the witnesses were not able to answer and referred Plaintiff to the data in the Merlin system.

Plaintiff refuted these representations by Apple in his portion of the joint letter brief. See 179 p 4:6-16. Plaintiff also informed the court that these designations are very significant in the compensation system and were used by Kotni to give higher compensation to comparator employees. See Apple Compensation Tool attached to Declaration of Karen E Ford filed herewith and testimony of Kotni.

In its order of November 6, 2019 the Court denied Plaintiff's request "at this point" accepting the statements by Apple's counsel as true. Dkt 183 p 2:14-18. The court also made a conclusion that Apple has no additional source for this information. DKT 183 p 2. However, in their depositions Rastogi and Kotni testified that the information is available in the Apple HR database known as Merlin. In fact, Kotni testified he could only provide this information by referring to Merlin. See excerpts of deposition of Kotni and Rastogi attached to Declaration of Karen E. Ford filed herewith.

Based on the forgoing and the evidence provided herewith Plaintiff requests that the Court reconsider its ruling as to the Key Talent and High Growth designations and order Apple to produce a report containing this information.

                                      Dated this 11th day of November, 2019

                                                          Karen E. Ford Esq.
                                                          Attorney for Plaintiff

CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the above-captioned matter.

On November 11, 2019 I served the documents listed below on the Defendant by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice as follows:

TODD K. BOYER, Bar No. 203132
todd.boyer@bakermckenzie.com

CAROLINE A. PHAM, Bar No. 305080
caroline.pham@bakermckenzie.com

Baker McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304

The documents served on November 11, 2019 are:

**ADMINISTRATIVE MOTION FOR RECONSIDERATION OF RULING**

**DECLARATION OF FORD ISO ADMINISTRATIVE MOTION**

**PROPOSED ORDER**

Dated this 11th day of November 2019.

_____

Karen E. Ford Esq
Attorney for Plaintiff