UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJA KANNAN,<br>　　　　　Plaintiff,<br>　v.<br>APPLE INC.,<br>　　　　　Defendant. | Case No. 17-cv-07305-EJD   (VKD)<br><br>**OMNIBUS ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 180, 185, 188, 194, 199, 205 |

In connection with the parties' various discovery disputes (Dkt. Nos. 179, 184, 187, 193, 198, 204), the parties filed administrative motions to file certain documents under seal. Dkt. Nos. 180, 185, 188, 194, 199, 205. Having considered those motions, the Court grants in part and denies in part the administrative motions, as set forth below.

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A litigant seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

The parties' respective motions to seal concern matters that are before the Court in

connection with the parties' production of documents and deposition testimony. The underlying motion papers do not address the merits of the parties' claims or defenses, but rather whether the parties have produced discovery as required under the Federal Rules of Civil Procedure and this Court's discovery orders. The Court therefore applies the "good cause" standard of Rule 26(c).

Most of the material proposed to be filed under seal constitutes defendant Apple Inc.'s ("Apple") employee-specific compensation and performance information, as well as plaintiff Raja Kannan's personal information. Apple represents that this material is confidential or highly confidential proprietary business information that, if disclosed to the public, would cause competitive harm to Apple, and that much of the information also includes private personal information of its employees. Dkt. Nos. 185, 194, 205, 212, 213, 214.

Mr. Kannan did not provide support for some of the material proposed to be sealed as required under Local Rule 79-5(e)(1). In particular, Mr. Kannan designated as confidential Exhibits B-F of the parties' joint discovery letter concerning production of documents reflecting Mr. Kannan's software application development (Dkt. No. 184), but he did not provide a declaration supporting their sealing. Dkt. No. 185 at 3–4. Nevertheless, the Court finds that Exhibits B, D, and E contain private, personal information of Mr. Kannan, such as his and his family's personal contact information, and good cause therefore exists to seal that information. However, Exhibits C and F do not appear to contain any confidential information, and Mr. Kannan has made no showing that they do. The Court concludes that Mr. Kannan has not shown good cause to seal Exhibit C and F to the joint discovery letter at Dkt. No. 184.

Accordingly, the Court resolves the administrative motions to seal as follows:

| Document | Portions to be Sealed |
|---|---|
| Joint Discovery Letter Brief re Compensation Information (Dkt. No. 179) | Exhibits B-K in their entirety |
| Joint Discovery Letter Brief re Plaintiff's Production of Documents Related to His App Development and His Family's Time in India (Dkt. No. 184) | Exhibits B, D, E, J in their entirety |

2

| | |
|---|---|
| Plaintiff's Administrative Motion for Reconsideration (Dkt. No. 187) | Exhibits A-E in their entirety |
| Apple's Opposition to Plaintiff's Administrative Motion for Reconsideration (Dkt. No. 193) | Exhibits B-F in their entirety |
| Joint Discovery Letter Brief re AEO Designations (Dkt. No. 198) | Exhibits B-K in their entirety |
| Apple's Opposition to Plaintiff's Administrative Motion for Discovery Ruling (Dkt. No. 204) | Exhibit K, pgs. 8-23<br>Exhibit P in its entirety |

Pursuant to Civil Local Rule 79-5(e)(2), Apple shall file Exhibits C and F to the parties' joint discovery letter at Dkt. No. 184 **no earlier than November 26, 2019** and **no later than December 2, 2019**.

**IT IS SO ORDERED.**

Dated: November 22, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge