|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | UNITED STATES DISTRICT COURT | |
| 5 | NORTHERN DISTRICT OF CALIFORNIA | |
| 6 | SAN JOSE DIVISION | |

RAJA KANNAN,
      Plaintiff,

v.

APPLE INC.,
      Defendant.

Case No. 5:17-cv-07305-EJD

**ORDER GRANTING ATTORNEY KAREN FORD'S MOTION TO WITHDRAW**

Re: Dkt. No. 220

Ms. Karen Ford, Plaintiff's attorney, first appeared as counsel of record for Plaintiff on August 27, 2018. Dkt. 52. For about one year and four months, Ms. Ford has been Plaintiff's counsel. On December 14, 2019, Ms. Ford filed a Motion to Withdraw as Counsel of Record for Plaintiff. Motion to Withdraw as Counsel ("Mot."), Dkt. 220. Ms. Ford argues that her request to withdraw as counsel is supported by California Rule of Professional Conduct 1.16(b).[1] *Id.* at 3.

Plaintiff Raja Kannan opposes Ms. Ford's Motion to Withdraw and argues that he will be unduly burdened if the Court grants the motion to withdraw. Plaintiff's Response in Opposition to Plaintiff's Counsel's Motion to Withdraw ("Opp."), Dkt. 225. On December 27, 2019, Ms. Ford submitted a Reply to Plaintiff's Opposition. Reply ISO Motion to Withdraw as Counsel ("Reply"), Dkt. 226.

Defendant Apple Inc. does not oppose the Motion to Withdraw as Counsel. Defendant Apple Inc.'s Statement of Non-Opposition, Dkt. 224.

The Court finds this motion suitable for consideration without oral argument. *See* N.D.

---

[1] Plaintiff and Ms. Ford refer to this as California Rule of Professional Conduct 3-700(C). Rule 3-700(C) has since been renamed Rule 1.16.

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING ATTORNEY KAREN FORD'S MOTION TO WITHDRAW
1

Cal. Civ. L.R. 7-1(b). Having considered the Plaintiff and Ms. Ford's papers, the Court **GRANTS** Ms. Ford's Motion to Withdraw as Plaintiff's counsel.

## I. LEGAL STANDARD

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. N.D. Cal. Civ. L.R. 11-4(1). California Rule of Professional Conduct 1.16 provides that an attorney may request permission to withdraw if a client is engaged in conduct that makes it unreasonably difficult for the attorney to carry out employment effectively or breaches an agreement or obligation to pay expenses or fees.

An attorney must receive leave of court to withdraw as counsel. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004). A court ruling upon motions to withdraw as counsel considers:

(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Id.* at *4.

## II. DISCUSSION

### A. Counsel Provided Reasonable Written Notice

Counsel must give their client and the other parties in the case reasonable advance written notice of the intent to withdraw. N.D. Cal. Civ. L.R. 11-5(a); Cal. R. Prof'l Conduct 1.16(d).

Here, Ms. Ford informed Plaintiff in October 2019 of her intent to withdraw as counsel. Declaration of Counsel ISO Motion to Withdraw as Counsel ("Ford Decl.") ¶¶ 8–11, Dkt. 220-1. She has repeatedly informed Plaintiff of her need to withdraw and the reasons why—indeed, she sent Plaintiff a copy of her motion to withdraw weeks before filing her motion with the Court. *Id.* ¶ 11.

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING ATTORNEY KAREN FORD'S MOTION TO WITHDRAW
2

1          Plaintiff does not dispute this and thus had "reasonable advance written notice" of Ms.

2   Ford's intent to withdraw as counsel. Moreover, as noted, Ms. Ford informed Defendant of her

3   intent to withdraw and Defendant does not oppose her motion. *See* Dkt. 224.

**B. Failure to Pay Legal Fees Constitutes Good Cause to Withdraw**

"A client's failure to pay legal fees . . . may constitute good cause to permit an attorney's withdrawal from representation of a client." *Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018). The breach of an agreement to pay legal fees further justifies withdrawal of counsel. Cal. R. Prof'l Conduct 1.16(b)(5) (permitting an attorney to withdraw if the client materially breaches a term of a fee agreement and the attorney gives the client a reasonable warning after the breach that the attorney will withdraw unless the client fulfills the agreement or performs the obligation).

Here, Plaintiff failed to pay fees as agreed and "has refused or failed to pay costs and fees incurred during the past two and a half months." Mot. at 3. Plaintiff has repeatedly announced that he cannot or will not pay the past due amounts. *Id.* Ms. Ford argues she cannot afford the costs of trial or working for Plaintiff without payment. Mot. at 3; *see also* Ford. Decl. ¶ 5 ("My practice is very small and I cannot continue to work without payment."). Plaintiff does not contest that he breached the fee agreement. Instead, he argues that he ought to be able to renegotiate a new contingency fee agreement with Ms. Ford. Opp. at 2. He further contends that Ms. Ford's refusal to renegotiate a fee agreement is unconscionable. The Court disagrees. First, Plaintiff provides no precedent requiring an attorney to renegotiate a fee agreement. Second, Ms. Ford is within her right to refuse to enter such an agreement. Due to the size of her practice, she "cannot work for months on a case with no ongoing payment or bear, singlehandedly, the costs of a trial." Reply at 2; *see also Ramirez v. Video Wave of Noe Valley*, 2012 WL 2426689, at *2 (N.D. Cal. June 26, 2012) ("The Court finds that Video Wave's failure to pay attorneys' fees constitutes good cause for withdrawal.").

Finally, Plaintiff argues that Defendant's "predatory abusive discovery practices" drained his wealth and thus his ability to pay Ms. Ford. Opp. at 4. While this may be true, Ms. Ford

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING ATTORNEY KAREN FORD'S MOTION TO WITHDRAW

3

performed extensive services on his behalf. Reply at 4. Plaintiff does not contest that Ms. Ford worked extensively on his behalf or that she behaved reasonably in defending him. Rather, he places blame in Defendant for draining his resources. Opp. at 4. Ms. Ford does not control Defendant or Defendant's counsel. The Court will not place blame on her for Defendant's actions.

### C. Withdrawal Does Not Prejudice Plaintiff

Plaintiff, though inconvenienced, is not prejudiced by withdrawal. There is no trial date and other pretrial deadlines are not imminent. Fact discovery has closed, and Plaintiff has until February 13, 2020 (over a month) to file any dispositive motions. Moreover, Plaintiff knew of Ms. Ford's intent to withdraw for over two months and thus has had ample warning of his need to potentially secure replacement counsel. To ensure Plaintiff is not prejudiced, the trial setting conference set for February 6, 2020 is **CONTINUED** to **February 20, 2020** and the deadline to file dispositive motions is **CONTINUED** to **February 27, 2020.**

Plaintiff argues he is burdened by the over 5,000 pages of Attorneys' Eyes Only "AEO" documents because it hinders his ability to find replacement counsel. He argues that attorneys are skeptical of the merits of the case as the protective order prevents them from performing due-diligence on the case him from finding alternative counsel. Opp. at 4. While the Court appreciates this burden, it finds that the burden on Ms. Ford equally compelling and holds that Ms. Ford may withdraw from the case.

Ms. Ford cannot share these documents or their contents with Plaintiff or third-parties. Hence, if Plaintiff obtains replacement counsel, Ms. Ford must send that material to the new attorney. If Plaintiff chooses to proceed pro se, Magistrate Judge DeMarchi will determine how to proceed with the AEO documents. Ms. Ford is instructed to retain the AEO documents until replacement counsel is secured or otherwise ordered by Judge DeMarchi.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. Ford's Motion to Withdraw as Counsel for Plaintiff. Counsel is **ORDERED** to send by registered mail a copy of this Order to Plaintiff at his last known address by **January 13, 2020**. Plaintiff has until **February 6, 2020** to

Case No.: 5:17-cv-07305-EJD
ORDER GRANTING ATTORNEY KAREN FORD'S MOTION TO WITHDRAW

4

obtain new counsel or the Court will deem Plaintiff as proceeding pro se.

**IT IS SO ORDERED.**

Dated: January 7, 2020

EDWARD J. DAVILA
United States District Judge