1   Todd K. Boyer, State Bar No. 203132
    todd.boyer@bakermckenzie.com
2   BAKER & McKENZIE LLP
    600 Hansen Way
3   Palo Alto, CA  94304
    Telephone: +1 650 856 2400
4   Facsimile: +1 650 856 9299

5   Caroline A. Pham, State Bar No. 305080
    caroline.pham@bakermckenzie.com
6   BAKER & McKENZIE LLP
    Two Embarcadero Center, 11th Floor
7   San Francisco, CA 94111
    Telephone: +1 415 576 3078
8   Facsimile: +1 415 576 3099

9   Attorney for Defendant
    APPLE INC.
10

11  Raja Kannan, Plaintiff Pro Se
    2443 Fillmore St #380-4406
12  San Francisco, CA 94115
    Telephone : 408-598-2595
13  E-mail: raja.kannan@gmail.com

14              UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16  RAJA KANNAN,                    Case No.  5:17-cv-07305-EJD (VKD)

17          Plaintiff,              **JOINT DISCOVERY STATUS**
                                    **REPORT RE AEO DESIGNATIONS**
18      v.
                                    Complaint Filed:   December 26, 2017
19  APPLE INC.,                     FAC Filed:         May 10, 2018
                                    SAC Filed:         October 19, 2018
20          Defendant.

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

                                    1                    Case No 5:17-cv-07305-EJD
         JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

Pursuant to the Court's Order re Discovery Disputes [Dkt. 247], Plaintiff Raja Kannan ("Plaintiff") and Defendant Apple Inc. ("Defendant" or "Apple") (collectively "the Parties") hereby submit a joint status report regarding the discovery dispute concerning Apple's AEO Designations.

## I.     POSITION OF THE PARTIES

### A.     Defendant's Position

#### 1.     Apple Has De-Designated Or Re-Produced AEO Documents and Deposition Transcripts To The Extent Possible

Apple has reviewed the documents that it has previously designated as Attorneys' Eyes Only ("AEO") in this matter to determine whether such designations can be removed or downgraded to "Confidential" and/or whether the AEO documents may be redacted to enable Plaintiff to have access to as much of Apple's production as possible.  Upon further review, Apple confirmed that, with the exception of a few documents which it has recently de-designated, it had already de-designated the AEO documents to the extent possible based on the parties' prior meet and confer efforts in October 2019 and the Court's November 20, 2019 Order.

Specifically, Apple had previously agreed on October 24, 2019 to de-designate employee resumes and certain compensation emails from "AEO" to "Confidential," and to remove the AEO designation from blank or completely redacted pages that were a part of AEO documents.  On October 29, 2019, Apple also re-produced a "Confidential" version of several documents, including Apple's investigation summary, compensation calibration worksheets, stock agreements, compensation emails, and compensation charts, that contained redactions to protect employee-specific compensation information.  On November 20, 2019, the Court ordered that Apple "re-designate as 'Confidential' documents or portions of documents that contain Apple compensation guidelines, but not employee-specific compensation information."  (Dkt. 210.)  On December 9, 2019, Apple re-produced 1,001 pages of "Confidential" versions of the compensation guidelines, with employee-specific compensation information redacted.  Otherwise, since the Court's April 28, 2020 Order, Apple has only found two blank pages that were a part of AEO documents, which Apple has de-designated as not "AEO."

In addition, Apple has reviewed the eight deposition transcripts of Apple fact witnesses in this case to determine whether any portions designated AEO may be redacted or re-designated so that

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

2

Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

Plaintiff may have access to the AEO portions.  Apple has since provided Plaintiff with "Confidential" versions of the AEO deposition testimony, with redacted portions to protect employee-specific compensation information and Apple's confidential internal processes. While Apple generally only redacted the employee names from the deposition transcripts for Joseph Kotni, Moazam Raja, and Rahul Rastogi, there were some portions in Joseph Kotni's second day of deposition where Apple redacted the complete response as it contained testimony regarding employee-specific compensation. In those instances, the employee had already been identified in the non-AEO designated portions of the transcript, so it was not possible for Apple to simply redact the employee's name from the AEO portion in order to anonymize the information.  Nevertheless, Apple has offered to provide Plaintiff with any such pertinent information in an anonymized from through the chart described below.  With regards to Beth Kellerman's deposition transcript, Apple also redacted certain portions of the AEO testimony as they pertain to Apple's highly confidential internal data collection processes that cannot be disclosed to Plaintiff, particularly as he is a current employee.  Furthermore, these general data collection processes having no bearing on any of Plaintiff's claims.  Ms. Kellerman's deposition transcript also could not be "anonymized" as it does not contain reference to other employees.  The remaining two deposition transcripts for Brian Carr and Heather Ramirez did not have any AEO testimony.

With regard to the expert reports of both parties, Apple had already provided Plaintiff with a redacted version of Plaintiff's expert report and Apple's rebuttal expert report in January 2020.

> **2.     The Remaining AEO Documents Contain Confidential Compensation Information That Apple Has Agreed To Produce In An Anonymized Form To The Extent Possible To Maintain The Privacy Of Other Employees**

The documents that remain designated as "AEO" and have not been de-designated or re-produced in a "Confidential" form comprise the following categories of documents[1]:

- Employee W-2 Records and Payroll Records: Apple believes the pertinent information from these records is the annual salary percentage increase.

- Fiscal Year ("FY") 2017 and FY 2018 Compensation Calibration Worksheets: As these

---

[1] Plaintiff highlights the fact that there are still a number of pages that are designated as AEO, however this is simply because of the fact that Plaintiff has sought, and Apple produced numerous forms of compensation records of several employees during a 7 year period.

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3                                          Case No 5:17-cv-07305-EJD
JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

worksheets are for a time period after Plaintiff left Joseph Kotni's team, these are not relevant to his claims that Mr. Kotni discriminated against him with regard to his compensation during the time he reported to Mr. Kotni.

- Employee Stock Award Agreements, Stock Option and Award Summary, RSU Vest Schedule, RSU Stock Purchase Summary, and emails Regarding Employee RSU Awards: Apple believes the pertinent information is whether other employees received non-Apple Seed RSU awards.

- Employee Performance Reviews and Peer Feedback Reviews: Apple believes that the pertinent information is the performance rating in each of the three evaluation metrics.

- Employee Work Information Sheet and Personnel Files, including their job application, personal information notice, offer letter, EAR form, recruiting connections report, and employment agreements: It is unclear as to what specific information Plaintiff requires from these documents that he does not otherwise have in his possession, for example, from the employees' resumes.

In order to provide Plaintiff with the pertinent information from these categories of documents for purposes of summary judgment and trial, Apple proposed an anonymized chart format that would include information for other employees, including their performance ratings, job level (including any promotion from IC4 level to IC5 level), percentage increase of base salary, and whether or not the employees were issued Non-Apple Seed RSU Awards above $10,000 and Performance Bonuses above $10,000 for FY 2014 through FY 2016.

Apple believes that the information in the proposed chart format strikes an appropriate balance of providing Plaintiff with the information he claims to need to evaluate whether or not he was treated fairly compared with other employees on his team for purposes of summary judgment and trial, while also protecting the identities and confidential financial information of other employees to the extent possible. Given that Plaintiff's Second Amended Complaint ("SAC") alleges that he was discriminated against specifically by Mr. Kotni, Apple limited the time frame of the chart to the period when Plaintiff reported to Mr. Kotni from FY 2014 through FY 2016[2]. The limited period is also important to ensure

---

[2] Through the parties' meet and confer efforts, Plaintiff has not informed Apple of any basis as to why

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4

Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

the anonymity of other employees because Mr. Kotni's team was small and Plaintiff will be able to determine an employee's identity based on the employee's job level and years of employment alone.

Apple has offered to produce the annual percentage increase in base salary, rather than the base salary amount, because Plaintiff's operative complaint alleges that, "This small [salary] increase and low bonus were not commensurate with the ***normal salary increases*** and bonus program at Apple for employees at Plaintiff's level." (SAC ¶ 42.)  Plaintiff also confirmed at his deposition that the alleged unfair treatment with regards to his salary was based on the percent of annual increase, not the difference among employees' base salary.

> Q.    Did you have any issue or concern with the raise or the amount that you were being paid in 2015?
>
> A.    So the salary increases - I don't remember off the top of my head. I think I also felt that **percentage wise**, it was not up to the mark.
>
> Q.    When you say "not up to the mark," what do you mean by that?
>
> A.    Like, I think - if I remember correctly, I think it was some - I don't remember what percentage is first; like, close to 4 percent or something. So it was 2015. I thought I should have gotten more."

(Kannan Depo., 167: 13-23.) (emphasis added).  Further, as Plaintiff may be able to determine the identity of other employees, providing the percentage of salary increase will be less intrusive on the privacy rights of other employees than providing the base salary in the event Plaintiff determines an employee's identity.

With regard to the RSU information, Plaintiff's SAC alleges that he received zero non-Apple Seed RSUs while he reported to Mr. Kotni from FY 2014 through FY 2016. (SAC ¶ 53.)  Because Plaintiff was not awarded *any* non-Apple Seed RSUs during this time period, information regarding whether another employee received more than $10,000[3] non-Apple Seed RSUs would provide

---

he requires information concerning other employees outside of the FY 2014 - FY 2016 time period, despite the fact that he has already been provided guidance from his former attorney based on his attorney's review of the AEO documents outside of the FY 2014 - FY 2016 time period. As this Court noted during the April 28, 2020 hearing, Plaintiff is not permitted access to all AEO information simply because he elects to proceed pro se.

[3] Apple offered to consider providing another threshold amount that Plaintiff considers more appropriate, but he did not provide another amount.  According to Plaintiff's SAC, Apple Seed RSUs were generally issued to employees and not relevant for purposes of comparison.  (SAC ¶ 48.)

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

5                                                Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

information to evaluate whether he was treated unfairly compared to others, while also limiting the intrusion on other employees' confidential compensation information. With regard to bonuses, Apple similarly offered to provide a threshold amount to protect other employees' confidential compensation information. Whether or not other employees received the threshold performance bonus would be informative because Plaintiff did not receive _any_ performance bonus in FY 2014, testified at deposition that he believed his 2015 bonus was fair, and received a similar bonus in 2016 to his 2015 bonus.

In response to Apple's proposal, Plaintiff has not compromised his position in any way. His position is that Apple must redact all documents that contain employee-specific compensation information to anonymize the names, redact all the "irrelevant information," and assign an employee number to the "anonymized documents." Given the small number of individuals on Mr. Kotni's team, as well as Plaintiff's knowledge of when each employee started and the employee's role on the team, simply assigning an employee a number, _e.g.,_ Employee 1, 2, etc., is wholly ineffective at maintaining these individuals' privacy.

Further, Plaintiff's request is unduly burdensome where the relevant information he seeks regarding salaries, bonuses, RSUs, and performance ratings would be provided in an anonymized chart format. As noted above, Apple has produced, and also re-produced, thousands of documents in this matter to address the AEO issue. Requiring Apple to again re-produce hundreds of documents after the close of fact discovery would be unfair simply because Plaintiff now chooses to proceed pro se, even after Apple has provided Plaintiff over 5 months to retain an attorney and avoid this AEO dispute. Notably, Plaintiff has advised that he is working to engage an attorney for purposes of his expert discovery, which would limit Plaintiff's need for AEO information to information related to proving the merits of his claims, as opposed to more detailed employee-specific compensation information related to calculating any damages.

### 3. Plaintiff Misrepresents The Parties' Meet and Confer Conversations

Plaintiff's portion of this joint status report misrepresents the parties' conversation. As discussed at the April 28, 2020 hearing, because the detailed financial information of employees and the damages expert reports are not relevant to establishing the merits of Plaintiff's claims for purposes of summary judgment counsel for Apple proposed pushing back the deposition of Plaintiff's damages

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6

Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

expert until after summary judgment is heard, or even until trial, because the summary judgment ruling may streamline the AEO documents that would be at issue during the expert deposition. As Judge DeMarchi noted that this could be a possible solution that the parties would need to raise with Judge Davila, Apple contacted Plaintiff on April 29, 2020 to explore this solution further.

During the parties' meet and confer call, counsel for Apple advised Plaintiff that there is a possibility that the Court determines he is unable to establish the merits of some or all of your claims on summary judgment, which could limit the scope of the AEO information that the parties would need to discuss during his damages expert's deposition.  Therefore, counsel for Apple requested to postpone the expert deposition until after a determination on summary judgment.

Plaintiff did understand this concept and seemed to believe that Apple was seeking to avoid providing _any_ AEO information or documents until after summary judgment, even though counsel for Apple repeatedly assured Plaintiff that, regardless of whether or not expert discovery was postponed, Apple would be de-designating and re-producing AEO documents to the extent possible and providing an anonymized chart with the information of other employees' pertinent compensation and performance ratings.

In order to timely prepare the anonymized chart, counsel for Apple offered to provided Plaintiff with a preliminary index of AEO designated documents on May 5, 2020, for Plaintiff to review the categories of documents and identify what specific information he believed he required from those documents.  In the meantime, Apple was required pursuant to the Court's April 28, 2020 Order to review the AEO documents to determine whether they could be redacted further. In reviewing the thousands of documents, Apple confirmed that several of those documents had already been re-produced or de-designated and provided Plaintiff with the updated chart of outstanding AEO documents on May 11, 2020.  Although Apple had already provided Plaintiff with an initial list of AEO documents, Plaintiff did not identify any specific information from those documents that he claimed he required to prove his claims and instead set forth his justification as to what he believes is the relevance of each entire document.

Plaintiff's portion of the status report falsely claims that he has not received a response regarding several AEO items and the index.  Notably, Apple has responded to each of Plaintiff's

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

7                                    Case No 5:17-cv-07305-EJD
JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

1    inquiries regarding AEO information and most recently responded via email on May 15, 2020.  See

2    Defendant's Exhibit A.  Plaintiff fails to address any of these issues in his section.  Additionally, it

3    does not appear that Plaintiff has even reviewed any of the documents that have been re-designated

4    from AEO to Confidential.

5         *Proposed Resolution:* Apple proposes producing comparator information in the proposed chart

6    form indicated above and attached hereto as Defendant's Exhibit B.  To the extent Plaintiff believes

7    that he requires additional specific information that can be included in the chart in an anonymized

8    form, Plaintiff should be required to justify the information.

9         **B.    Plaintiff's Position**

10        On Apr 28th , Court issued an Order (Order RE Discovery disputes. Apr 28th, 2020, ECF No.

11   247) in reference to Discovery brief RE Apple's AEO designations (ECF. No. 239). Instead of

12   following the order (Order RE Discovery disputes. 1:20 - 2:8 Apr 28th, 2020, ECF No. 247),

13   Defendant attorney sent an email on Apr 29th (Exhibit A. at 14) asking if I will stipulate to push out

14   expert discovery until after summary judgment. Plaintiff was confused as to why and asked for a meet

15   and confer to further understand better the reasoning for postponing, to discuss on Dr.Stephenson's

16   expert deposition & how the defendant is planning on disclosing the AEO documents in anonymized

17   form as per the court's order.

18        During the meet & confer call, Plaintiff learnt that Defendant wants to postpone the expert

19   deposition to avoid disclosing the AEO documents even in the anonymized form like the court

20   suggested, but Plaintiff refused to stipulate on postponing anything that is already scheduled by the

21   court given their intention. In order to resolve the dispute of what is "Anonymized form" Plaintiff

22   suggested Defendant to send an sample of AEO designated document in an anonymized form as per

23   their understanding so that Plaintiff can review and see if it's acceptable and if so that we can define

24   what is anonymized and continue to anonymize with the rest of the documents to reduce the burden.

25   (Exhibit A. at 12-13). Defendant agreed in the call but later they came and changed the call summary

26   that they will only produce the index of documents and that Plaintiff needs to review the index of

27   documents and determine what specific information within those documents that Plaintiff requires to

28   evaluate the merits of his claims choose a few documents and asks Apple to produce it in an form as

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

8                                    Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

per Apple's understanding completely ignoring the first portion of the order with the deadline on May 8th (Order RE Discovery disputes. 1:20 - 2:4 Apr 28th, 2020, ECF No. 247 - *Apple shall advise Mr. Kannan of the results of the above efforts—e.g., which documents will be produced without designations, with modified designations, and/or in redacted or anonymized form—and will re-produce such documents as appropriate no later than May 8, 2020.*) Defendant still insisted another time to postpone the expert deposition but plaintiff refused.

On May 5th, Defendant's associate attorney committed that they will provide plaintiff with an example of the anonymized form of information on May 6th instead they sent an index of AEO documents on May 5th. (Exhibit B. at 1). There were no documents produced either redesignated or redacted in the anonymized form even after the deadline of May 8th. Only on May 11th after few follow-ups Defendant produced some transcript documents as redesignated and a proposed anonymized form of comparator information and again a new version of index of documents (Exhibit B. at 2) which is different than the one sent on May 5th (Exhibit B. at 1) in terms of the line items and bates number ranges. Plaintiff spent huge amount to time to go over the index of AEO documents and provided justification for each of them why he needs, Also pointed our several errors in the bates numbers and some missing documents for certain years.

The proposed anonymized form of comparator information (Exhibit C. at 1) has several deficiencies as explained by Plaintiff's email (Exhibit A, at 2-4), like,

a) Y or N is not acceptable for bonus or RSU as it's need to show the substantial disparity as an element of the claim, Y or N will not justify. Also threshold of $10,000 will not help to jury understand or during the opposition brief of summary judgement as to show the actual disparity in $ numbers.

b) Proposed relevant period was 2014-2016, The court had already resolved your argument and issued an order (Order. at 2 , ECF. 120) to produce these documents for FY11-FY18 but defendant keeps arguing.

c) Promotion related details were missing as to which year who got promoted and their job levels during the relevant period for each year.

d) Apple excluded the self-ratings and peer ratings of employees and has no reason for not

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400
Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

providing it.

e) Actual base salary details were not provided only % increase. Even after justifying the need that % increase also matters, the actual base salary numbers also matters, because plaintiff wanted to show to the jury how each of the comparator base salary changed starting from hiring through the relevant period.

f) Defendant also heavily redacted the Plaintiff's own expert report and Defendant's expert rebuttal report such that it masks all the damages calculations instead of just anonymizing it.

Defendant also produced redesignated transcripts in which instead of marking the whole page as AEO , they redacted a large critical portion of those pages as AEO and leaving the pages and claiming it as redesignated as there was no honest effort made to produce anything in anonymized form as per the court order, it was simply done for namesake. None of the exhibits referred in the transcript were also not redesignated. Defendant contends that they masked only names of the person in the transcripts but it's more than that as shown in (Exhibit D. at 40-47, 80, 119, 115-118..) & (Exhibit E at 308,310.)[4]  Some of the redesignated transcripts were also produced in non-searchable format (printed as image) to create more burden to review.

Defendant confuses by sending 2 indexes, the initial list sent on May 5th has 3149 pages and the list  sent on May 11th has 2548 , and claiming 601 pages were redesignated as confidential later, when asked about those bates numbers, there is no response and also plaintiff pointed out there were certain years of calibration sheets were missing within the relevant period. Plaintiff is not confident whether all the correct AEO index of bates numbers were produced given the different versions. In summary, about 1022 pages are still designated as AEO which defendant will not redesignate or anonymize it even though plaintiff agreed that around 1526 documents needs not be redesignated as long as another comparable document shows total vested/awarded amount each year of RSU in the compiled form each employees under Mr.Kotni and for each year starting from FY11-FY18, which then plaintiff may not need on a bi-weekly basis.

*Proposed Resolution:*

---

[4] Exhibits D and E to Plaintiff's section will be filed by Plaintiff under seal pursuant to Local Rule 79-5 and the applicable protective order.

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

10                                        Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS

1    Plaintiff requests the court to see the defendant's abusive, stalling & argumentative tactics in
2    the series of events happened since Apr 28th had not been fruitful in resolving the AEO designation
3    dispute. As you can see Defendant's proposed "Anonymized Form" is highly prejudicial to plaintiff
4    as it masks critical information in proving the elements of the claim, moreover defendant had refused
5    to anonymize thousands of documents acting as a critical evidence for the case, which is why it was
6    soughted during the fact discovery and produced. Plaintiff is relying heavily on several circumstantial
7    evidence to prove discrimination under any claim that a reasonable jury would find to support a chain
8    of inferences leading to the ultimate question of discriminatory intent, hence denying the access will
9    be highly prejudicial to prosecute the claim.

10    Plaintiff request the court to intervene to resolve the dispute of AEO designations by clearly
11    giving the detailed guidelines letter by letter as to how these documents needs to be anonymized,
12    produced and further used in the litigation such that it's not prejudicial to the plaintiff as the
13    defendant's will not co-operate on the spirit of the law/order rather the letter of the law/order to prevent
14    any further undue burden.

15    Plaintiff request the court to carefully consider the complexity in anonymization of the
16    documents as it should not create a impossible burden to Pro Se plaintiff for continuing the reminder
17    of the prosecution in terms of as how a Pro Se plaintiff preside over an expert deposition, filing motions
18    in limine, filing opposition to or motion for summary judgment, trial proceed as to how to subpoena
19    the witness, cross examining the witness, jury instructions, presenting the evidence to jury, etc without
20    creating chaos for the presiding judge and the jury. Also, Plaintiff couldn't find any case precendence
21    to give clear guidance as to how these anonymized documents are handled throughout the litigation
22    phases in these circumstances. Furthermore, given the circumstances and the protective order already
23    in place, Plaintiff suggests the information and documents could be protected in a less restrictive
24    manner than an AEO designation, suggesting a "Confidential" designation that allows to view the
25    documents but prohibits the use of the documents and information outside of this lawsuit.

26
27
28

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Dated:  May 15, 2020                    BAKER & McKENZIE LLP


                                        By: /s/ Todd K. Boyer
                                            Todd K. Boyer
                                            Caroline Pham
                                            Attorneys for Defendant
                                            APPLE INC.


Dated:  May 15, 2020


                                        By: /s/Raja Kannan
                                            RAJA KANNAN




## **ATTESTATION**

        Pursuant to Civil L.R. 5-1(i)(3), I, hereby attest that concurrence in the filing of this document

has been obtained from each of the other signatories.


Dated:  May 15, 2020


                                        By: /s/ Todd K. Boyer
                                            Todd K. Boyer

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

12                               Case No 5:17-cv-07305-EJD

JOINT DISCOVERY STATUS REPORT RE AEO DESIGNATIONS