1  Todd K. Boyer, State Bar No. 203132
   todd.boyer@bakermckenzie.com
2  BAKER & McKENZIE LLP
   600 Hansen Way
3  Palo Alto, CA  94304
   Telephone:  +1 650 856 2400
4  Facsimile: +1 650 856 9299

5  Caroline A. Pham, State Bar No. 305080
   caroline.pham@bakermckenzie.com
6  BAKER & McKENZIE LLP
   Two Embarcadero Center, 11th Floor
7  San Francisco, CA 94111
   Telephone: +1 415 576 3078
8  Facsimile: +1 415 576 3099

9  Attorney for Defendant
   APPLE INC.
10
   Raja Kannan, Pro Se Plaintiff
11 2443 Fillmore St #380-4406
   San Francisco, CA 94115
12 Telephone : 408-598-2595
   E-mail: raja.kannan@gmail.com
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No.  5:17-cv-07305-EJD (VKD)<br><br>**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY AND PRE-TRIAL DEADLINES**<br><br>Complaint Filed:　December 26, 2017<br>FAC Filed:　　　　May 10, 2018<br>SAC Filed:　　　　October 19, 2018<br><br>Hearing Date: July 2, 2020<br>Time: 10:00 a.m.<br>Crtrm: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

1                                                                                                Case No 5:17-cv-07305-EJD
**Reply to opposition to PLAINTIFF's MOTION TO CONTINUE EXPERT DISCOVERY AND PRE-TRIAL DEADLINES**

## I. INTRODUCTION

Defendant ("Apple") refused to stipulate to extend the pre-trial deadlines (Dkt.252 at 3:11-14) when the motion to extend expert discovery and the pre-trial deadline was filed by Pro Se Plaintiff ("Kannan") on May 18, 2020 (Dkt.252). On May 21, 2020, both parties were not ready for filing the pre-trial statement, to attend the pre-trial conference and to file any dispositive motions within the earlier set deadlines, hence stipulated to extend the pre-trial deadlines to four weeks (Dkt.257. at 2:15-17), then got it approved and extended by the order (Dkt.261). The Defendant still refused to extend the expert discovery deadline. The Defendant still needs to comply with the recent order related to Plaintiff's AEO ("Attorney's Eyes Only") designated documents access (Dkt.262), as one among several different hindrances to complete the expert discovery. Plaintiff, as mentioned in this initial motion brief (Dkt.252 at 3:5-9) filed a detailed motion to disqualify Defendant's Counsel, impose monetary sanctions and to allow to redo expert discovery based on the series of misconduct and *ex parte* communication by Defendant's Counsel (Dkt. 258). These misconducts had intimidated the witness, tampered the Plaintiff's expert witness, and finally forced him to withdraw from the case. On May 28, 2020, Court issued an order that these both motions (Dkt 252 & Dkt.258) are tentatively set to be heard on July 2, 2020, at 10:00 AM. As such, Plaintiff requests the Court to consider these motions together and to grant to continue expert discovery deadlines, disqualify counsel and impose monetary sanctions as good cause exists.

## II. PLAINTIFF'S REQUEST TO EXTEND THE EXPERT DISCOVERY DEADLINE MUST BE GRANTED DUE TO DEFENDANT'S COUNSEL MISCONDUCT

### A. Plaintiff Was Deprived Of Expert Witness Due to Defendant's Misconduct

Plaintiff's Expert Witness ("Stephenson") was intimidated and forced to withdraw from the case due to the Defendant's Counsel series of misconduct and *ex parte* communication. On May 25, 2020, Plaintiff filed a detailed motion to disqualify Defendant's Counsel, to impose monetary sanctions, and to allow to redo expert discovery based on the series of misconduct and *ex parte* communication by Defendant's Counsel (Dkt. 258). Defendant, conveniently misstating (Dkt. 257 at 2:1-6) the Stephenson's withdrawal email on May 7, 2020, to the reason as to that Plaintiff is not

represented by the attorney is simply presumptuous because when Stephenson sent his withdrawal email to the Defendant's counsel and Plaintiff, he also copied the email to an attorney ("Joe") that Plaintiff identified for limited scope representation to defend his deposition. Even the Defendant's counsel himself acknowledged the email of Stephenson and emailed the attorney asking if he is representing the Plaintiff (Dkt. 258-1., ¶22 Ex., T). Moreover, there are no contractual obligations for Plaintiff to provide an attorney for Stephenson based on the contract (*Id.* ¶1, Exhibit ("Ex.") U.), which otherwise would be a breach of contract. Plaintiff only arranged a limited scope attorney to make Stephenson comfortable at his deposition. (*Id*, ¶21 Ex., S. at 1).

Defendant stipulated to two four-week extensions of the expert discovery and pre-trial deadlines because Defendant was firmly determined not to provide Pro Se Plaintiff with the access to relevant AEO ("Attorney Eyes Only") documents, instead to give Plaintiff's more time to find a counsel since Feb 4, 2020. Additionally, it was also due to the series of events of happened since Feb 25th, like the potential Plaintiff's attorney got hospitalized, Covid-19 situation, and the last-minute litigation funding denial forced Plaintiff to proceed Pro Se (Dkt. 257-1., ¶12 Ex., I. 2-16). Defendant conveniently misstating the reason (Dkt. 257 at 2:7-14) as you can see, both the stipulations (Dkt 235, 237) were initiated and filed by the Defendant. If it's for some other reason, the Defendant could have easily refused to stipulate earlier and use the situation to their advantage, which the Defendant didn't do makes their stated reason is just a pretext. The defendant still needs to comply with the recent order related to Plaintiff's relevant AEO ("Attorney's Eyes Only") designated documents access (Dkt.262) as one among many hindrances to complete the expert discovery even after several discovery dispute issues raised and orders issued (Dkt. 239, 247, 249).

Plaintiff didn't have an opportunity to depose Defendant's rebuttal expert witness as Plaintiff wants to wait and see how the Plaintiff's expert witness deposition go, then supplement with additional information to cure any deficiency in the initial report and then decide whether to take the deposition or cross-examine directly at the trial to avoid the additional cost. Plaintiff had also previously asked about the availability of dates of rebuttal expert deposition.

**Reply to opposition to PLAINTIFF's MOTION TO CONTINUE EXPERT DISCOVERY AND PRE-TRIAL DEADLINES**

**B.      Plaintiff Complied With Discovery Obligations And Access To AEO Documents Is Necessary To Respond To RFP Fully.**

In response to Apple's RFP 3 & Rule 30(b)(5) Notice of Expert Deposition sent on January 3, 2020, Plaintiff responded with an attachment of responsive documents to Defendant's Counsel that are NON-AEO documents which included Stephenson-Kannan's expert witness contract, fee payment and email discussion related to the contract agreement on Feb 17, 2020 (Dkt. 257-1, ¶7 Ex., G. 9), (Id. ¶8 Ex., U). On Apr 28th, 2020 Court issued an Order about Discovery brief RE Apple's AEO designations (Dkt. 239) and also denied the motion to compel the deposition of plaintiff's expert due to Stephenson is a non-party whose testimony and document production can only be compelled by subpoena and that the Defendant had not served a subpoena on Stephenson (Dkt. 247). On Apr 29th, 2020, Defendant's counsel issued the subpoena along with the RFP (Dkt. 257-1, ¶15 Ex., L) to appear and produce the documents on May 18, 2020. On May 1, 2020, Stephenson emailed Defendant's counsel with a subpoena objection letter (Dkt. 257-1, ¶20 Ex., R) as his response to Defendant's subpoena listing all the concerns similar to what he had expressed in his email to Plaintiff (*Id.* ¶18 Ex., O). On May 7, 2020, Stephenson sent an email to Defendant's counsel and Plaintiff stating that he is withdrawing from the case. On May 12, 2020, Plaintiff also sent written objections to the subpoena (Dkt 257-2 at 20, Ex. D). Hence, Defendant claiming that Plaintiff did not produce any AEO documents or not complying with discovery obligations is merely false (Dkt.257 at 3:3-10).

Again, Defendant is conveniently quoting a small set of RFP's in the subpoena that are only non-AEO related. Still, there are RFP's, for example, RFP 13 ("All writings or DOCUMENTS reflecting communications between DEPONENT and Plaintiff's former counsel concerning in this case") (Dkt 258-3 at 92, Ex. I) which requires access to the Plaintiff's former attorney's email communication which may contain AEO document as attachments. Plaintiff needed access to analyze these documents and to create a privilege log if they are attorney-expert/client privileged communication or work-product privileged. Defendant Counsel had used this kind of tactic previously (Dkt 110, 112) to increase the cost, burden the witness by requesting multiple depositions even over the limit of 7 hours if privilege log is not produced timely, even asked for a waiver of a privilege log. Now, he portrays in his brief (Dkt. 257 at 3:3-6) as if he doesn't need certain AEO and privilege information except only later to complain to burden the Plaintiff

and expert witness by his tactic. Defendant also concedes that there are other RFP's that are AEO related but requiring that the Plaintiff's expert witness Stephenson directly respond to Defendant's Counsel. (Dkt. 257 at 3:21-26). This behavior is simply another intimidating tactic used by Defendant's Counsel to undermine the representational ability of Plaintiff and to force unnecessary burden on the expert witness who is not an attorney and for someone who is not contractually obligated and didn't want to assume the liability of responding to the RFP directly.

      **C.**    **Defendant's Request For Denial Of Expert Discovery Extension Is Highly Prejudicial To Plaintiff, And The Delay Is Either Due to Defendant's Counsel Misconduct Or Purely Based Only On Mutual Agreement And Stipulation.**

Ever since the economic damages report disclosed on Dec 18, 2019, claimed damages of more than $3 Million (Dkt. 258-2, ¶2 Ex., V.) and given the circumstances that Plaintiff is just a Pro Se, Defendant engaged in series of unethical conduct with an unlawful intent to burden the expert witness had forced him to withdraw, an ultimate motive achieved to exclude the expert report and the witness eventually, which otherwise was an onerous task for the Defendant to defend against the claims. The series of misconduct, like forcing the expert witness to travel more than 100 miles, trying to take a deposition of an expert witness without any representation, delaying in resolving the AEO matter, etc, had created the burden and delay. Any other delay is purely based on the mutual agreement and stipulation rather than how the Defendant portrays that it's purposeful by Plaintiff in his opposition brief (Dkt 257. at 4:6-5:5). A detailed motion (Dkt.258) was filed in relation to the matter mentioned above, hence requesting the Court to consider that motion together before ruling on this motion separately.

Not allowing the expert discovery to continue is highly prejudicial to the Plaintiff as the damages report is a very critical piece of information to prove Plaintiff's claims and the fact that Plaintiff had spent more than $45,000 in expert discovery so far will be detrimental.

**III.**    **DEFENDANT'S REQUEST TO CHANGE THE TRIAL SETTING DEADLINE WITH AN INTENT TO CHANGE THE ORDER OF THE LITIGATION PHASE SHOULD BE DENIED.**

The Defendant had previously engaged in this similar tactic insisting several times to even

postpone the expert witness deposition until after the dispositive motion is filed and ruled as to use it as a reason to limit the disclosure of relevant AEO documents from Pro Se Plaintiff (Dkt 258-2, ¶12 Ex., J. 13). Postponing the trial setting conference and the statement will deny the opportunity for Plaintiff to present the different issues and pending discovery motions to the Court. Accordingly, this request should be denied.

### IV. REQUEST FOR RELIEF

For the reasons listed above, Plaintiff requests the Court to grant this motion to continue the expert discovery deadlines (Dkt.252) and the other motion to disqualify counsels, law firm for Defendant, to impose monetary sanctions and to allow redo of expert discovery (Dkt 258).

Dated: June 1, 2020

By: */s/ Raja Kannan*
RAJA KANNAN