Todd K. Boyer, State Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

Raja Kannan, Pro Se Plaintiff
2443 Fillmore St #380-4406
San Francisco, CA 94115
Telephone : 408-598-2595
E-mail: raja.kannan@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAJA KANNAN,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 5:17-cv-07305-EJD (VKD)

**PLAINTIFF STATEMENT RE DEFENDANT APPLE INC.'S STATEMENT RE COMPLIANCE PER DKT. 262 (DKT.265)**

Complaint Filed: December 26, 2017
FAC Filed: May 10, 2018
SAC Filed: October 19, 2018

Plaintiff Raja Kannan ("Plaintiff") hereby submit a statement regarding Defendant ("Apple"), Inc's Statement Re Compliance Per DKT. 262 (Dkt. 265) as the Defendant is using the statement approach to bring additional matters to the Court's attention depriving Plaintiff to provide his position and contention on these matters. The Court shouldn't entertain such matters and disallow Defendant to file such things in the future.

**A. Defendant's Request To Extend The Deadline Should Be Denied.**

The Defendant is purposely engaged in delaying tactic on producing the documents related to confidential employee specific information with an intent to prevent the Plaintiff filing any objections to the Order (Dkt.262) per Rule 72 if the need arises. The malicious selection of June 10 deadline is to deprive Plaintiff the opportunity to review the disclosed documents and file objections if needed as the deadline to file any objection will expire at the 14th day from the order issuance date Rule 72(2). Defendant had 8 days to disclose since the Order (Dkt.262) but still failed to produce and the last hour request to extend the deadline is simply a malicious intent and a lame reason that the Court should not allow this gamesmanship. Also, Defendant intent is to continue to drag disclosure of documents until they are ready to file the dispositive motion and disclosing it on the same day along with the dispositive motion depriving Plaintiff of sufficient time to review these documents for disputes/issues and then also filing the opposition to those motions.

**B. Expert Reports Were Not Produced As Per Court Order.**

As per the Order (Dkt.262) The Court directed Apple to review the parties' expert reports, in view of the rulings in this order and the Court's prior orders, to ensure that Apple's redactions are limited to confidential, employee-specific compensation or personnel information. Apple made namesake redactions and still masked critical portion of the expert report like the total damages amount which has nothing to do with confidential employee specific information as shown below:

**A) Redaction not showing the actual damages:**

2013-2019, Total losses are [redacted] using Mr. Goyal as a comparator and [redacted] using Mr. Mukkara as a comparator.

**Table 5.** Shows **Compensation of Mr. Kannan relative to comparators.** Using information from Tables 3 and 4, this table indicates the losses in compensation to Mr. Kannan are [redacted] if using Goyal as a comparator and [redacted] if using Mr. Mukkara as a comparator. The total differences can be broken down as follows:

2019-12-18 Kann... ×

9 / 28 117%

2013-2019, Total losses are $[redacted] using Mr. Goyal as a comparator and $[redacted] using Mr. Mukkara as a comparator.

**Table 5.** Shows **Compensation of Mr. Kannan relative to comparators.** Using information from Tables 3 and 4, this table indicates the losses in compensation to Mr. Kannan are $[redacted] if using Goyal as a comparator and $[redacted] if using Mr. Mukkara as a comparator. The total differences can be broken down as follows:

**B) Namesake Redaction which they did to shows the names compared to one disclosed before:**

Mr. Kannan after 2011 (also, his RSU Vesting Income was $267,152 for years 2012 to 2018); in contrast, [redacted] [5]

**Table 3** is attached and shows **Compensation from Apple: Salary, Bonuses, and RSUs at**

2019-12-18 Kannan v Apple Report expert report (CONFIDENTIAL) (Redacted - 6.3.2020).pdf

2019-12-18 Kann... ×

8 / 28 117%

Mr. Kannan after 2011 (also, his RSU Vesting Income was $267,152 for years 2012 to 2018); in contrast, Mr. Mukkara [redacted] in years [redacted] with [redacted]. Similarly, for Mr. Goyal [redacted] from $[redacted] in [redacted] to $[redacted] in [redacted]. Mr. Mukkara' s [redacted] for [redacted] was [redacted] and Mr. Goyal's [redacted] for years [redacted] years [redacted] was [redacted]. [5]

Defendant is also misstating the facts that the expert had withdrawn, instead he was intimidated by Defendant Counsel's misconduct and was forced to withdraw. A detailed motion (Dkt.258) is filed and a hearing is awaited on July, 2,, 2020 which then doesn't preclude from Defendant disclosing the expert report based on the previous Order (Dkt.262).

Dated: June 5, 2020

By: */s/Raja Kannan*
RAJA KANNAN