Todd K. Boyer, State Bar No. 203132
todd.boyer@bakermckenzie.com
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile: +1 650 856 9299

Caroline A. Pham, State Bar No. 305080
caroline.pham@bakermckenzie.com
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3078
Facsimile: +1 415 576 3099

Attorney for Defendant
APPLE INC.

Raja Kannan, Pro Se Plaintiff
2443 Fillmore St #380-4406
San Francisco, CA 94115
Telephone : 408-598-2595
E-mail: raja.kannan@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | Case No.  5:17-cv-07305-EJD (VKD)<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE UNDER FRCP 72(A) AND L.R. 72-2.**<br><br>Complaint Filed:  December 26, 2017<br>FAC Filed:        May 10, 2018<br>SAC Filed:        October 19, 2018 |

Pro Se Plaintiff   ("Kannan") moves, pursuant to 28 U.S.C. §636(b)(1)(A) and Fed..R.Civ. P.72(a), for this Court to seek relief from the order of the Magistrate Judge VKD of May 27, 2020 related to Discovery Order ACCESS TO THE ATTORNEYS EYES ONLY (AEO) DESIGNATED DOCUMENTS TO THE PLAINTIFF PROCEEDING PRO SE (Dkt. 262).

## I.   RELEVANT FACTS AND PROCEDURAL BACKGROUND

On January 7, 2020, Judge Edward J Davila issued an order granting former Plaintiff's attorney Karen Ford's motion to withdraw, allowing Plaintiff to obtain new counsel. Also mentioned that If Plaintiff chooses to proceed *Pro Se*, Magistrate Judge Virginia K. DeMarchi will determine how to proceed with the AEO ("Attorney's Eyes Only") documents (Dkt.229). Since January 7, 2020, Plaintiff is proceeding *Pro Se* as he is unable to obtain a new counsel ("Kannan Dec." ¶1).

During the discovery phase, Plaintiff through his former attorney filed numerous joint discovery dispute letters and motions to compel to produce documents that were proportionate, probative and relevant to the claims (Dkt.84, 90, 98, 101, 130, 136, 139, 140, 146, 153, 157, 165,166, 179, 186,187, 198). After spending around $125,000 by the Plaintiff for the Defendant side discovery alone, the Defendant finally produced about 6000 pages of documents, out of which around 2548 pages of documents are still designated as AEO as per the Defendant. These documents are directly related or indirectly referenced to the comparator's compensation,  earnings statements, RSU (Restricted Stock Units) awards, performance reviews, offer letter, work information, peer reviews over several years ("Kannan Dec." ¶4, Ex. C). The Defendant also redacted and designated several sections of deposition transcripts of 5 persons as AEO, where the comparator related information was discussed. Damage computations sections of Plaintiff's own economic expert report, and several sections of Defendant's rebuttal expert report were redacted and designated as AEO. These AEO documents holding information are very critical and probative to prove the elements of different claims in this discrimination case.

Plaintiff filed numerous joint discovery disputes and statements related to access to thousands of pages of AEO ("Highly Confidential - Attorney's Eyes Only") designated document that was designated before Plaintiff's former attorney withdrew (Dkt. 239, 249).  Magistrate Judge Virginia K. DeMarchi issued several orders related to the dispute (Dkt. 247, 262). Plaintiff objects to the

**Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge UNDER FRCP 72(a) & L.R. 72-2**

whole of the decision in the most recent Order (Dkt. 262). This ruling is clearly erroneous and contrary to the law without any precedent.

## II.     PLAINTIFF'S REQUEST TO ACCESS AEO DOCUMENTS MUST BE GRANTED.

### A.     Privacy Concerns Outweighs the Relevance/Importance of the Evidence and can be Remedied by a Protective Order.

The entire order (Dkt. 262 ¶¶1,2,3 ) is circling around prohibiting Pro Se Plaintiff's access to the Defendant's designation of several documents as AEO is directly related to the comparator related information[1] or documents that are indirectly referencing the comparator information due to the privacy concern of the individuals. The majority of the Courts had used a protective order to remedy the privacy concerns, which otherwise hamper the ability of Plaintiff to prosecute the claims in these types of discrimination cases. *See*, Soto v. City of Concord, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (" In applying the balancing analysis to the personnel files sought by Plaintiff in the case at bar, it is clear that Plaintiff's need for the documents will outweigh any invasion of Defendants' privacy rights, particularly under the limitations of a carefully crafted protective order. Defendants' privacy interests may be sufficiently protected with the use of a " tightly drawn" protective order, specifying that only Plaintiff, his counsel, and his experts may have access to the material, and that copies of such material will be returned to Defendants at the conclusion of the case. See Kelly, 114 F.R.D. at 662, 666, 671; see Chism, 159 F.R.D. at 535; Hampton, 147 F.R.D. at 231; Miller, 141 F.R.D at 301."). Barella v. Village of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013) ("To be sure, an employer has an " interest in maintaining the confidentiality of employee personnel files." Duck v. Port Jefferson Sch. Dist., No. 07 CV 2224 (ADS)(WDW), 2008 WL 2079916, at *4 (E.D.N.Y. 2008) (Spatt, J.). However, " there is no rigid rule prohibiting discovery of employee personnel files." Id. Indeed, in most cases, a protective order can " appropriately remedy privacy concerns arising from the discovery of personnel records." Id. (citing Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376, 377 n. 2 (S.D.N.Y. 1996)). Here, Judge Wall's order specifically permits the Defendants to redact personal information from the records demanded, thereby attempting to address the Defendants' privacy concerns."). Hence, based

---

[1] Total compensation, earnings statements, RSU (Restricted Stock Units) awards, performance reviews, offer letter, work information, offer letter, peer reviews, etc over several years of comparators.

on the current stipulated protective order (Dkt. 88) of this case which doesn't even have the AEO provision, Plaintiff should be granted access as "Confidential" designation that allows to view and access all the AEO documents which prohibit the use of the documents and information outside of this lawsuit.

**B.  Selective Picking of Comparator Information with Data Transformation in the Name of Anonymization for Privacy is Highly Prejudicial, Disproportionate, and Creates Extreme Hardship in Proving the Elements of The Claim.**

The order statement in paragraph ¶1 allowed Defendant to "cherry-pick" only a few and leaving the majority[2] of the comparator information buried in those AEO documents coupled with the data transformation of that information in the name of anonymization for privacy is highly prejudicial to Plaintiff and creates extreme hardship in proving the elements of the claim. For example, RSU(Restricted Stock Units) Grant in total $ Amount is transformed into a range[3] category by which Plaintiff or Jury will never know whether someone got the maximum RSU Grant on a particular year as per the compensatory guidelines concerning their top ratings as there is enough good reason to believe that the RSU's allotted for the Plaintiff were re-distributed to other comparators with the discriminative intent. Plaintiff discussed the same during the hearing, but the Judge completely ignored and fell for the Defendant's tricky non-joint proposal without understanding the consequences ("Kannan Dec.." ¶3, Ex. B at 31:16-37:4). Plaintiff's case is a discrimination case, and to prove the elements of an adverse employment action, the Plaintiff needs to show proof of substantial disparity and material impact on the conditions of employment. So, in this range category transformation of RSU data which one person who got 67% of RSU and another with 100% of RSU will remain in the same category and not reveal the disparity even though 33% difference is quite substantial. *See Citation,* "Moreover, [defendant]'s actions had a substantial and material impact on the conditions of employment. The refusal to promote [plaintiff] is an adverse employment action under FEHA. There was also a pattern of conduct, the totality of which constitutes an adverse employment action. This

---

[2] Joining Cash Bonus ($) , New HireRSU Grant in ($), Year/Month of Hire, SRP (Salary Range Position) , Performance Bonus ($) , Other Bonus ($), Annual RSU Refresh Grant in ($), Promotion RSU Grant ($), Total RSU UnVested ($), Performance Review Text, Peer Ratings, Self-Ratings, Apple Seed RSU in $, W-2, RSU Value at Vesting, Resumes, Job Posting, Job Description
[3] "Low" represents 1-33% of the maximum amount possible, "medium" represents 34-66% of the maximum amount possible, and "high" represents[4]67-100% of the maximum amount possible.

includes undeserved negative job reviews, reductions in his staff, ignoring his health concerns and acts which caused him substantial psychological harm." (Wysinger v. Automobile Club of Southern California (2007) 157 Cal.App.4th 413, 424 [69 Cal.Rptr.3d 1], internal citations omitted.). This applies to a performance bonus as well. Without actual numbers, it would be difficult for the jury to infer disparity. Additionally, another one of the ignored comparator information like hiring date is crucial as it determines whether someone is eligible for a Performance RSU grant on a specific Fiscal Year. Likewise, there are many examples Plaintiff can show similar need in relation to the comparator information and can show more when he is allowed to review AEO information that are buried in them as Plaintiff relies heavily on the cumulative weight of the circumstantial evidence to prove his claims. *See Citation*, One way for a plaintiff to establish an inference of discrimination is to show that the employer "treated him less favorably than a similarly situated employee outside his protected group." Graham v. Long Island Rail Road, 230 F.3d 34, 39 (2d Cir. 2000). Because an employer engaged in discrimination is unlikely to leave a "smoking gun," Forsyth v. Federation Employment and Guidance Service, 409 F.3d 565, 569 (2d Cir. 2005), a plaintiff usually must rely on the "cumulative weight of circumstantial evidence" when proving bias. Walker v. New York City Department of Corrections, No. 01 Civ. 1116, 2008 WL 4974425, at *10 (S.D.N.Y. Nov. 19, 2008) (quoting Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Case 1:07-cv-03540-LTS-JCF Document 60 Filed 08/13/09 Page 12 of 29 13 Cir. 1991)). There is no employment case law precedence or guideline related to this privacy anonymization, if allowed will create an impossible burden and harm the Plaintiff to proceed further.

### C.   Plaintiff Access To AEO Designated Documents Should Not Be Denied Or Limited Because He is proceeding *Pro Se.*

The order statement on paragraph ¶2 denies access to all the 2458 pages of AEO documents based on that Plaintiff has not stated a specific need for any particular document or information that is not separately addressed by the summary of employee-specific information that Apple will provide in anonymized form ("Kannan Dec.". ¶2, Ex. A at 2:8-13).  The order is erroneous and contrary to the law. Just because Plaintiff is proceeding *Pro Se,* these AEO documents which were produced by Defendant during the discovery based on relevancy, probative & proportionate value can't be suddenly denied now after discovery with the narrowed interpretation of specificity. Besides, Plaintiff also stated the specific

justification[4] as much he could for the need of these documents given the fact that the Plaintiff never saw the contents of the documents and just relying only on the title that the Defendant provided, which the Judge didn't take into consideration ("Kannan Dec.." ¶4, Ex. C at Column "Justification"). *See*, Taser International, Inc. v. Stinger Systems, Inc., No. 2:09-cv-00289-KJD-PAL, at *2 (D. Nev. Oct. 12, 2010) ("The court will enter the proposed form of protective order submitted by counsel for Plaintiff with the exception of Paragraph 5(k) which would preclude Mr. McNulty from having any right of access to "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" information. Mr. McNulty is appearing in this action ***pro se***, and is an attorney."). Here, Mr.Kannan is proceeding as *Pro Se.* Hence*,* he is considered an attorney and should be provided access to the AEO documents similar to what his former attorney had access to as there is no one to represent him except himself. *See*, Schmidt v. Kimberly-Clark Corp., No. 09-C-0643, at *4 (E.D. Wis. Mar. 13, 2013) ("Under the majority rule, upon termination of the attorney-client relationship, the client is presumed to be entitled to full access to the attorney's file on a matter where the attorney represented the client. Id. This rule has also been adopted by the Restatement (Third) of Law Governing Lawyers § 46(2) (2000)"). Accordingly, Mr. Kannan should have access to the former attorney's entire file, including the AEO documents. The privacy concerns outweigh the relevance/importance of evidence buried in those AEO documents. *See Citation,* Lauer v. Longevity Med. Clinic PLLC, No. C13-0860-JCC, at *11 (W.D. Wash. Oct. 29, 2014) ("Second, courts in the Ninth Circuit frequently compel the personnel files of employees in employment discrimination suits, despite privacy concerns, when such is warranted given the balance of the relevance/importance of the evidence against the privacy concerns. See Kerr v. U.S. District Court for the Northern District of Cal., 511 F. 2d 192, 197-98 (9th Cir. 1975).")

## III.    RELIEF REQUESTED

1) An order directing the Plaintiff's former attorney Karen Ford to hand over the entire case file, including the AEO designated documents to prevent any undue delay and burden as good reason exists as mentioned above.

---

[4] Evidence that Apple may have deviated from its normal management procedures & compensation guidelines and to assess under what circumstance these ratings/reviews were given to Plaintiff v. Comparators or not. Acts as an evidence to show substantial disparity, of evidence of differential treatment, evidence of discriminatory comments between plaintiff & comparators, also act as a statistical evidence, and comparative evidence.   6

1

2

3

4   Dated:  June 10, 2020

5

6                                          By: */s/ Raja Kannan*

7                                          RAJA KANNAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge UNDER FRCP 72(a) & L.R. 72-2**