1

2

3

4       UNITED STATES DISTRICT COURT

5       NORTHERN DISTRICT OF CALIFORNIA

6       SAN JOSE DIVISION

7

8   RAJA KANNAN,                        Case No.  5:17-cv-07305-EJD

            Plaintiff,
9                                        **ORDER DENYING PLAINTIFF'S MOTION
                                         TO CONTINUE EXPERT DISCOVERY AND
10      v.                               PRE-TRIAL DEADLINES; DENYING
                                         PLAINTIFF'S MOTION TO DISQUALIFY
11  APPLE INC.,                          DEFENSE COUNSEL, FOR MONETARY
                                         SANCTIONS, AND TO ALLOW A "REDO"
12          Defendant.                   OF EXPERT DISCOVERY**

13                                       Re: Dkt. Nos. 252, 258

14          Before the Court is Plaintiff's motion to continue expert discovery and Plaintiff's motion

15  to disqualify defense counsel.  While Plaintiff filed these as separate motions, they are based on

16  the same grounds.  In each, Plaintiff argues that: (1) defense counsel violated various California

17  Rules of Professional Conduct and (2) this is grounds for the Court to disqualify defense counsel

18  and readjust the discovery deadlines to account for defense counsel's misconduct.  Having

19  considered the Parties' papers, the Court **DENIES** Plaintiff's motions.[1]

20  **I.      BACKGROUND**

21          At the start of this case, Plaintiff was represented by counsel (Karen Ford).  However, in

22  January 2020, this Court granted Plaintiff's counsel's motion to withdraw and Plaintiff has since

23  proceeded pro se.  After this Court granted Ms. Ford's motion to withdraw, Plaintiff's expert,

24

25  _____

    [1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court finds this motion suitable for consideration
26  without oral argument.
    Case No.: 5:17-cv-07305-EJD
27  ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY AND
    PRE-TRIAL DEADLINES; DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE
28  COUNSEL, FOR MONETARY SANCTIONS, AND TO ALLOW A "REDO" OF EXPERT
    DISCOVERY

                                            1

United States District Court
Northern District of California

Stanley Stephenson, PhD, told Plaintiff that he would not be deposed unless Plaintiff provided him with an attorney to "defend the deposition."  This was unknown to Defendant; following Ms. Ford's release, Defendant met and conferred with Plaintiff via telephone or email at least 24 times to try and obtain Stephenson's deposition.

Before Ms. Ford's withdraw, on December 18, 2019, Ms. Ford disclosed Dr. Stephenson as Plaintiff's retained expert for economic damages.  On January 3, 2020, Defendant served Plaintiff with Apple's Request for Production, Set Three ("RFP Set Three") and Notice of Expert Deposition, which set the deposition for Stephenson for January 30, 2020.  *See* Declaration of Todd K. Boyer in Support of Defendant Apple Inc.'s Opposition to Plaintiff's Motion to Disqualify Counsel ("Boyer Decl.") at Ex. A, Dkt. 276-1.

On January 30, 2020, counsel for Defendant met and conferred with Plaintiff regarding Stephenson's deposition and Apple's RFP Set Three.  Plaintiff told defense counsel that Stephenson would not be available until on or after February 17, 2020.  *Id.* ¶¶ 3–4.  The Parties then stipulated to continue various expert discovery deadlines to accommodate for this change.  Dkts. 233, 234.  On February 5, 2020, Stephenson emailed Plaintiff and informed Plaintiff that he refused to travel to California unless Defendant paid him in advance for fees and travel costs.  *See* Declaration of Raja Kannan in Support of Motion to Disqualify Counsel ("Kannan Decl.") at Ex. B, Dkt. 258.  He also told Plaintiff that he did not "want to be deposed anywhere unless protected by an attorney" and that if Plaintiff could not "retain counsel before [he was] deposed, [he] must resign."  *Id.*

On February 10, 2020, the Parties agreed to proceed with Stephenson's deposition for February 19, 2020 in Palo Alto, California and Defendant agreed to pay for Stephenson's reasonable travel expenses and his hourly fees for testimony.  Boyer Decl. ¶ 5, Ex. C.  On February 17, 2020, two days before his scheduled deposition, Stephenson emailed defense counsel and Plaintiff that he "did not wish to appear" for his deposition and was "sending . . . [a] heads

United States District Court
Northern District of California

up." *Id.*, Ex. E.  Defendant agreed to take the deposition off calendar and emailed Plaintiff to ask if Stephenson was withdrawing as an expert.  *Id.*  Plaintiff responded that Stephenson was not withdrawing but was "not comfortable doing a deposition without an attorney representing him." *Id.*

On February 21, 2020, defense counsel again met and conferred with Plaintiff about setting Stephenson's deposition for March 13, 2020.  Plaintiff agreed to provide responses to Defendant's Third RFP by March 10.  *Id.*, Ex. F.  On February 27, Plaintiff told defense counsel that he would confirm the deposition date and that he was in the final stages of engaging an attorney.  *Id.*, Ex. G. On March 2 and 3, Apple's counsel again emailed Plaintiff requesting confirmation of March 13 for Stephenson's deposition, and Plaintiff claimed his potential lawyer was hospitalized.  *Id.*  On March 12, defense counsel emailed Plaintiff and offered to reschedule Stephenson's deposition for March 18, 19, or 20, prior to the discovery cutoff of March 23.  *Id.*  On March 16, Plaintiff advised that he was unable to finalize the agreement with the potential attorney and requested two days to evaluate whether he would engage an attorney.  *Id.*  Defense counsel asked Plaintiff to advise Defendant by March 18 whether he would engage an attorney.  *Id.*  Plaintiff failed to do this and failed to provide his response to Defendant's RFP.  *Id.*  Defense counsel then emailed Plaintiff on March 18 and 19 and offered to stipulate to a continuance of the case management deadlines in a last effort to resolve these issues.  *Id.*, Ex. H.  On March 20, the parties filed a stipulation to continue the deadlines for four weeks.  Dkt. 237; *see also* Dkt. 238 (granting stipulation).

On March 24, defense counsel emailed Plaintiff asking for dates for Stephenson's deposition by April 3, to avoid running up against the expert discovery cutoff of April 20.  Boyer Decl., Ex. I.  Plaintiff did not respond.  On March 27, Defense counsel again emailed Plaintiff, who replied, "you will be soon hearing from my lawyer."  *Id.*  On March 31 and April 1, after not having heard from Plaintiff or an attorney representing Plaintiff, defense counsel again emailed

United States District Court
Northern District of California

1    Plaintiff to request dates for Stephenson's deposition.  *Id.*  Plaintiff responded on April 2 that he

2    needed more time because "everyone is busy and not reachable with the Covid-19 outbreak" and

3    that he would provide Stephenson's availability before the expert discovery cutoff.  *Id.*  On April

4    7, after Defendant still had not heard back from Plaintiff, defense counsel again asked about

5    Stephenson's availability.  *Id.*  Defendant agreed to take Stephenson's deposition via

6    videoconference.  *Id.*  Plaintiff did not respond until Friday April 10, 2020 and stated, for the first

7    time that he would not be retaining an attorney and demanded that the Parties submit a joint

8    discovery brief regarding his access to AEO documents ("AEO Brief")[2] before setting a date for

9    Stephenson's deposition.  *Id.*

10          On April 14, the parties had a telephonic meet and confer call to discuss Stephenson's

11   deposition, Plaintiff's outstanding responses and document production to Defendant's Third RFP,

12   and the Parties' AEO Brief.  Boyer Decl., Ex. J.  The Parties ultimately stipulated to a four-week

13   continuance of the case management deadlines, which the Court granted.  Dkt. 243.

14          Defendant ultimately filed a motion to compel.  Plaintiff then threatened to file a motion

15   with the Court on the basis that Apple was using the Court's Discovery Order to "harass" him on

16   deadlines.  Boyer Decl., Ex. P.  On April 28, the Parties appeared before Judge DeMarchi for the

17   Discovery Hearing regarding the AEO Brief and Motion to Compel.  Dkt. 245.  During the

18   hearing, the court denied Defendant's Motion to Compel because Defendant was required to serve

19   a subpoena on Stephenson (a nonparty witness) in order to compel his deposition and his

20   production of documents.  Judge DeMarchi advised Plaintiff that "as soon as we are done with this

21   call, Apple is going to fix this problem and serve a subpoena on Mr. [Stephenson]" and advised

22   Plaintiff to obtain an attorney for the litigation, or at least to handle the deposition of Plaintiff's

23   expert.  Dkt. 247, April 28, 2020 RT, 25:15-23.

24

25

26   _____
     [2] This Court has already issued an order regarding the AEO documents.  *See* Dkt. 278.
     Case No.: 5:17-cv-07305-EJD
27   ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY AND
     PRE-TRIAL DEADLINES; DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE
28   COUNSEL, FOR MONETARY SANCTIONS, AND TO ALLOW A "REDO" OF EXPERT
     DISCOVERY
                                                    4

United States District Court
Northern District of California

After the hearing before Judge DeMarchi, defense counsel emailed Stephenson and Plaintiff that (1) Stephenson would be subpoenaed for his testimony and documents and (2) requested that Stephenson accept service of the subpoena via email so as to avoid personal service. Boyer Decl., ¶ 33, Ex. R.  Stephenson responded thanking defense counsel for the email and requesting "a day or so to discuss[sic] couple things with Mr. Kannan and his lawyer."  Boyer Decl., ¶ 33, Ex. R.  On April 29, Apple's counsel emailed Plaintiff the Notice of Deposition of Stephenson Pursuant to Subpoena ("Subpoena").  Boyer Decl., ¶ 34, Ex. S.

By April 30, Stephenson and Plaintiff still had not responded accepting service of the subpoena via email, so Defendant personally served the Subpoena on Stephenson.  Federal Rule of Civil Procedure 45 requires two weeks' advance notice to serve a subpoena.  Expert discovery closed on May 18.  Apple thus had only 3 days to locate and serve Stephenson.  The Subpoena noticed Stephenson's deposition and production of documents for May 18, 2020 at defense counsel's office in Palo Alto, with the intent that the deposition be taken via video conference. Boyer Decl. ¶ 35, Ex. U.

On April 30, the Parties had a phone call to discuss Stephenson's deposition and the disclosure of AEO documents.  *Id.* ¶ 38, Ex. W.  After the call, Plaintiff sent an email summarizing the Parties' discussion.  *Id.*  Plaintiff confirmed that the Parties agreed Stephenson's deposition "will be a video deposition even though the Subpoena says the place of deposition is to be at Palo Alto."  *Id.*  Thus, both Plaintiff and Stephenson were advised four hours after service of the subpoena that the deposition would take place via video.  *Id.* ¶ 38, Ex. W; *see also* Kannan Decl., Ex. O (Plaintiff advised Stephenson that "Apple were ok to take a remote deposition").

On April 30, Plaintiff sent another email at 1:18 p.m. asking defense counsel not to communicate directly with Stephenson.  Boyer Decl., ¶ 39, Ex. X.  Plaintiff demanded that any future communications to Stephenson be communicated through Plaintiff and not directly emailed to Stephenson, even if Plaintiff was copied on the email.  *Id.* Apple's counsel clarified that:

1

2

3

> Usually, we don't need to go through this process as experts usually appear, but given the Court's order, we were required to subpoena him. We tried to avoid having him served personally, but without his consent to be served by email, we had no choice but to go through this process. We don't intend to communicate with him directly.

*Id.*, Ex. X.

At 3:31 p.m., on April 30, Stephenson emailed defense counsel and Plaintiff and confirmed that he was served with the Subpoena and provided written objections.  Boyer Decl., Ex. Y.  Stephenson noted that: (1) he could not be compelled to travel from his residence and place of business in Tampa, Florida to Palo Alto because it is more than 100 miles away and noted his concerns with traveling due to the current COVID-19 restrictions and (2) objected to the request for production of native Excel files and formulas as this sought highly confidential trade secrets.  *Id.*  Defense counsel emailed Plaintiff (without cc'ing Stephenson) to respond to Stephenson's written objection.  *Id.* ¶ 41, Ex. Z.  On May 7, defense counsel emailed Plaintiff asking if Plaintiff had informed Stephenson of Apple's response to his written objections with regards to designating certain confidential documents as "Confidential" under the protective order.  *Id.* ¶ 45, Ex. CC.  Defense counsel also asked if Kannan had retained an attorney to represent Stephenson at the deposition.  *Id.*

At 11:41 a.m., on May 7, Stephenson emailed defense counsel directly and copied Plaintiff, Plaintiff's former counsel (Karen Ford), and another attorney named Joseph Klatt.  *Id.*, ¶ 46, Ex. DD.  Stephenson stated that: "Due to a variety of reasons I must withdraw from my work in this case effective immediately. I have already informed Mr. Raja Kannan of my withdrawal, and that I would be communicating this to you directly.  I do not intend to testify, either in deposition or at trial. I am here copying Karen Ford and Joseph Klatt, as I understand they are his former and possibly current legal counsel, respectively."  *Id.*  Defense counsel responded to Stephenson's email, copying Plaintiff, and Joseph Klatt confirming receipt of the notice of withdrawal.  *Id.*  Plaintiff emailed defense counsel and stated that Defendant should not take Stephenson's email as "an office notice of withdrawal" as Plaintiff was working on addressing

United States District Court
Northern District of California

1    Stephenson's concerns and "unwarranted fear" of attending the deposition.  *Id.*  Plaintiff stated

2    that he would personally confirm whether Stephenson was withdrawing, that he had not retained

3    any other counsel, and again requested that counsel for Defendant not contact Mr. Klatt or

4    Stephenson, even if Plaintiff was copied.  *Id.*

5          At 12:58 pm on May 7, defense counsel emailed Plaintiff advising that, if Plaintiff is

6    represented by counsel, he must have his counsel communicate directly with defense counsel.  *Id.*

7    ¶ 49, Ex. DD.  Defense counsel also clarified that Defendant would not withdraw the subpoena for

8    documents even if Stephenson withdrew.  *Id.*  At 5:27 p.m. on May 7, Plaintiff emailed defense

9    counsel and claimed that defense counsels' conduct "intimidated and tampered [with]" Stephenson

10   because: (1) defense counsel contacted Stephenson without Plaintiff's consent or authorization; (2)

11   Defendant issued a subpoena commanding Stephenson to come to Palo Alto, California for his

12   deposition amid the prior agreement to take a remote video deposition due to COVID-19; (3)

13   Defendant issued a subpoena at Stephenson's home in the early morning (8:45am), instead of

14   using Stephenson's business address, to intimidate Stephenson; (4) defense counsel communicated

15   with Mr. Klatt "based on hearsay and assuming things without [Plaintiff's] consent;" (5)

16   Stephenson expressed that Defendant appears to be using tactics to get him to quit and he is

17   feeling that pressure; (6) after Plaintiff informed defense counsel that Stephenson feels he has an

18   obligation to respond to defense counsel, defense counsel failed to make an attempt to instruct

19   Stephenson that he should not be communicating with defense counsel directly, and instead "left

20   the conversation open-ended to manipulate his fear"; and (7) Defendant used "unusual tactics" to

21   prevent Plaintiff from attending the AEO portions of Stephenson's deposition.  *Id.* ¶ 50, Ex. EE.

22         At 5:28 p.m. on May 7, Plaintiff again emailed defense counsel and stated that he did not

23   have an attorney but noted that he was still reviewing if it was possible for him to obtain an

24   attorney to defend Stephenson's deposition in a limited scope to make him feel comfortable.  *Id.*,

25   Ex. DD.  Plaintiff also stated that he would need to confirm Stephenson's withdrawal and resolve

26

27   ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY AND
     PRE-TRIAL DEADLINES; DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE

28   COUNSEL, FOR MONETARY SANCTIONS, AND TO ALLOW A "REDO" OF EXPERT
     DISCOVERY

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the issues surrounding the AEO portions of the expert testimony as well as the "tampering" issues

2    before he responded to defense counsels' statements about not withdrawing the subpoena.  *Id.*

3    Plaintiff also threatened to file a motion for sanctions.  Thereafter, on May 11, defense counsel

4    followed up with Plaintiff regarding whether Stephenson would be testifying, asking for the

5    location of the deposition, and even offering to allow Stephenson to take the deposition in his own

6    home to alleviate his alleged "fear" of a deposition.  *Id.*, Ex. GG.

7         On May 18, 2020, Plaintiff filed an administrative motion to continue expert discovery and

8    pre-trial deadlines.  Plaintiff's Administrative Motion to Continue Expert Discovery and Pre-Trial

9    Deadlines ("Deadline Mot."), Dkt. 252; *see also* Reply re Administrative Motion to Continue

10   Expert Discovery ("Deadline Reply"), Dkt. 264.  Defendant filed an opposition to this motion.

11   Opposition re Administrative Motion to Continue Expert Discovery ("Opp."), Dkt. 258.  On May

12   25, 2020, Plaintiff filed a second administrative motion to disqualify defense counsel, for

13   monetary sanctions, and to allow a "redo" of expert discovery.  Plaintiff's Administrative Motion

14   to Disqualify Counsel ("Mot."); *see also* Reply re Administrative Motion to Disqualify Counsel

15   ("Reply"), Dkt. 280.  Defendant filed a second opposition to this motion.  Opposition re

16   Administrative Motion to Disqualify Counsel ("Opp."), Dkt. 276.  Plaintiff argues in his motions

17   that the above events show that defense counsel violated various California Rules of Professional

18   Conduct and that this is grounds to (1) disqualify defense counsel, (2) sanction counsel, and (3)

19   redo discovery.

20   **II.    LEGAL STANDARD**

21        Federal courts apply state law in determining matters of disqualification.  *Reading Int'l,*

22   *Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1049 (9th Cir. 2016); *see also Nicholson v. Accumax*

23   *Holdings, Inc.*, 2019 WL 4228376, at *1 (C.D. Cal. June 3, 2019) ("Federal courts apply the

24   relevant state law to determine motions to disqualify an attorney.").

25

26

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY AND
PRE-TRIAL DEADLINES; DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE
COUNSEL, FOR MONETARY SANCTIONS, AND TO ALLOW A "REDO" OF EXPERT
DISCOVERY

United States District Court
Northern District of California

### III.   DISCUSSION

Plaintiff bases his motion for disqualification on defense counsel's communication with Stephenson—specifically, Plaintiff argues that it was improper for defense counsel (1) to serve Stephenson with a subpoena at his home, (2) for the subpoena to list Palo Alto as the place of deposition, and (3) for defense counsel to email Stephenson directly.  These reasons do not present adequate grounds to sanction defense counsel or to redo discovery.

First, there is *no* ethical rule that presents defense counsel from directly consulting with an expert.  Plaintiff cites ethical rules that prevent counsel from consulting with a represented person.  *See* Mot. at 10–11.  In the alternative, Plaintiff argues that, even while no ethical rule directly prevents opposing counsel from consulting with an adversary's expert, various cases have held such ex parte contact to be sanctionable.  Plaintiff overstates these cases.  In *Erickson v. Newmar Corp.*, a case that Plaintiff relies on, defense counsel was found to have acted unethically after counsel *offered to hire* the pro se plaintiff's expert. 87 F.3d 298, 302 (9th Cir. 1996).  *Erickson*, however, contemplated that counsel may contact opposing expert witnesses pursuant to the "limited and controlled" process of discovery.  *Id.* at 301–02.  Here, defense counsel only contacted Mr. Stephenson to ask if he would accept service of the subpoena by email.  Federal Rule of Civil Procedure 45(b) requires subpoenas to be personally served; thus, only Mr. Stephenson could waive the requirement of personal service.  *See Newell v. Cty. of San Diego*, 2013 WL 4774767 *2 (S.D. Cal. Sept. 5, 2013).  This contact thus fits comfortably within the type of communication discussed in *Erickson*.  Moreover, the type of communication at issue here (emailing to confirm withdrawal and waiver of service) is completely different from actionable conduct discussed in *Erickson*.

Second, to the extent Plaintiff argues the subpoena itself was improper as it "intimidated" Stephenson, Judge DeMarchi specifically instructed Plaintiff that Defendant would subpoena Stephenson.  The Court will not sanction defense counsel for properly using the Federal Rules of

1    Civil Procedure.

2          Third, while the Court understands Plaintiff's concerns about Stephenson being personally

3    served at his home, the Court also recognizes that, in light of COVID-19, defense counsel had no

4    choice but to serve Stephenson at his home due to shelter-in-place orders.

5          Fourth, even while the subpoena listed Palo Alto as the place for the deposition, as noted

6    above, defense counsel told Plaintiff (who told Stephenson) that the deposition would be done via

7    video due to COVID-19.  Indeed, defense counsel attempted to work with Plaintiff to help ease

8    Stephenson's concerns, which appear to be rooted in Plaintiff's failure to provide an attorney to

9    defend the deposition.  That Plaintiff's contract with Stephenson did not mandate an attorney is

10   irrelevant.

11         Fifth, defense counsel had an ethical obligation to contact Mr. Klatt and confirm that he

12   was not representing Plaintiff.  As Plaintiff notes in his motion, the ethical rules prevent defense

13   counsel from directly contacting a represented party.

14         Finally, Plaintiff seemingly blames defense counsel for not informing Stephenson that he

15   did not have an obligation to email defense counsel.  This is confusing—Plaintiff argues it was

16   unethical for defense counsel to directly contact Stephenson, but then simultaneously argues

17   defense counsel behaved unethically by *not* contacting Stephenson.  Regardless, Plaintiff provides

18   no rule or case that would require defense counsel to contact Stephenson and tell him that he need

19   not contact defense counsel.

20         Accordingly, because Plaintiff has not shown this Court that defense counsel engaged in

21   unethical conduct, Plaintiff's motion to disqualify defense counsel is **DENIED.**  For this same

22   reason, Plaintiff's request for sanctions and to "redo" expert discovery based on defense counsel's

23   malfeasance is also **DENIED.**  Finally, because Plaintiff has not presented the Court with cause to

24   extend the discovery deadlines, his request to extend discovery is also **DENIED.**

25

26

United States District Court
Northern District of California

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's motions to continue expert discovery and to disqualify and sanction defense counsel are **DENIED.**

**IT IS SO ORDERED.**

Dated: July 2, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-07305-EJD
ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE EXPERT DISCOVERY AND
PRE-TRIAL DEADLINES; DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE
COUNSEL, FOR MONETARY SANCTIONS, AND TO ALLOW A "REDO" OF EXPERT
DISCOVERY