| | |
|---|---|
| 1 | Todd K. Boyer, State Bar No. 203132 |
| | todd.boyer@bakermckenzie.com |
| 2 | BAKER & McKENZIE LLP |
| | 600 Hansen Way |
| 3 | Palo Alto, CA  94304 |
| | Telephone: +1 650 856 2400 |
| 4 | Facsimile: +1 650 856 9299 |
| 5 | Caroline A. Pham, State Bar No. 305080 |
| | caroline.pham@bakermckenzie.com |
| 6 | BAKER & McKENZIE LLP |
| | Two Embarcadero Center, 11th Floor |
| 7 | San Francisco, CA 94111 |
| | Telephone: +1 415 576 3078 |
| 8 | Facsimile: +1 415 576 3099 |
| 9 | Attorney for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJA KANNAN, | Case No.  5:17-cv-07305-EJD (VKD) |
| Plaintiff, | **DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| v. | |
| APPLE INC., | |
| Defendant. | Date:     August 27, 2020 |
| | Time:     11:00 a.m. |
| | Ctrm:    4 (5th Floor) |
| | Judge:   Hon. Edward J. Davila |
| | Complaint Filed: December 26, 2017 |
| | FAC Filed: May 10, 2018 |
| | SAC Filed: October 19, 2018 |

Case No 5:17-cv-07305-EJD

DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

I, Brian Carr, hereby declare and state:

1.  I am an adult over the age of eighteen (18) years. I am currently employed as the Corporate Employee Relations Business Partner for Defendant Apple Inc. ("Apple"). I have personal knowledge of the facts stated herein. I have been employed with Apple since July 2013. I have been employed in a Human Resources or Employee Relations capacity for various entities for about 20 years of my professional career. If called as a witness, I could and would competently testify to the facts and other matters stated herein, except those matters stated on information and belief. As to any matters stated on information and belief, I am informed and believe, after reasonable inquiry, that such matters are true and correct.

2.  Apple is an equal opportunity employer and strictly prohibits discrimination in recruitment, hiring, or promotion on the basis of physical or mental disability (among other protected bases). A true and correct copy of Apple's Equal Employment Opportunity Policy is attached hereto as **Exhibit A** and produced in this litigation as APL-KANNAN_00000254. Apple also strictly prohibits retaliation against employees who raise a complaint of discrimination or request a leave of absence or reasonable accommodation in accordance with Apple's policies.

3.  Apple has specific policies to provide reasonable accommodations to employees with disabilities and a Job Accommodation Request Form that employees can submit to request a reasonable accommodation. A true and correct copy of Apple's Reasonable Accommodation Policy is attached hereto as **Exhibit B** and produced in this litigation as APL-KANNAN_00000161 - APL-KANNAN_00000165. These policies and the Job Accommodation Request Form were accessible and available to Raja Kannan throughout the relevant time period. Mr. Kannan never submitted a completed Job Accommodation Request Form to Apple during the time he worked at Apple's offices in California.

4.  Apple also maintains policies that provide for unpaid family leave and paid family care leave, which were available to Mr. Kannan on Apple's HR Web during the time he worked at Apple's offices in California. Apple's Unpaid Family Leave policy provides eligible employees with unpaid statutory family leaves under the Family and Medical Leave Act (FMLA), California Family Rights Act (CFRA), or other state and local family leaves. Apple's Paid Family Care also provides up to four

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1                                        Case No 5:17-cv-07305-EJD
DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

weeks of fully paid time off to care for a covered family member, including children, with a serious illness. These policies advise that employees should notify Sedgwick, Apple's leave and disability administrator, to request a leave. A true and correct copy of Apple's Unpaid Family Leave Policy and Paid Family Care is attached hereto as **Exhibit C** and produced in this litigation as APL-KANNAN_00000101 - APL-KANNAN_00000116, APL-KANNAN_00000139 - APL-KANNAN_00000153. Mr. Kannan never submitted a request for any type of a medical leave of absence in accordance with Apple's policies.

5. Apple evaluates employees on an annual basis using three criteria: (1) Teamwork, (2) Innovation, and (3) Results. For each of these criteria, employees may be rated: (1) "Exceeded Expectations," (2) "Achieved Expectations," (3) "Expected More," or (4) "Too New to Evaluate." An "Achieved Expectations" rating equates to consistent performance at the high level expected of employees at Apple. These individuals always deliver to the high expectations of the role, consistently deliver reliable and valuable contributions, and expand their skills and knowledge to achieve at increasingly higher levels. An "Exceeded Expectations" rating equates to consistent performance above the high level expected of the role. Individuals who "Exceed Expectations" consistently deliver much more than expected, surprise and delight colleagues and customers, and grow in the role rapidly through constant learning and improvement. A true and correct copy of Apple's Performance Reviews Policy is attached hereto as **Exhibit D** and produced in this litigation as APL-KANNAN_00000156- APL-KANNAN_00000157.

6. For Fiscal Year ("FY") 2012, Mr. Kannan rated himself as "Exceeded Expectations" in all three performance categories. His manager at the time, Piyush Patel, rated him as "Exceeded Expectations" in Teamwork and "Achieved Expectations" in Innovation and Results. A true and correct copy of Mr. Kannan's 2012 Performance Reviews is attached hereto as **Exhibit E** and produced in this litigation as APL-KANNAN_00000078- APL-KANNAN_00000082.

7. For FY 2012, Mr. Kannan received a merit-based salary increase of 4.0% to $122,720 and an Annual Performance Bonus of $8,000. Mr. Kannan did not receive any Discretionary RSUs as a result of his 2012 performance review. A true and correct copy of Mr. Kannan's summarized

2     Case No 5:17-cv-07305-EJD
DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

bonuses from FY 2012 - FY 2019 is attached hereto as **Exhibit F**, and produced in this litigation as APL-KANNAN-V2_00005395- APL-KANNAN-V2_00005400; *See* Exhibit N.

8. For FY 2013, Mr. Kannan again rated himself as "Exceeded Expectations" in all three categories. His manager at the time, Anil Chandran, rated him as only "Achieved Expectations" for all three categories. A true and correct copy of Mr. Kannan's 2013 Performance Review is attached hereto as **Exhibit G** and produced in this litigation as APL-KANNAN_00000062 - APL-KANNAN_00000064. Kannan received a 4.0% salary increase to $127,629, but no Annual Performance Bonus or Discretionary RSUs. *See* **Exhibits F, N**.

9. In late October 2015, Mr. Kannan spoke with Human Resources about his unhappiness regarding his 2015 performance review and compensation. His complaint was assigned to me, and I spoke with Mr. Kannan on two occasions in early November and early December 2015 to discuss his concerns. Mr. Kannan mentioned that he had concerns about his compensation and claimed that he was generally "discriminated against" but failed to mention anything specific such as any comments which he felt were discriminatory. A true and correct copy of my correspondence with Mr. Kannan is attached hereto as **Exhibit H** and produced in this litigation as KANNAN 125-KANNAN 130.

10. After my two discussions with Mr. Kannan, he submitted a written complaint to Apple Business Conduct, one of the avenues Apple employees may make complaints, in December 2015. In his complaint to Business Conduct, Mr. Kannan mentioned his "belief" that Joseph Kotni discriminated against him with regards to his promotion, pay increase, and bonuses as a result of his association with his son's autism. However, like his complaint to HR and me, Mr. Kannan did not provide any alleged statements he felt were discriminatory. He instead alleged that Mr. Kotni is from India, and Indian culture has "a lot of misconceptions, stereotypes, and discriminatory attitudes towards people with mental disorders such as Autism and family members of those individuals." A true and correct copy of Mr. Kannan's Business Conduct Complaint is attached hereto as **Exhibit I** and produced in this litigation as APL-KANNAN_00000463- APL-KANNAN_00000467.

11. In response to Mr. Kannan's internal complaint, I conducted a thorough investigation into his allegations, including a review of Mr. Kannan's performance reviews and compensation, the performance reviews and compensation of the other individuals on Mr. Kotni's team, and interviewing

3   Case No 5:17-cv-07305-EJD
DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT
Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Mr. Kotni. However, I was unable to substantiate Mr. Kannan's claims. A true and correct copy of my Investigation Summary is attached hereto as **Exhibit J**, and produced in this litigation as APL-KANNAN_00003059- APL-KANNAN_00003060.

12. When Mr. Kannan transferred to the role of Requirements Engineer, Maps, in April 2018, his salary remained the same at $142,000 while he was at the Maps Field Operations Team in the United States until he moved to the team in India in May 2017, when his salary was adjusted based on the local cost of labor in India. A true and correct copy of Mr. Kannan's Accepted Internal Offer is attached hereto as **Exhibit K** and produced in this litigation as APL-KANNAN_00000026.

13. For FY 2017, Mr. Kannan again rated himself as "Exceeded Expectations" in all three categories. His manager at the time, Ingo Schurr, rated him as "Achieved Expectations" in Teamwork and Innovation, and "Exceeded Expectations" in Results. A true and correct copy of Mr. Kannan's 2013 Performance Reviews is attached hereto as **Exhibit L**, and produced in this litigation as APL-KANNAN_00000031 - APL-KANNAN_00000042.

14. In October 2019, I investigated whether certain files on Mr. Kannan's Apple-provided computer violate Apple policy. As part of the investigation, I spoke to a number of individuals and reviewed the files from a back-up taken of Mr. Kannan's computer. Based on my investigation, I concluded Mr. Kannan worked on non-work-related apps during the time he reported to Mr. Kotni. A true and correct copy of my October 30, 2019, Investigation Summary is attached hereto as **Exhibit M** and produced in this litigation as APL-KANNAN_00005723- APL-KANNAN_00005726.

15. A true and correct copy of an anonymized summary of the performance review ratings, job level designations, and compensation (████████████████████████████████████████████████████████████████████████) for the employees on Joseph Kotni's team from 2011 to 2018 for the years Apple has available and are relevant to Kannan's claims, the dates of an employee's transfer to or from Mr. Kotni's team, and whether Mr. Kotni was the reviewing manager for the employee in a given year, which was produced pursuant this Court's May 27, 2020 order (Dkt. No. 262 ) is attached hereto as **Exhibit N** and produced in this litigation as APL-KANNAN_00005775- APL-KANNAN_00005776.

4      Case No 5:17-cv-07305-EJD
DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of July, 2020, in San Francisco, California.

*Brian Carr*

Brian Carr

5     Case No 5:17-cv-07305-EJD

Baker & McKenzie LLP
600 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

DECLARATION OF BRIAN CARR IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT